IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 10-cv-02862-REB-KLM

VICTORIA CARBAJAL, and
DEAN CARBAJAL,

Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS,
MONTROSE COUNTY BOARD OF COUNTY COMMISSIONERS,
GUNNISON COUNTY BOARD OF COUNTY COMMISSIONERS,
MANDY ALLEN,
STEVEN PATRICK,
JAMES SCHUM,
CHARLES GREENACRE,
SANDRA MILLER,
JEFF HERRON,
MYRL SERRA,
SHERRI PRICE,
DEPUTY DISTRICT ATTORNEY KRAMER,
CITY OF DELTA,
MONTROSE PROBATION DEPARTMENT,
DELTA PROBATION DEPARTMENT,
CAROL WARNER,
DAVID ROMERO,
JOE QUINTANA,
UNKNOWN MONTROSE PROBATION OFFICER,
ADAMS COUNTY PROBATION DEPARTMENT,
ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS,
UNKNOWN ADAMS COUNTY PROBATION OFFICER,
BETH VALERIO,
DELTA SHERIFF DEPARTMENT,
UNKNOWN DELTA SHERIFF,
BILL RAILEY,
CHRIS WELDON,
DEPUTY HATCH,
B. WOLFE,
B. SHROEDER,
CITY OF DENVER,
DENVER POLICE DEPARTMENT,

DENVER CHIEF OF POLICE,
GILBERTO LUCIO,
UNKNOWN DENVER POLICE OFFICER 1,
UNKNOWN DENVER POLICE OFFICER 2,
UNKNOWN DENVER POLICE OFFICER 3,
UNKNOWN DENVER POLICE OFFICER 4,
UNKNOWN DENVER POLICE OFFICER 5,
UNKNOWN DENVER POLICE OFFICER 6,
UNKNOWN DENVER POLICE OFFICER 7,
UNKNOWN DENVER POLICE OFFICER 8,
UNKNOWN DENVER POLICE OFFICER 9,
COLORADO DEPARTMENT OF CORRECTIONS,
UNKNOWN SUPERIOR CORRECTIONAL OFFICER,
UNKNOWN CORRECTIONAL OFFICER 1,
UNKNOWN CORRECTIONAL OFFICER 2,
CITY OF WESTIMINSTER,
WESTMINSTER POLICE DEPARTMENT,
WESTMINSTER CHIEF OF POLICE,
UNKNOWN WESTMINSTER POLICE OFFICER 1,
UNKNOWN WESTMINSTER POLICE OFFICER 2,
CITY OF ARVADA,
ARVADA POLICE DPARTMENT,
ARVADA CHIEF OF POLICE,
PATRICK MEESTER,
A.J. DEANDREA,
JOURDAN LOPEZ-BASGALL,
UNKNOWN ARVADA POLICE OFFICER 1, and
UNKNOWN ARVADA POLICE OFFICER 2, defendants are being sued in their individual and official capacities, jointly and severally,

Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Leave to Amend Complaint** [Docket No. 24; Filed February 9, 2011] (the "Motion"). On January 7, 2011, the Court ordered that "on or before February 7, 2011, Plaintiffs shall either (1) file a response to Defendants' Motions to Dismiss [Docket Nos. 6 & 11], or (2) file a motion to

amend their Complaint [Docket No. 1] that includes a proposed amended complaint as an attachment."[1]  *Minute Order* [Docket No. 17] at 2.  Plaintiffs filed their Motion on February 9, 2011, two days after the expiration of the deadline set by the Court.  The Motion is therefore untimely.  However, the Court notes that Plaintiffs executed the Motion on February 5, 2011, before the deadline expired.  Because Plaintiffs are proceeding *pro se*, and because they represent that Defendants do not oppose the Motion, *see Motion* [#24] at 2, the Court excuses the Motion's untimeliness.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiffs' Amended Complaint [Docket No. 24-1] and its attached "Declaration of Truth" [Docket Nos. 24-2 – 24-4] for filing as of the date of this Minute Order.

IT IS FURTHER **ORDERED** that those Defendants who have already been served and entered their appearances in this case shall answer or otherwise respond to Plaintiffs' Amended Complaint [#24-1] on or before **March 7, 2011**.

IT IS FURTHER **ORDERED** that Plaintiffs must serve the summons and Amended Complaint [#24-1] on any Defendants who have not yet been served in this case on or before **March 23, 2011**.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  These Defendants must answer or otherwise respond to the Amended Complaint within 21 days

---

[1] After issuance of the Minute Order [#17] on January 7, 2011, Defendants Charles Greenacre, Montrose Probation Department, Delta Probation Department, Carrol Warner, and David Romero also filed a Motion to Dismiss [Docket No. 18].

after being served with the summons and Amended Complaint pursuant to Fed. R. Civ. P. 12(a)(1)(A)(I).

IT IS FURTHER **ORDERED** that Defendants' Motions to Dismiss [# 6, 11 & 18] are **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated: February 10, 2011

BY THE COURT:

  s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge