IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 10-cv-02862-REB-KLM

VICTORIA CARBAJAL, and
DEAN CARBAJAL,

Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS,
MONTROSE COUNTY BOARD OF COUNTY COMMISSIONERS,
GUNNISON COUNTY BOARD OF COUNTY COMMISSIONERS,
MANDY ALLEN,
STEVEN PATRICK,
JAMES SCHUM,
CHARLES GREENACRE,
SANDRA MILLER,
JEFF HERRON,
MYRL SERRA,
SHERRI PRICE,
DEPUTY DISTRICT ATTORNEY KRAMER,
CITY OF DELTA,
MONTROSE PROBATION DEPARTMENT,
DELTA PROBATION DEPARTMENT,
CAROL WARNER,
DAVID ROMERO,
JOE QUINTANA,
UNKNOWN MONTROSE PROBATION OFFICER,
ADAMS COUNTY PROBATION DEPARTMENT,
ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS,
UNKNOWN ADAMS COUNTY PROBATION OFFICER,
BETH VALERIO,
DELTA SHERIFF DEPARTMENT,
UNKNOWN DELTA SHERIFF,
BILL RAILEY,
CHRIS WELDON,
DEPUTY HATCH,
B. WOLFE,
B. SHROEDER,
CITY OF DENVER,
DENVER POLICE DEPARTMENT,

DENVER CHIEF OF POLICE,
GILBERTO LUCIO,
LAURIE FREUND,
JEFFREY WATTS,
UNKNOWN DENVER POLICE OFFICER 1,
UNKNOWN DENVER POLICE OFFICER 2,
UNKNOWN DENVER POLICE OFFICER 3,
UNKNOWN DENVER POLICE OFFICER 4,
UNKNOWN DENVER POLICE OFFICER 5,
UNKNOWN DENVER POLICE OFFICER 6,
UNKNOWN DENVER POLICE OFFICER 7,
UNKNOWN DENVER POLICE OFFICER 8,
UNKNOWN DENVER POLICE OFFICER 9,
COLORADO DEPARTMENT OF CORRECTIONS,
UNKNOWN SUPERIOR CORRECTIONAL OFFICER,
UNKNOWN CORRECTIONAL OFFICER 1,
UNKNOWN CORRECTIONAL OFFICER 2,
CITY OF WESTMINSTER,
WESTMINSTER POLICE DEPARTMENT,
WESTMINSTER CHIEF OF POLICE,
UNKNOWN WESTMINSTER POLICE OFFICER 1,
UNKNOWN WESTMINSTER POLICE OFFICER 2,
CITY OF ARVADA,
ARVADA POLICE DEPARTMENT,
ARVADA CHIEF OF POLICE,
PATRICK MEESTER,
A.J. DEANDREA,
JOURDAN LOPEZ-BASGALL,
UNKNOWN ARVADA POLICE OFFICER 1,
GREGORY SULLIVAN,
UNKNOWN ARVADA POLICE OFFICER 2, defendants are being sued in their individual and official capacities, jointly and severally,

Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Petition to Serv [sic] Defendants by United States Marshals** [Docket No. 54; Filed March 8, 2011] (the "Motion").

The Court finds that Plaintiffs have failed to justify entry of an order requiring the United States Marshal to serve any Defendants in this case. Because Plaintiffs have paid their filing fee and are not proceeding *in forma pauperis*, they have an obligation to first "seek service by private means whenever feasible rather than impose the burden on the Marshal's Service." Advisory Committee Notes for Fed. R. Civ. P. 4, 93 F.R.D. 255, 262 (1981).[1] Moreover, "court orders directing service by marshal should not be issued unless they are *really* necessary." *Id.* (emphasis added). Manifestly, there are dozens of private process servers for hire in Colorado and elsewhere. A website named "Serve-now.com" lists no fewer than two hundred in Colorado alone. Plaintiffs offer no explanation for why they cannot use a private process server. It is unclear from Plaintiffs' pleadings whether they have in fact hired a process server at this juncture. If they have failed to hire a process server, this failure is puzzling given that they state that they are willing to "pay for expenses" incurred by the United States Marshal if the Court orders him to serve any Defendants. *Motion* [#54] at 1.

It is clear that Plaintiffs have not exhausted every feasible means available to them to accomplish service on Defendants. While the Court appreciates the difficulties encountered by Plaintiffs, they must demonstrate that they have made additional efforts to effect service before the Court will require the United States Marshal to do so. To the extent that this case presents unusual challenges to accomplishing service of all Defendants, the Court notes that Plaintiffs' lack of discretion in naming sixty-four

---

[1] As Plaintiffs are not proceeding *in forma pauperis* and neither of them is a seaman, the decision whether to order the United States Marshal to serve the Summons and Complaint is left to the sound discretion of the Court. Fed. R. Civ. P. 4(c)(3); *see Brewer v. Ray*, 181 F. App'x 563, 566 (7th Cir. 2006) (noting that prisoner not entitled to Marshal service where he was not proceeding *in forma pauperis*).

Defendants is at least partly to blame.

As with Plaintiffs' Motion for Permission to Serve by Alternative Means [Docket No. 36], the instant Motion [#54] "appears to the Court to be an effort to circumvent [Plaintiffs' service obligations] because complying with them might be time consuming, costly, or even difficult." *Order* [Docket No. 58] at 5. "Plaintiffs are voluntary litigants, and they 'chose to pursue [their] claims knowing that affirmative efforts to prosecute [their] case would be required.'" *Id.* (quoting *Nagim v. Equifax Info. Servs., LLC*, No. 09-cv-02428-PAB-KLM, 2010 WL 1960151, at *1 (D. Colo. May 14, 2010) (unreported decision)). "'To the extent that Plaintiff[s] ask to be relieved of that responsibility, the Motion is not well taken.'" *Id.* (quoting *Nagim*, 2010 WL 1960151, at *1).

At this time, the Court concludes that Plaintiffs have not shown that an order requiring the United States Marshal to effect service of any Defendants is warranted. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#54] is **DENIED**.

DATED: March 14, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge