IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 10-cv-02862-REB-KLM

VICTORIA CARBAJAL, and
DEAN CARBAJAL,

Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS,
MONTROSE COUNTY BOARD OF COUNTY COMMISSIONERS,
GUNNISON COUNTY BOARD OF COUNTY COMMISSIONERS,
MANDY ALLEN,
STEVEN PATRICK,
JAMES SCHUM,
CHARLES GREENACRE,
SANDRA MILLER,
JEFF HERRON,
MYRL SERRA,
SHERRI PRICE,
DEPUTY DISTRICT ATTORNEY KRAMER,
CITY OF DELTA,
MONTROSE PROBATION DEPARTMENT,
DELTA PROBATION DEPARTMENT,
CAROL WARNER,
DAVID ROMERO,
JOE QUINTANA,
UNKNOWN MONTROSE PROBATION OFFICER,
ADAMS COUNTY PROBATION DEPARTMENT,
ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS,
UNKNOWN ADAMS COUNTY PROBATION OFFICER,
BETH VALERIO,
DELTA SHERIFF DEPARTMENT,
UNKNOWN DELTA SHERIFF,
BILL RAILEY,
CHRIS WELDON,
DEPUTY HATCH,
B. WOLFE,
B. SHROEDER,
CITY OF DENVER,
DENVER POLICE DEPARTMENT,

DENVER CHIEF OF POLICE,
GILBERTO LUCIO,
LAURIE FREUND,
JEFFREY WATTS,
UNKNOWN DENVER POLICE OFFICER 1,
UNKNOWN DENVER POLICE OFFICER 2,
UNKNOWN DENVER POLICE OFFICER 3,
UNKNOWN DENVER POLICE OFFICER 4,
UNKNOWN DENVER POLICE OFFICER 5,
UNKNOWN DENVER POLICE OFFICER 6,
UNKNOWN DENVER POLICE OFFICER 7,
UNKNOWN DENVER POLICE OFFICER 8,
UNKNOWN DENVER POLICE OFFICER 9,
COLORADO DEPARTMENT OF CORRECTIONS,
UNKNOWN SUPERIOR CORRECTIONAL OFFICER,
UNKNOWN CORRECTIONAL OFFICER 1,
UNKNOWN CORRECTIONAL OFFICER 2,
CITY OF WESTMINSTER,
WESTMINSTER POLICE DEPARTMENT,
WESTMINSTER CHIEF OF POLICE,
UNKNOWN WESTMINSTER POLICE OFFICER 1,
UNKNOWN WESTMINSTER POLICE OFFICER 2,
CITY OF ARVADA,
ARVADA POLICE DEPARTMENT,
ARVADA CHIEF OF POLICE,
PATRICK MEESTER,
A.J. DEANDREA,
JOURDAN LOPEZ-BASGALL,
UNKNOWN ARVADA POLICE OFFICER 1,
GREGORY SULLIVAN,
UNKNOWN ARVADA POLICE OFFICER 2, defendants are being sued in their individual and official capacities, jointly and severally,

Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Extension of Time to Complete Service** [Docket No. 43; Filed March 4, 2011] and **Motion for Extension of**

**Time to Respond to Defendants [sic] Motions to Dismiss and Stay of Proceedings** [Docket No. 56; Filed March 8, 2011]. The former seeks an order extending the deadline for Plaintiffs to complete service of Defendants to June 21, 2011. The latter seeks three types of relief: (1) an order extending the deadline for Plaintiffs to respond to the pending Motions to Dismiss [Docket Nos. 31, 34, 38, 39, 40, 41, 45, 49, 50, 51 & 52] to April 22, 2011; (2) an order granting Plaintiffs leave to amend their Amended Complaint [Docket No. 27]; and (3) an order staying all proceedings in this case until all Defendants have been served. The Court considers the Motions in turn.

Plaintiffs filed this lawsuit on November 23, 2010. *Complaint* [Docket No. 1]. Pursuant to Fed. R. Civ. P. 4(m), the deadline for completing service of Defendants named in the original Complaint [#1] is March 23, 2011. Plaintiffs seek an extension of this deadline to June 21, 2011. *Motion for Extension of Time to Complete Service* [#43] at 2 (seeking a "90 day extension to effectuate service"). Plaintiffs contend that there is good cause for granting an extension for the following reasons: (1) there are a large number of Defendants to be served; (2) the fact that some Defendants have been improperly served is not attributable to any fault of Plaintiffs; (3) Defendants have engaged in "misleading and deceptive conduct"; (4) Defendants are evading service; (5) Plaintiffs are *pro se* and have diligently attempted service; (6) the cost of effecting service is burdensome to Plaintiffs; (7) Plaintiffs would be "severely prejudiced" by a dismissal of any Defendant; (8) Defendants are all aware of this action; and (9) Defendants "will in no way be burdened by an extension of time to effectuate service." *Id.* at 3-4.

The Court must "extend the time for service for an appropriate period" upon a showing of good cause. Fed. R. Civ. P. 4(m). In this case, the Court finds that Plaintiffs

have demonstrated good cause for a 90-day extension of the deadline for completing service of all Defendants named in the original Complaint [#1].  This finding is primarily based on the Court's concern that Plaintiffs may be prejudiced if their claims against Defendants who remain unserved as of March 23, 2011 are dismissed.  Although dismissal of claims pursuant to Rule 4(m) is without prejudice, Plaintiffs may be precluded from reasserting dismissed claims by operation of the relevant statute of limitations.  To avoid this situation, a 90-day extension of the service period is warranted.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion for Extension of Time to Complete Service [#43] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiffs must complete service of all Defendants named in the original Complaint [#1] on or before **June 21, 2011**.

IT IS FURTHER **ORDERED that no further extensions of the deadline for completion of service will be granted.**

IT IS FURTHER **ORDERED that, pursuant to Fed. R. Civ. P. 4(m), the Court will recommend dismissal of Plaintiffs' claims against any Defendants named in the original Complaint [#1] who remain unserved as of June 21, 2011.**

IT IS FURTHER **ORDERED** that the Motion for Extension of Time to Respond to Defendants [sic] Motions to Dismiss and Stay of Proceedings [#56] is **GRANTED in part** and **DENIED in part** as set forth below.

IT IS FURTHER **ORDERED** that Plaintiffs shall have until **April 22, 2011** to respond to the currently pending Motions to Dismiss [#31, 34, 38, 39, 40, 41, 45, 49, 50, 51 & 52].

IT IS FURTHER **ORDERED** that Plaintiffs' request for a stay of all proceedings in

this case until all Defendants have been served is **DENIED**.  The Court has extended the deadline for the completion of service, and a stay is therefore unnecessary.

IT IS FURTHER **ORDERED** that Plaintiffs' request for leave to amend their Amended Complaint [#27] is **DENIED without prejudice**.

If Plaintiffs wish to amend their Amended Complaint [#27], they must file a separate motion seeking leave to amend that contains no other requests for relief.  Such motion must be accompanied by a proposed amended complaint titled **"Second Amended Complaint."**  The proposed Second Amended Complaint must clearly set forth the allegations and parties at issue in this lawsuit.  It also must contain the following (at a minimum): a case caption; a list of parties; a statement of jurisdiction; a summary of the alleged injuries; a list of separately-numbered claims, including the alleged individuals responsible for the injuries and the alleged rights implicated regarding each claim; a prayer for relief; and Plaintiffs' signatures.  More specifically, the proposed Second Amended Complaint shall fully and clearly identify:

(1)   every claim Plaintiffs seek to pursue and the legal basis therefor;

(2)   the names of the individuals Plaintiffs seek to sue as Defendants; and

(3)   the role each named Defendant allegedly played in causing the injuries complained of in Plaintiffs' claims.

Piecemeal attempts to amend the operative Amended Complaint [#27] by submitting a pleading which contains only new claims and/or parties will be summarily denied.

IT IS FURTHER **ORDERED** that any motion to amend and accompanying proposed Second Amended Complaint must be filed on or before **April 1, 2011**.

DATED: March 14, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge