IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 10-cv-02862-REB-KLM

VICTORIA CARBAJAL, and
DEAN CARBAJAL,

Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT, a political subdivision of the State of Colorado,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision of the State of Colorado,
MYRL SERRA, former District Attorney of the Seventh Judicial District, in his individual capacity,
SHERRI PRICE, Deputy District Attorney of the Seventh Judicial District, in her individual and official capacities,
PATRICIA KRAMER, former Deputy District Attorney of the Seventh Judicial District, in her individual capacity,
JEFF HERRON, private counsel, in his individual capacity,
STEVEN PATRICK, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
CHARLES GREENACRE, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
SANDRA MILLER, Magistrate/County Court Judge of the Seventh Judicial District, in her individual capacity,
JAMES SCHUM, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
MANDY ALLEN, Court Clerk of the Seventh Judicial District, in her individual and official capacities,
CAROL WARNER, Chief Probation Officer of the Seventh Judicial District, in her individual and official capacities,
RICK MAHRE, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
DAVID ROMERO, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
JOE QUINTANA, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
UNKNOWN DELTA SHERIFF, in his individual and official capacities,
BILL RAILEY, Captain in the Delta Sheriff's Department, in his individual and official capacities,
CHRIS WELDON, Sergeant in the Delta Sheriff's Department, in his individual and official capacities,

DEPUTY HATCH, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
B. WOLFE, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
BRIAN SHROEDER, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
CITY OF DENVER, a municipality of the State of Colorado,
DENVER CHIEF OF POLICE, in his individual and official capacities,
GILBERTO LUCIO, Detective in the Denver Police Department, in his individual and official capacities,
LAURIE FREUND, Detective in the Denver Police Department, in her individual and official capacities,
JAMES DIXON, Police Officer in the Denver Police Department, in his individual and official capacities,
ADAM BARRETT, Police Officer in the Denver Police Department, in his individual and official capacities,
SGT. SPEERMAN, Sergeant in the Denver Police Department, in his individual and official capacities,
JOEL SMITH, Police Officer in the Denver Police Department, in his individual and official capacities,
ABBEGAYLE DORN, Police Officer in the Denver Police Department, in her individual and official capacities,
JESSE REMBERT, Police Officer in the Denver Police Department, in his individual and official capacities,
UNKNOWN DENVER POLICE OFFICER 1, in his individual and official capacities,
UNKNOWN DENVER POLICE OFFICER 2, in his individual and official capacities,
UNKNOWN DENVER POLICE OFFICER 3, in his individual and official capacities,
UNKNOWN DENVER POLICE OFFICER 4, in his individual and official capacities,
JAY LOPEZ, Police Officer in the Denver Police Department, in his individual and official capacities,
MICHAEL ONEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
BRIAN ONEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
JEFFREY WATTS, Senior Detective Investigator for the Second Judicial District, in his individual and official capacities,
COLORADO DEPARTMENT OF CORRECTIONS, a political subdivision of the State of Colorado,
UNKNOWN CORRECTIONAL OFFICER 1, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,
UNKNOWN CORRECTIONAL OFFICER 2, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,
CITY OF WESTMINSTER, a municipality of the State of Colorado,
UNKNOWN WESTMINSTER POLICE OFFICER 1, in his individual and official capacities,

UNKNOWN WESTMINSTER POLICE OFFICER 2, in his individual and official capacities,
CITY OF ARVADA, a municipality of the State of Colorado,
ARVADA CHIEF OF POLICE, in his individual and official capacities,
PATRICK MEESTER, Police Officer in the Arvada Police Department, in his individual and official capacities,
A.J. DEANDREA, Sergeant in the Arvada Police Department, in his individual and official capacities,
JOURDAN LOPEZ-BASGALL, Police Officer in the Arvada Police Department, in his individual and official capacities, and
GREGORY SULLIVAN, in his individual capacity, jointly and severally,

Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Leave to Amend Complaint** [Docket No. 107; March 31, 2011] (the "Motion"). The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.*

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part**. Accordingly,

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to accept Plaintiffs' Second Amended Complaint [Docket Nos. 107-1, 107-2, 108, 108-1 & 108-2] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that the Motion is **DENIED without prejudice** with respect to Plaintiffs' request to add the following entities and individuals named in the Second Amended Complaint as defendants:

> TOM RAYNES, former District Attorney of the Seventh Judicial District, in his individual capacity;
> DEPUTY DISTRICT ATTORNEY TONEY, Deputy District Attorney of the Seventh Judicial District, in her individual and official capacities;
> DEPUTY DISTRICT ATTORNEY WALLACE, Deputy District Attorney of the Seventh Judicial District, in his individual and official capacities;
> DEPUTY DISTRICT ATTORNEY ADAMS, Deputy District Attorney of the Seventh Judicial District, in his individual and official capacities;
> DELTA COUNTY, a County of the State of Colorado;
> EDWARD CLAYTON, District Administrator in the Seventh Judicial District, in his individual and official capacities;
> SECOND JUDICIAL DISTRICT, a political subdivision of the State of Colorado; and
> EDDIE GRUNINGER, Detective Investigator for the Second Judicial District, in his individual and official capacities.

These entities and individuals were not named as defendants in Plaintiffs' Amended Complaint [Docket No. 33]. Plaintiffs have provided no explanation whatsoever as to why they should be granted leave to add these entities and individuals as defendants now. Plaintiffs state that "they do not seek to add any legal claims or essential factual bases" in the Second Amended Complaint. *Motion* [#107] at 2. Instead, Plaintiffs state that the purpose of filing the Second Amended Complaint is to "dismiss many unnecessary parties and provide names of the unknown Defendants previously named" in the Amended Complaint [#33]. *Id.* Adding the entities and individuals listed above as defendants is not consistent with this stated purpose. Although leave to amend should generally be freely given, Plaintiffs have not provided any basis upon which the Court can find that justice is served by permitting Plaintiffs to add new entities and individuals as defendants at this juncture. *See* Fed. R. Civ. P. 15(a)(2). Accordingly,

IT IS FURTHER **ORDERED** that all allegations against (1) Tom Raynes, (2) Deputy District Attorney Toney, (3) Deputy District Attorney Wallace, (4) Deputy District Attorney Adams, (5) Delta County, (6) Edward Clayton, (7) Second Judicial District, and (8) Eddie Gruninger are **STRICKEN** from the Second Amended Complaint.

IT IS FURTHER **ORDERED** that the following entities and individuals named as Defendants in the Amended Complaint [#33] are **DROPPED** as parties to this case: Montrose Probation Department, Delta Probation Department, Unknown Montrose Probation Officer, Unknown Adams County Probation Officer, Beth Valerio, Unknown Superior Correctional Officer, Westminster Chief of Police, an Unknown Denver Police Officers 5-9. These entities and individuals are not named as Defendants in the Second Amended Complaint.

Consistent with the paragraphs above,

IT IS FURTHER **ORDERED** that the caption in this case is amended as it appears at the top this Order.

IT IS FURTHER **ORDERED** that Plaintiffs may not file any motion to amend their Second Amended Complaint until **after** case management deadlines have been set at the Scheduling Conference on **June 23, 2011**.

At this juncture, all Defendants named in the Amended Complaint [#33] have either been dismissed as parties, *see Order* [Docket No. 91], or entered appearances in the case.[1] In the Second Amended Complaint, Plaintiffs identify eight Defendants who were

---

[1] The Court notes that Defendants Mandy Allen, Steven Patrick, James Schum, Sandra Miller, Jeff Herron, Joe Quintana, and the Colorado Department of Corrections have filed a Motion to Dismiss for Insufficient Service of Process [Docket No. 31]. The Adams County Probation Department and Beth Valerio joined in this Motion, but they are no longer parties to the case. By

previously named as "unknown" in the Amended Complaint: Rick Mahre (previously named as either "Unknown Montrose Probation Officer" or "Unknown Adams County Probation Officer"), James Dixon, Adam Barrett, Sgt. Speerman, Joel Smith, Abbegayle Dorn, Jesse Rembert, and Jay Lopez (all previously named as "Unknown Denver Police Officers"). Attorneys have entered appearances on behalf of "Unknown Montrose Probation Officer," "Unknown Adams County Probation Officer," and "Unknown Denver Police Officers." The Court assumes that these attorneys will represent (and accept service for) Defendants Mahre, Dixon, Barrett, Speerman, Smith, Dorn, Rembert, and Lopez. Based on this assumption, the Court sets a uniform deadline for all Defendants to answer or otherwise respond to the Second Amended Complaint:

IT IS FURTHER **ORDERED** that all Defendants shall answer or otherwise respond to Plaintiffs' Second Amended Complaint [#107-1, 107-2, 108, 108-1 & 108-2] on or before **April 29, 2011**.[2]

The currently pending Motions to Dismiss all relate to Plaintiffs' original Complaint [Docket No. 1] or Amended Complaint [#33], which are no longer Plaintiffs' operative pleading in this case. *See, e.g., Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL14826, at *1 (D. Colo. Jan. 11, 2010) (unreported decision) ("The filing of an amended

---

filing the Motion to Dismiss [#31], these Defendants entered an appearance through counsel, Attorney Patrick Sayas. Mr. Sayas receives notice of all activity in this case.

[2] If the Court's assumption that counsel who have already entered appearances will accept service for Defendants Mahre, Dixon, Barrett, Speerman, Smith, Dorn, Rembert, and Lopez is incorrect, then Plaintiffs must serve these Defendants in accordance with Fed. R. Civ. P. 4 on or before August 2, 2011. In that case, the deadline for these Defendants to answer or otherwise respond to the Second Amended Complaint will depend on the date each is served. *See* Fed. R. Civ. P. 12. The deadline for all other Defendants to answer or otherwise respond to the Second Amended Complaint will remain April 30, 2011.

complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded." (citations omitted)); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (unreported decision) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative"). Accordingly,

IT IS FURTHER **ORDERED** that the following Motions to Dismiss are **DENIED without prejudice**:

(1)    Motion to Dismiss for Insufficient Service of Process [#31];

(2)    State Defendants' Motion to Dismiss the Amended Complaint [Docket No. 34];

(3)    Motion to Dismiss [Docket No. 38];

(4)    Motion to Dismiss [Docket No. 39];

(5)    Motion to Dismiss [Docket No. 40];

(6)    Motion to Dismiss Against Victoria Carbajal [Docket No. 41];

(7)    Defendants Delta County Board of County Commissioners, Montrose County Board of County Commissioners, and Gunnison County Board of County Commissioners' Motion to Dismiss [Docket No. 49][3];

(8)    Defendant Seventh Judicial District's Motion to Dismiss [Docket No. 50];

(9)    Delta Sheriff Department, Unknown Delta Sheriff, Bill Railey, Chris Weldon,

---

[3] With respect to Montrose County Board of County Commissioners and Gunnison County Board of County Commissioners, this Motion [#49] is denied as moot. These entities have been dismissed from this case. *See Order* [#91].

        Deputy Hatch, B. Wolfe and B. Shroeder's Motion to Dismiss [Docket No. 51][4];

(10)    Defendants Myrl Serra, Sherri Price, Deputy District Attorney Kramer's Motion to Dismiss [Docket No. 52];

(11)    State Defendants Valerio, Quintana, and Adams County Probation Department's Motion to Dismiss the Amended Complaint [Docket No. 74][5];

(12)    Colorado Department of Corrections' Motion to Dismiss the Amended Complaint [Docket No. 76];

(13)    Defendant's Response to Accusations and Motion for Relief from Civil Suit [Docket No. 99];

(14)    Motion by Laurie Freund to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(5) [Docket No. 100];

(15)    Defendant Gilberto Lucio's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. Rule 12(e) or in the Alternative, to Dismiss, Pursuant to Fed. R. Civ. P. Rule 8 [Docket No. 102];

(16)    Defendant Myrl Serra's Motion to Dismiss [Docket No. 110];

(17)    Defendant Sherri Price's Motion to Dismiss [Docket No. 112];

(18)    Defendant Delta County Board of Commissioners' Motion to Dismiss [Docket No. 113];

(19)    Defendant Seventh Judicial District's Motion to Dismiss [Docket No. 114]; and

(20)    Defendants B. Shroeder, B. Wolfe, Bill Railey, Chris Weldon, Deputy Hatch, and Unknown Delta Sheriff's Motion to Dismiss [Docket No. 116].

IT IS FURTHER **ORDERED** that Denver Defendants' Motion for More Definite

---

[4] With respect to Delta Sheriff Department, this Motion [#51] is denied as moot. This entity has been dismissed from this case. *See Order* [#91].

[5] With respect to Beth Valerio and the Adams County Probation Department, this Motion [#74] is denied as moot. Adams County Probation Department has been dismissed from this case, *see Order* [#91], and Beth Valerio is not named as a defendant in the Second Amended Complaint and has therefore been dropped as a party.

Statement Pursuant to Fed. R. Civ. P. 12(e) [Docket No. 47] is **DENIED without prejudice** because it also relates to the Amended Complaint [#33], a non-operative pleading.

IT IS FURTHER **ORDERED** that Defendant Adams County Board of County Commissioners' Motion to Dismiss [Docket No. 45] is **DENIED as moot**. This Defendant has been dismissed from this case. *See Order* [#91].

IT IS FURTHER **ORDERED** that Defendants shall combine any common legal arguments seeking dismissal of the Second Amended Complaint [#107-1, 107-2, 108, 108-1 & 108-2] (e.g., the existence of qualified immunity) in a single motion to dismiss not to exceed twenty-five (25) pages in length. Any Defendant who wishes to assert unique arguments for dismissal (i.e., arguments that are not asserted by any other Defendant) may file a separate motion to dismiss of not more than ten pages asserting only those arguments. Defendants may separately answer the Second Amended Complaint.

Dated: April 4, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge