IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

VICTORIA CARBAJAL, and
DEAN CARBAJAL,

Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT, a political subdivision of the State of Colorado,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision of the State of Colorado,
MYRL SERRA, former District Attorney of the Seventh Judicial District, in his individual capacity,
SHERRI PRICE, Deputy District Attorney of the Seventh Judicial District, in her individual and official capacities,
PATRICIA KRAMER, former Deputy District Attorney of the Seventh Judicial District, in her individual capacity,
JEFF HERRON, private counsel, in his individual capacity,
STEVEN PATRICK, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
CHARLES GREENACRE, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
SANDRA MILLER, Magistrate/County Court Judge of the Seventh Judicial District, in her individual capacity,
JAMES SCHUM, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
MANDY ALLEN, Court Clerk of the Seventh Judicial District, in her individual and official capacities,
CAROL WARNER, Chief Probation Officer of the Seventh Judicial District, in her individual and official capacities,
RICK MAHRE, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
DAVID ROMERO, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
JOE QUINTANA, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
UNKNOWN DELTA SHERIFF, in his individual and official capacities,
BILL RAILEY, Captain in the Delta Sheriff's Department, in his individual and official capacities,
CHRIS WELDON, Sergeant in the Delta Sheriff's Department, in his individual and official capacities,

DEPUTY HATCH, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
B. WOLFE, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
BRIAN SHROEDER, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
CITY OF DENVER, a municipality of the State of Colorado,
DENVER CHIEF OF POLICE, in his individual and official capacities,
GILBERTO LUCIO, Detective in the Denver Police Department, in his individual and official capacities,
LAURIE FREUND, Detective in the Denver Police Department, in her individual and official capacities,
JAMES DIXON, Police Officer in the Denver Police Department, in his individual and official capacities,
ADAM BARRETT, Police Officer in the Denver Police Department, in his individual and official capacities,
SGT. SPEERMAN, Sergeant in the Denver Police Department, in his individual and official capacities,
JOEL SMITH, Police Officer in the Denver Police Department, in his individual and official capacities,
ABBEGAYLE DORN, Police Officer in the Denver Police Department, in her individual and official capacities,
JESSE REMBERT, Police Officer in the Denver Police Department, in his individual and official capacities,
JAY LOPEZ, Police Officer in the Denver Police Department, in his individual and official capacities,
MICHAEL ONEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
BRIAN ONEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
JEFFREY WATTS, Senior Detective Investigator for the Second Judicial District, in his individual and official capacities,
EDDIE GRUNINGER, Detective Investigator for the Second Judicial District, in his individual and official capacities,
COLORADO DEPARTMENT OF CORRECTIONS, a political subdivision of the State of Colorado,
UNKNOWN CORRECTIONAL OFFICER 1, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,
UNKNOWN CORRECTIONAL OFFICER 2, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,
CITY OF WESTMINSTER, a municipality of the State of Colorado,
UNKNOWN WESTMINSTER POLICE OFFICER 1, in his individual and official capacities,
UNKNOWN WESTMINSTER POLICE OFFICER 2, in his individual and official capacities,

CITY OF ARVADA, a municipality of the State of Colorado,
ARVADA CHIEF OF POLICE, in his individual and official capacities,
PATRICK MEESTER, Police Officer in the Arvada Police Department, in his individual and official capacities,
A.J. DEANDREA, Sergeant in the Arvada Police Department, in his individual and official capacities,
JOURDAN LOPEZ-BASGALL, Police Officer in the Arvada Police Department, in his individual and official capacities, and
GREGORY SULLIVAN, in his individual capacity, jointly and severally,

Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Clarify and Joinder [sic] Necessary Parties** [Docket No. 124; Filed April 12, 2011] (the "Motion"). Plaintiffs make two requests in the Motion. First, they seek to clarify that they intended their Motion for Leave to Amend Complaint [Docket No. 107] to provide the identities of all "Unknown Denver Police Officers" named in the Amended Complaint [Docket No. 33]. Accordingly, they ask that the case caption be amended as follows: (1) add Defendant "Eddie Gruninger, Detective Investigator for the Second Judicial District" because he was previously named as "Unknown Denver Police Officer 9"; and (2) remove "Unknown Denver Police Officers 1-4" because they have been identified. After reviewing the Motion and the entire case file, the Court finds that Plaintiffs' request to amend the caption is well-taken. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#124] is **GRANTED in part**.

IT IS FURTHER **ORDERED** that "Eddie Gruninger, Detective Investigator for the Second Judicial District" is added as a Defendant.

IT IS FURTHER **ORDERED** that the Court's prior order striking allegations against Defendant Gruninger from the Second Amended Complaint [Docket No. 119] is **vacated**. *See Order* [Docket No. 118] at 5.

IT IS FURTHER **ORDERED** that Defendant Gruninger shall answer or otherwise respond to Plaintiffs' Second Amended Complaint [#119] on or before **April 29, 2011**.[1]

IT IS FURTHER **ORDERED** that the case caption is amended to reflect the addition of Defendant Gruninger and the removal of "Unknown Denver Police Officers 1-4." Thus, the case caption shall appear from this point forward as it does at the top of this Order.

Plaintiffs' second request is to add the following entities and individuals named in their proposed Second Amended Complaint [Docket No. 107-1] as defendants:

> TOM RAYNES, former District Attorney of the Seventh Judicial District, in his individual capacity;
> DEPUTY DISTRICT ATTORNEY TONEY, Deputy District Attorney of the Seventh Judicial District, in her individual and official capacities;
> DEPUTY DISTRICT ATTORNEY WALLACE, Deputy District Attorney of the Seventh Judicial District, in his individual and official capacities;
> DEPUTY DISTRICT ATTORNEY ADAMS, Deputy District Attorney of the Seventh Judicial District, in his individual and official capacities;
> DELTA COUNTY, a County of the State of Colorado;
> EDWARD CLAYTON, District Administrator in the Seventh Judicial District, in his individual and official capacities;
> SECOND JUDICIAL DISTRICT, a political subdivision of the State of Colorado; and
> BRYAN ONEILL, Denver Police Officer.

*Motion* [#124] at 3.

With respect to Defendant Bryan Oneill, he was added as a party pursuant to the

---

[1] The record in this case reflects that Defendant Gruninger was served on March 17, 2011. *Affidavit of Service* [Docket No. 85-10]. The Court assumes that counsel who have already entered appearances on behalf of other Defendants will also represent Defendant Gruninger. *See Order* [#118] at 6. Thus, the Court finds it most efficient to set a uniform deadline for all Defendants to answer or otherwise respond to the Second Amended Complaint. *See id.*

Court's Order [#118] accepting the proposed Second Amended Complaint for filing. With respect to the other entities and individuals listed above, the Court has already considered and denied Plaintiffs' request to add them as defendants. *See Order* [#118] at 4-5. Accordingly, Plaintiffs' request can be construed either as a request for reconsideration of the Court's Order [#118] or a request for leave to amend the Second Amended Complaint [#119] to add new defendants. However construed, the request is inappropriate.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir.1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* In this case, the Court previously found that "Plaintiffs have provided no explanation whatsoever as to why they should be granted leave to add [the above-listed] entities and individuals as defendants now." *Order* [#118] at 4. To the extent that Plaintiffs have tried to offer an explanation in their instant Motion [#124], the Court finds that it is simply too late. Plaintiffs have stated no reason why they were unable to provide an adequate explanation in their Motion for Leave to Amend Complaint [#107]. Thus, reconsideration of the Court's prior Order [#118] is not appropriate. *See Servants of Paraclete*, 204 F.3d at 1012.

A request for leave to amend the Second Amended Complaint [#119] to add new defendants is also not appropriate at this time. The Court has ordered that Plaintiffs may not amend their Second Amended Complaint until after the scheduling conference on June 23, 2011. *Order* [#118] at 5. Accordingly,

IT IS FURTHER **ORDERED** that the Motion [#124] is **DENIED without prejudice** to the extent that it requests the addition of defendants.

IT IS FURTHER **ORDERED** that if Plaintiffs wish to add individuals or entities who do not appear in the caption at the top of this Order as defendants, they must file a motion titled "Motion to Amend the Second Amended Complaint [#119]" **after** case management deadlines have been set at the Scheduling Conference on **June 23, 2011**. *See Order* [#118] at 5. Any "Motion to Amend the Second Amended Complaint [#119]" filed before June 23, 2011 will be summarily denied.

IT IS FURTHER **ORDERED** that any "Motion to Amend the Second Amended Complaint [#119]" that seeks to add individuals or entities as defendants must describe in detail the reasons why each individual or entity should be added. The motion "must explain what each defendant did to [Plaintiffs]; when the defendant did it; how the defendant's actions harmed him or her, and what specific legal right [Plaintiffs] believe the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

IT IS FURTHER **ORDERED** that any "Motion to Amend the Second Amended Complaint [#119]" must be accompanied by a proposed "Third Amended Complaint." The proposed "Third Amended Complaint" must be a document that can stand alone as Plaintiffs' operative pleading. Therefore, it may not incorporate or contain references to

previously filed pleadings. The proposed "Third Amended Complaint" must contain the following (at a minimum): a case caption; a list of parties; a statement of jurisdiction; a summary of the alleged injuries; a list of separately enumerated claims; a prayer for relief; and Plaintiffs' signatures. The proposed "Third Amended Complaint" must also comply with the requirements of Fed. R. Civ. P. 8.

As a final matter, it has come to the Court's attention that Defendant Gregory Sullivan, who is proceeding *pro se*, has not been included in the certificate of service attached to Plaintiffs' Motion [#124]. Accordingly, the Court has no proof that Defendant Sullivan received a copy of the Motion. The failure to include Defendant Sullivan in the certificate of service violates D.C.COLO.LCivR 5.1.

IT IS FURTHER **ORDERED** that any future motions filed by Plaintiffs that do not comply with D.C.COLO.LCivR 5.1 will be summarily denied.

Dated: April 14, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge