IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

VICTORIA CARBAJAL, and
DEAN CARBAJAL,

Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT, a political subdivision of the State of Colorado,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision of the State of Colorado,
MYRL SERRA, former District Attorney of the Seventh Judicial District, in his individual capacity,
SHERRI PRICE, Deputy District Attorney of the Seventh Judicial District, in her individual and official capacities,
PATRICIA KRAMER, former Deputy District Attorney of the Seventh Judicial District, in her individual capacity,
JEFF HERRON, private counsel, in his individual capacity,
STEVEN PATRICK, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
CHARLES GREENACRE, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
SANDRA MILLER, Magistrate/County Court Judge of the Seventh Judicial District, in her individual capacity,
JAMES SCHUM, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
MANDY ALLEN, Court Clerk of the Seventh Judicial District, in her individual and official capacities,
CAROL WARNER, Chief Probation Officer of the Seventh Judicial District, in her individual and official capacities,
RICK MAHRE, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
DAVID ROMERO, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
JOE QUINTANA, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
UNKNOWN DELTA SHERIFF, in his individual and official capacities,
BILL RAILEY, Captain in the Delta Sheriff's Department, in his individual and official capacities,
CHRIS WELDON, Sergeant in the Delta Sheriff's Department, in his individual and official capacities,

DEPUTY HATCH, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
B. WOLFE, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
BRIAN SHROEDER, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
CITY OF DENVER, a municipality of the State of Colorado,
DENVER CHIEF OF POLICE, in his individual and official capacities,
GILBERTO LUCIO, Detective in the Denver Police Department, in his individual and official capacities,
LAURIE FREUND, Detective in the Denver Police Department, in her individual and official capacities,
JAMES DIXON, Police Officer in the Denver Police Department, in his individual and official capacities,
ADAM BARRETT, Police Officer in the Denver Police Department, in his individual and official capacities,
SGT. SPEERMAN, Sergeant in the Denver Police Department, in his individual and official capacities,
JOEL SMITH, Police Officer in the Denver Police Department, in his individual and official capacities,
ABBEGAYLE DORN, Police Officer in the Denver Police Department, in her individual and official capacities,
JESSE REMBERT, Police Officer in the Denver Police Department, in his individual and official capacities,
JAY LOPEZ, Police Officer in the Denver Police Department, in his individual and official capacities,
MICHAEL ONEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
BRIAN ONEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
JEFFREY WATTS, Senior Detective Investigator for the Second Judicial District, in his individual and official capacities,
EDDIE GRUNINGER, Detective Investigator for the Second Judicial District, in his individual and official capacities,
COLORADO DEPARTMENT OF CORRECTIONS, a political subdivision of the State of Colorado,
UNKNOWN CORRECTIONAL OFFICER 1, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,
UNKNOWN CORRECTIONAL OFFICER 2, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,
CITY OF WESTMINSTER, a municipality of the State of Colorado,
UNKNOWN WESTMINSTER POLICE OFFICER 1, in his individual and official capacities,
UNKNOWN WESTMINSTER POLICE OFFICER 2, in his individual and official capacities,

CITY OF ARVADA, a municipality of the State of Colorado,
ARVADA CHIEF OF POLICE, in his individual and official capacities,
PATRICK MEESTER, Police Officer in the Arvada Police Department, in his individual and official capacities,
A.J. DEANDREA, Sergeant in the Arvada Police Department, in his individual and official capacities,
JOURDAN LOPEZ-BASGALL, Police Officer in the Arvada Police Department, in his individual and official capacities, and
GREGORY SULLIVAN, in his individual capacity, jointly and severally,

Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Combined Motion for Leave to Substitute Service Pursuant to Colo. R. Civ. P. Rule 4(f), Substitution of Parties Pursuant to Fed. R. Civ. P. Rule 25, and Unopposed Motion for Extension of Time to Respond to Rule 12 Motions** [Docket No. 144; Filed May 3, 2011] (the "Motion"). The Motion contains three separate requests for relief. First, Plaintiffs request that they be granted until June 15, 2011 to respond to Defendants' pending motions to dismiss [Docket Nos. 128, 135, 137, 141 & 142].[1] On May 5, 2011, the Court ordered that Plaintiffs shall file a response to each motion to dismiss on or before June 20, 2011. *Minute Order* [Docket No. 150]. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiffs' first request for relief is **DENIED as moot**.

Next, Plaintiffs seek to substitute Dan Hotsenpiller for Defendants Myrl Serra, Sherri Price, and Patricia Kramer pursuant to Fed. R. Civ. P. 25. Plaintiffs represent that

---

[1] The Court notes that Plaintiffs have already filed a Response [Docket No. 155] to Defendant Sullivan's Motion to Dismiss [Docket No. 128].

Defendant Kramer has died and Defendants Serra and Price have left their positions in the District Attorney's Office for the Seventh Judicial District. *Motion* [#144] at 6. Plaintiffs represent that Dan Hotsenpiller is the "acting and present District Attorney for the Seventh Judicial District." *Id.* Plaintiffs assert that because Defendants Kramer, Serra, and Price held official positions in the District Attorney's Office, Mr. Hotsenpiller is their successor within the meaning of Fed. R. Civ. P. 25. There are two problems with Plaintiffs' request for substitution. First, Plaintiffs have only stated claims against Defendants Serra and Kramer in their *individual* capacities. *Second Amended Complaint* [Docket No. 119] at 1 (naming Defendants Serra and Kramer as follows: "Myrl Serra, Former District Attorney of the Seventh Judicial District, in his individual capacities [sic]," and "Patricia Kramer, Former Deputy District Attorney of the Seventh Judicial District, in her individual capacity"). Fed. R. Civ. P. 25 does not provide for substitution of a current public official for a defendant former public official who is being sued only in his or her individual capacity.

Second, Plaintiffs state that Defendant Price was the "Deputy District Attorney of the Seventh Judicial District," *Second Amended Complaint* [#119] at 1, and Dan Hotsenpiller is the "acting and present District Attorney for the Seventh Judicial District," *Motion* [#144] at 6. Based on these statements, it is clear that Mr. Hotsenpiller does not hold an official position in the District Attorney's Office that is identical or equivalent to the position formerly held by Defendant Price. Moreover, Plaintiffs' claims against Defendant Price in her official capacity are treated as claims against the public entity for which she worked, the District Attorney's Office for the Seventh Judicial District. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest

is the entity."). Accordingly, there is no need to substitute Dan Hotsenpiller for Defendant Price in her official capacity as doing so would have no effect on the analysis or outcome of Plaintiffs' claims. *See Saleh v. Federal Bureau of Prisons, et al.*, No. 05-cv-02467-EWN-KLM, Docket No. 196 at 9-12 (D. Colo. July 29, 2008) (unreported decision) (Recommendation of United States Magistrate Judge). Further, Plaintiffs have separately named the Seventh Judicial District as a Defendant. *See id.*; *see also McLin v. City of Chicago*, 742 F. Supp. 994, 997 (N.D. Ill. 1990) ("Because the [entity] is already a defendant, dismissing [the individual defendants in their official capacities] does not prejudice plaintiffs, and it clarifies and streamlines the pleadings."). The Court concludes that Plaintiffs have adequately pled their claims against the Seventh Judicial District and its District Attorney's Office. Therefore,

IT IS FURTHER **ORDERED** that Plaintiffs' second request for relief is **DENIED**.

Finally, Plaintiffs request that the Court order the Attorney General of Colorado to accept service on behalf of Defendants Unknown Correctional Officers 1 and 2 and the City Attorney for the City of Westminster to accept service on behalf of Defendants Unknown Westminster Police Officers 1 and 2. These Defendants are being sued in their official and individual capacities. The Court finds that ordering substitution of service is inappropriate at this juncture. Plaintiffs will have the opportunity to identify the unknown Defendants during the discovery process, which will commence after the Scheduling Conference. Once these Defendants are identified, Plaintiffs must attempt to properly serve them. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiffs third request for relief is **DENIED without**

**prejudice**.

As set forth above,

IT IS FURTHER **ORDERED** that the Motion [#144] is **DENIED**.

DATED: May 16, 2011

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge