IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

VICTORIA CARBAJAL, and
DEAN CARBAJAL,

Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT, a political subdivision of the State of Colorado,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision of
the State of Colorado,
MYRL SERRA, former District Attorney of the Seventh Judicial District, in his individual
capacity,
SHERRI PRICE, Deputy District Attorney of the Seventh Judicial District, in her
individual and official capacities,
PATRICIA KRAMER, former Deputy District Attorney of the Seventh Judicial District, in
her individual capacity,
JEFF BOYD HERRON, private counsel, in his individual capacity,
J. STEVEN PATRICK, District Court Judge of the Seventh Judicial District, in his
individual and official capacities,
CHARLES R. GREENACRE, District Court Judge of the Seventh Judicial District, in his
individual and official capacities,
SANDRA K. MILLER, Magistrate/County Court Judge of the Seventh Judicial District, in
her individual capacity,
JAMES W. SCHUM, District Court Judge of the Seventh Judicial District, in his
individual and official capacities,
MANDY ALLEN, Court Clerk of the Seventh Judicial District, in her individual and official
capacities,
CAROL WARNER, Chief Probation Officer of the Seventh Judicial District, in her
individual and official capacities,
RICHARD MAHAR, Probation Officer of the Seventh Judicial District, in his individual
and official capacities,
DAVID ROMERO, Probation Officer of the Seventh Judicial District, in his individual and
official capacities,
JOSEPH QUINTANA, Probation Officer of the Seventh Judicial District, in his individual
and official capacities,
UNKNOWN DELTA SHERIFF, in his individual and official capacities,
BILL RAILEY, Captain in the Delta Sheriff's Department, in his individual and official
capacities,
CHRIS WELDON, Sergeant in the Delta Sheriff's Department, in his individual and
official capacities,

-1-

TIMOTHY HATCH, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,

BEA WOLFE, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,

BENJAMIN SCHROEDER, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,

CITY OF DENVER, a municipality of the State of Colorado,

DENVER CHIEF OF POLICE, in his individual and official capacities,

GILBERTO LUCIO, Detective in the Denver Police Department, in his individual and official capacities,

LAURIE FREUND, Detective in the Denver Police Department, in her individual and official capacities,

JAMES DIXON, Police Officer in the Denver Police Department, in his individual and official capacities,

ADAM BARRETT, Police Officer in the Denver Police Department, in his individual and official capacities,

PERRY SPEERMAN, Sergeant in the Denver Police Department, in his individual and official capacities,

JOEL SMITH, Police Officer in the Denver Police Department, in his individual and official capacities,

ABBEGAYLE DORN, Police Officer in the Denver Police Department, in her individual and official capacities,

JESSE REMBERT, Police Officer in the Denver Police Department, in his individual and official capacities,

JAY LOPEZ, Police Officer in the Denver Police Department, in his individual and official capacities,

MICHAEL O'NEILL, Police Officer in the Denver Police Department, in his individual and official capacities,

BRYAN O'NEILL, Police Officer in the Denver Police Department, in his individual and official capacities,

JEFFREY WATTS, Senior Detective Investigator for the Second Judicial District, in his individual and official capacities,

ED GRUNINGER, Detective Investigator for the Second Judicial District, in his individual and official capacities,

COLORADO DEPARTMENT OF CORRECTIONS, a political subdivision of the State of Colorado,

UNKNOWN CORRECTIONAL OFFICER 1, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,

UNKNOWN CORRECTIONAL OFFICER 2, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,

CITY OF WESTMINSTER, a municipality of the State of Colorado,

UNKNOWN WESTMINSTER POLICE OFFICER 1, in his individual and official capacities,

UNKNOWN WESTMINSTER POLICE OFFICER 2, in his individual and official capacities,

CITY OF ARVADA, a municipality of the State of Colorado,
DON WICK, Arvada Chief of Police, in his individual and official capacities,
PATRICK MEESTER, Police Officer in the Arvada Police Department, in his individual and official capacities,
A.J. DEANDREA, Sergeant in the Arvada Police Department, in his individual and official capacities,
JOURDAN LOPEZ-BASGALL, Police Officer in the Arvada Police Department, in his individual and official capacities, and
GREGORY SULLIVAN, in his individual capacity, jointly and severally,

Defendants.

_____

### SECOND SUPPLEMENTAL RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER GRANTING MOTION FOR CLARIFICATION

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant City of Arvada's **Motion for Clarification** [Docket No. 205; Filed August 18, 2011]. On August 8, 2011, the Court issued a Report and Recommendation [Docket No. 198] regarding disposition of Defendants' Motions to Dismiss [Docket Nos. 128, 135, 137, 141 & 142]. The Court recommended amending the caption in this case to remove the names of the Defendants who were recommended for dismissal. *Recommendation* [#198] at 46-47. In making this recommendation, the Court provided a proposed amended caption. The proposed amended caption erroneously included a Defendant, the Denver Chief of Police, who was recommended for dismissal. Accordingly, the Court supplemented its prior Recommendation by providing a corrected proposed amended caption. *First Supplemental Recommendation* [#202] at 3-5.

Thereafter, Defendant City or Arvada sought clarification about its continued presence in the case. Upon review of the Recommendation and First Supplemental

Recommendation, the Court agrees that clarification is appropriate and does so below.

Given the Court's Recommendation that all individual Defendants associated with Defendant City of Arvada be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), see *Recommendation* [#198] at 36-42,

IT IS HEREBY **RECOMMENDED** that Defendant City of Arvada be **DISMISSED with prejudice**. Specifically, because Plaintiffs failed to plausibly allege that any individuals employed by Defendant City of Arvada violated their constitutional rights, Defendant City of Arvada should likewise be dismissed. *See Fuchs v. Sanders*, 659 F. Supp. 2d 1136, at 1149 (D. Colo. 2009) (recognizing that "Plaintiffs' failure to show that [the individual defendants] violated their constitutional rights defeats any municipal liability claim"); *see also Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) ("A county [or municipality] cannot be held 'liable for constitutional violations when there was no underlying constitutional violation by any of its officers.'" (citation omitted)). Moreover, even if constitutional violations had been plausibly pled, to the extent that the municipal liability claim is premised on Defendant City of Arvada's alleged failure to properly train its officers, the allegations are deficient as pled. *See Fuchs*, 659 F. Supp. 2d at 1149-50 (noting that pleading must proffer something more than conclusory assertions about a failure to train a few officers because allegations stopping short of alleging a widespread failure to train "will not . . . suffice to fasten liability on the city . . . ." (citation omitted)

IT IS FURTHER **RECOMMENDED** that the caption in this case be amended to appear as follows:

DEAN CARBAJAL,

Plaintiff,

v.

DELTA COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision of the State of Colorado,
UNKNOWN DELTA SHERIFF, in his individual and official capacities,
BILL RAILEY, Captain in the Delta Sheriff's Department, in his individual and official capacities,
CHRIS WELDON, Sergeant in the Delta Sheriff's Department, in his individual and official capacities,
TIMOTHY HATCH, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
BEA WOLFE, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
BENJAMIN SCHROEDER, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
CITY OF DENVER, a municipality of the State of Colorado,
GILBERTO LUCIO, Detective in the Denver Police Department, in his individual and official capacities,
LAURIE FREUND, Detective in the Denver Police Department, in her individual and official capacities,
JAMES DIXON, Police Officer in the Denver Police Department, in his individual and official capacities,
ADAM BARRETT, Police Officer in the Denver Police Department, in his individual and official capacities,
PERRY SPEERMAN, Sergeant in the Denver Police Department, in his individual and official capacities,
JOEL SMITH, Police Officer in the Denver Police Department, in his individual and official capacities,
ABBEGAYLE DORN, Police Officer in the Denver Police Department, in her individual and official capacities,
JESSE REMBERT, Police Officer in the Denver Police Department, in his individual and official capacities,
JAY LOPEZ, Police Officer in the Denver Police Department, in his individual and official capacities,
MICHAEL O'NEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
BRYAN O'NEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
JEFFREY WATTS, Senior Detective Investigator for the Second Judicial District, in his individual and official capacities,
ED GRUNINGER, Detective Investigator for the Second Judicial District, in his individual and official capacities,
UNKNOWN CORRECTIONAL OFFICER 1, Correctional/Parole Officer in the

Colorado Department of Corrections, in his individual and official capacities,
UNKNOWN CORRECTIONAL OFFICER 2, Correctional/Parole Officer in the
Colorado Department of Corrections, in his individual and official capacities,
CITY OF WESTMINSTER, a municipality of the State of Colorado,
UNKNOWN WESTMINSTER POLICE OFFICER 1, in his individual and official
capacities, and
UNKNOWN WESTMINSTER POLICE OFFICER 2, in his individual and official
capacities,

Defendants.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have
fourteen (14) days after service of this Second Supplemental Recommendation to serve
and file any written objections in order to obtain reconsideration by the District Judge to
whom this case is assigned.  A party's failure to serve and file specific, written objections
waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.
72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of
both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th
Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections
to this Recommendation must be both timely and specific to preserve an issue for de novo
review by the District Court or for appellate review.  *United States v. One Parcel of Real
Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).


Dated:  August 19, 2011

                              BY THE COURT:

                               s/ Kristen L.  Mix
                              Kristen L.  Mix
                              United States Magistrate Judge