IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

VICTORIA CARBAJAL, and
DEAN CARBAJAL,

Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT, a political subdivision of the State of Colorado,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision of the State of Colorado,
MYRL SERRA, former District Attorney of the Seventh Judicial District, in his individual capacity,
SHERRI PRICE, Deputy District Attorney of the Seventh Judicial District, in her individual and official capacities,
PATRICIA KRAMER, former Deputy District Attorney of the Seventh Judicial District, in her individual capacity,
JEFF BOYD HERRON, private counsel, in his individual capacity,
J. STEVEN PATRICK, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
CHARLES R. GREENACRE, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
SANDRA K. MILLER, Magistrate/County Court Judge of the Seventh Judicial District, in her individual capacity,
JAMES W. SCHUM, District Court Judge of the Seventh Judicial District, in his individual and official capacities,
MANDY ALLEN, Court Clerk of the Seventh Judicial District, in her individual and official capacities,
CAROL WARNER, Chief Probation Officer of the Seventh Judicial District, in her individual and official capacities,
RICHARD MAHAR, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
DAVID ROMERO, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
JOSEPH QUINTANA, Probation Officer of the Seventh Judicial District, in his individual and official capacities,
UNKNOWN DELTA SHERIFF, in his individual and official capacities,
BILL RAILEY, Captain in the Delta Sheriff's Department, in his individual and official capacities,
CHRIS WELDON, Sergeant in the Delta Sheriff's Department, in his individual and official capacities,

TIMOTHY HATCH, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
BEA WOLFE, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
BENJAMIN SCHROEDER, Deputy Sheriff in the Delta Sheriff's Department, in his individual and official capacities,
CITY OF DENVER, a municipality of the State of Colorado,
DENVER CHIEF OF POLICE, in his individual and official capacities,
GILBERTO LUCIO, Detective in the Denver Police Department, in his individual and official capacities,
LAURIE FREUND, Detective in the Denver Police Department, in her individual and official capacities,
JAMES DIXON, Police Officer in the Denver Police Department, in his individual and official capacities,
ADAM BARRETT, Police Officer in the Denver Police Department, in his individual and official capacities,
PERRY SPEERMAN, Sergeant in the Denver Police Department, in his individual and official capacities,
JOEL SMITH, Police Officer in the Denver Police Department, in his individual and official capacities,
ABBEGAYLE DORN, Police Officer in the Denver Police Department, in her individual and official capacities,
JESSE REMBERT, Police Officer in the Denver Police Department, in his individual and official capacities,
JAY LOPEZ, Police Officer in the Denver Police Department, in his individual and official capacities,
MICHAEL O'NEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
BRYAN O'NEILL, Police Officer in the Denver Police Department, in his individual and official capacities,
JEFFREY WATTS, Senior Detective Investigator for the Second Judicial District, in his individual and official capacities,
ED GRUNINGER, Detective Investigator for the Second Judicial District, in his individual and official capacities,
COLORADO DEPARTMENT OF CORRECTIONS, a political subdivision of the State of Colorado,
UNKNOWN CORRECTIONAL OFFICER 1, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,
UNKNOWN CORRECTIONAL OFFICER 2, Correctional/Parole Officer in the Colorado Department of Corrections, in his individual and official capacities,
CITY OF WESTMINSTER, a municipality of the State of Colorado,
UNKNOWN WESTMINSTER POLICE OFFICER 1, in his individual and official capacities,
UNKNOWN WESTMINSTER POLICE OFFICER 2, in his individual and official capacities,

CITY OF ARVADA, a municipality of the State of Colorado,
DON WICK, Arvada Chief of Police, in his individual and official capacities,
PATRICK MEESTER, Police Officer in the Arvada Police Department, in his individual and official capacities,
A.J. DEANDREA, Sergeant in the Arvada Police Department, in his individual and official capacities,
JOURDAN LOPEZ-BASGALL, Police Officer in the Arvada Police Department, in his individual and official capacities, and
GREGORY SULLIVAN, in his individual capacity, jointly and severally,

Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Sanctions** [Docket No. 214; Filed August 24, 2011] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion is **STRICKEN**. Pursuant to my Order dated June 23, 2011, Plaintiffs shall not file any motions "until a written order has been issued on the pending Motions to Dismiss." *Order* [#181] at 3. No order has yet been issued. In addition, Plaintiffs have been warned that they may not sign pleadings for each other. *Id.* at 2. This pleading appears to have been signed for Plaintiff Victoria Carbajal by Plaintiff Dean Carbajal. Plaintiffs' failure to comply with my prior Order is not well taken.

Moreover, although the Court does not substantively rule on the Motion, the Court notes that the basis provided for Plaintiffs' request for sanctions appears to be inappropriate. Defendants have a right to assert defenses listed in Fed. R. Civ. P. 12(b) in response to Plaintiffs' Complaint. Regardless that Plaintiffs disagree with the applicability of certain defenses, Fed. R. Civ. P. 11 does not appear to justify sanctions in these circumstances. Although Plaintiffs are proceeding *pro se*, they are nevertheless bound by Rule 11's requirements that they not file frivolous or unnecessary pleadings. *See White v. GMC*, 908 F.2d 675, 683 (10th Cir. 1990). Future motions which run afoul of Rule 11 or which violate my prior Order may subject Plaintiffs to sanctions, including monetary penalties and/or dismissal of their case.

Dated: August 25, 2011