**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02862-REB-KLM

VICTORIA CARBAJAL, and
DEAN CARBAJAL,

    Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT, political subdivision of the State of Colorado, et al.,

    Defendants.

**ORDER ADOPTING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) **Second Response To Second Amended Complaint and Motion for Relief From Suit** [#128][1] filed April 13, 2011, which I read as a motion to dismiss; (2) **Defendants, Seventh Judicial District, Delta County Board of County Commissioners, Myrl Serra, Sherri Price, Patricia Kramer, Unknown Delta Sheriff, Bill Railey, Chris Weldon, Deputy Hatch, B. Wolfe, and Brian Shroeder's, Motion To Dismiss Plaintiffs' [Second] Amended Complaint** [#135] filed April 28, 2011; (3) **State Defendants' Motion To Dismiss the Second Amended Complaint** [#137] filed April 29, 2011; (4) **Defendants' Joint Motion To Dismiss** [#141] filed April 29, 2011; (5) **Motion by Defendants Laurie Freund, James Dixon, Adam Barrett, Sgt. Speerman, Joel Smith, Abbegayle Dorn, Jesse**

---

[1] "[#128]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Rembert, Michael O'Neill, Brian O'Neill and Unknown Denver Police Officers One Through Four To Dismiss the Second Amended Complaint Pursuant to FED. R. CIV. P. Rule 12(b)(5)** [#142] filed April 29, 2011; (6) **Recommendation of United States Magistrate Judge** [#198] filed August 8, 2011; (7) **Supplemental Recommendation of United States Magistrate Judge** [#202] filed August 9, 2011; (8) **Supplemental Recommendation of United States Magistrate Judge** [#207] filed August 19, 2011; and (9) **Defendants' Request for Clarification, or Alternatively, Objection to Court's August 8, 2011 Report and Recommendation** [#209] filed August 22, 2011.

Defendant Unknown Delta Sheriff filed an objection [#210] to the recommendation, and the plaintiffs filed an objection [#211] to the recommendation. I sustain the objection [#210] filed by Unknown Delta Sheriff. I sustain the plaintiffs' objection [#211] on the two points discussed in this order. Otherwise, I overrule the plaintiff's objection. I respectfully reject the August 8, 2011, recommendation [#198] on the two points discussed in this order. Otherwise, I approve and adopt that recommendation [#198] and the two supplemental recommendations [#202 & #207]. Thus, I deny the motions to dismiss in part and grant them in part.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which objections have been filed. I have considered carefully the recommendations, the objections, and the applicable case law.

Because the plaintiffs are proceeding *pro se*, I have construed their pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d

2

1106, 1110 (10th Cir. 1991). However, I have not acted as an advocate for the pro se plaintiffs.

The recommendation is detailed and well-reasoned.  On the few issues discussed below, I disagree with the magistrate judge's recommended resolution of the motions to dismiss.  On those issues, I respectfully reject the recommendation.  Otherwise, I approve and adopt the recommendation as an order of this court.

As summarized by the plaintiffs in a response to one of the present motions to dismiss, the plaintiffs' "claims arise out of Defendants['] [alleged] decade long conspiracy to arrest, prosecute, convict, incarcerate, and arrest Mr. Carbajal for crimes the Defendants know he did not commit, violating Mr. Carbajal's and his family's First, Fourth, Eighth and Fourteenth Amendment [rights]." *Response* [#155], p. 1.  It is this alleged unconstitutional conduct that brings the parties to federal court.

The operative complaint [#119] consists of 111 pages.  The complaint is accompanied by a separate 65 page document captioned as a Declaration of Truth [#119-2 to #119-4].  The magistrate judge concludes, and I agree, that the prolixity of the plaintiffs' complaint violates the pleading requirements FED. R. CIV. P. 8(a).  The lack of organization in the complaint also violates the requirements of Rule 8.  The complaint [#119] is subject to dismissal on this basis alone.  Because the operative complaint [#119] is the plaintiffs' third attempt to plead their claims, the magistrate judge reviewed the plaintiffs' allegations under FED. R. CIV. P. 12(b)(1) and (b)(6), in addition to assessing the complaint under FED. R. CIV. P. 8.

The analysis of the magistrate judge is detailed and comprehensive.  With only two exceptions, which are discussed below, I agree with the magistrate judge's analysis.  The magistrate judge's Rule 12(b) analysis should provide plaintiff Dean

3

Carbajal with some guidance in his fourth attempt to plead his claims.

### A.  Prosecutorial Immunity

Defendants Myrl Serra, Sherri Price, and Patricia Kramer all are prosecutors who were involved allegedly in one or more criminal prosecutions against plaintiff Dean Carbajal.  The magistrate judge recommends that the claims against these defendants be dismissed based on prosecutorial immunity.  The plaintiffs object to that recommendation to the extent the plaintiffs' claims are based on the allegation that these defendants destroyed exculpatory evidence.

The United States Court of Appeals for the Third Circuit has held that a claim based on a prosecutor's alleged destruction of exculpatory evidence does not fall within the broad protection provided by prosecutorial immunity.  **Yarris v. County of Delaware**, 465 F.3d 129, 136 - 137 (3rd Cir. 2006); **see also Masters v. Gilmore**, 663 F.Supp.2d 1027, 1039 - 1040 (D. Colo. 2009).  The destruction of exculpatory evidence does not fall within prosecutorial immunity because such an action is not related to the prosecutorial function.  **Id**.  On this basis, I disagree with the magistrate judge's recommendation concerning the applicability of prosecutorial immunity to the claims against these defendants, but only to the extent the plaintiffs assert claims that defendants Myrl Serra, Sherri Price, and Patricia Kramer destroyed exculpatory evidence in a criminal prosecution against Dean Carbajal.  Otherwise, I agree that the claims against these defendants are subject to dismissal based on prosecutorial immunity.

It must be noted that defendant Patricia Kramer died on August 18, 2007.  *Motion to dismiss* [#52], p. 6.  The plaintiffs do not dispute this contention.  In this circumstance, a suit against Patricia Kramer is not proper.  Rather, Ms. Kramer's estate or its personal

4

representative must be substituted. **See, e.g., Martinez v. Winner**, 771 F.2d 424, 443 (10th Cir. 1985). On this basis, I dismiss all claims asserted against Patricia Kramer.

### B. Absolute or Qualified Immunity - Probation Officers

Defendants Carol Warner, Richard Mahar, David Romero, and Joseph Quintana are probation officers who were involved allegedly in the supervision of Dean Carbajal while on deferred judgment. The plaintiffs allege that these defendants knowingly and intentionally prepared and submitted false affidavits in support of contentions that Dean Carbajal had violated the terms of his parole and/or deferred judgment. The magistrate judge recommends that the claims against these defendants be dismissed because these defendants are entitled to testifying witness immunity and quasi-judicial immunity in relation to claims based on statements these defendants made to courts in affidavits, which statements concerned Dean Carbajal's deferred judgment or parole supervision.

To the extent the plaintiffs allege that these defendants knowingly submitted false affidavits in support of contentions that Dean Carbajal had violated the terms of his parole or deferred judgment, I disagree with the magistrate judge's recommendation. In the Tenth Circuit, "decisions involving the revocation of probation or parole by a probation or parole officer warrant only qualified, not absolute, immunity." **Snell v. Tunnell**, 920 F.2d 673, 692 n. 18 (10th Cir. 1990). For example, a parole officer who presents false information in order to have a parolee's parole revoked is not shielded by qualified immunity. **Russ v. Uppah**, 972 F.2d 300, 303 - 304 (10th Cir. 1992). In this context, a parole officer is analogous to a probation officer. The plaintiffs allege that the probation officer defendants, Carol Warner, Richard Mahar, David Romero, and Joseph Quintana, knowingly and intentionally prepared and submitted false affidavits in support of contentions that Dean Carbajal had violated the terms of his parole and deferred

judgment. In evaluating the current motions to dismiss, I must assume these allegations to be true. If these allegations are true, then the probation officer defendants are not entitled to quasi-judicial or qualified immunity on a claim based on these allegations.[2]

### C. Conclusion & Orders

Except for the issues relating to prosecutorial immunity and quasi-judicial or qualified immunity discussed above, I agree with the analysis of the magistrate judge as stated in the three recommendations currently at issue.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#198] filed August 8, 2011, is rejected respectfully to the extent the magistrate judge recommends that the plaintiffs' claims against Myrl Serra and Sherri Price based on allegations that these defendants intentionally destroyed exculpatory evidence in plaintiff Dean Carbajal's criminal case be dismissed based on prosecutorial immunity;

2. That the **Recommendation of United States Magistrate Judge** [#198] filed August 8, 2011, is rejected respectfully to the extent the magistrate judge recommends that the plaintiffs' claims against Carol Warner, Richard Mahar, David Romero, and Joseph Quintana based on allegations that these defendants intentionally prepared and submitted false affidavits in support of contentions that Dean Carbajal had violated the terms of his parole and/or deferred judgment be dismissed based on quasi-judicial or qualified immunity;

3. That the **Second Response To Second Amended Complaint and Motion**

---

[2] The record indicates that defendant Richard Mahar has not been served with a summons and the complaint. As a result, no motion to dismiss was filed by him or on his behalf.

**for Relief From Suit** [#128] filed April 13, 2011, which I read as a motion to dismiss, is **GRANTED**;

4. That all claims asserted against defendant Gregory Sullivan are **DISMISSED with prejudice**;[3]

5. That the **Defendants, Seventh Judicial District, Delta County Board of County Commissioners, Myrl Serra, Sherri Price, Patricia Kramer, Unknown Delta Sheriff, Bill Railey, Chris Weldon, Deputy Hatch, B. Wolfe, and Brian Shroeder's, Motion To Dismiss Plaintiffs' [Second] Amended Complaint** [#135] filed April 28, 2011, is **DENIED** as to claims asserted by plaintiff Dean Carbajal against defendants Myrl Serra and Sherri Price based on allegations that these defendants destroyed exculpatory evidence in a criminal prosecution against plaintiff Dean Carbajal;

6. That otherwise, the **Defendants, Seventh Judicial District, Delta County Board of County Commissioners, Myrl Serra, Sherri Price, Patricia Kramer, Unknown Delta Sheriff, Bill Railey, Chris Weldon, Deputy Hatch, B. Wolfe, and Brian Shroeder's, Motion To Dismiss Plaintiffs' [Second] Amended Complaint** [#135] filed April 28, 2011, is **GRANTED**;

7. That under FED. R. CIV. P. 12(b)(1), all claims asserted by the plaintiffs against defendants Seventh Judicial District, Delta County Board of County Commissioners, Myrl Serra, Sherri Price, Patricia Kramer, Unknown Delta Sheriff, Bill Railey, Chris Weldon, Deputy Hatch, B. Wolfe, Brian Shroeder are **DISMISSED with prejudice**, except for the claims asserted by plaintiff Dean Carbajal against defendants Myrl Serra and Sherri Price based on allegations that these defendants destroyed exculpatory

---

[3] I approve and adopt the reasons advanced and authority cited by the magistrate judge in the recommendation [#198] for the dismissal of claims with prejudice.

evidence in a criminal prosecution against Dean Carbajal;

8. That the **State Defendants' Motion To Dismiss the Second Amended Complaint** [#137] filed April 29, 2011, is **DENIED** to the extent plaintiff Dean Carbajal asserts claims against defendants Carol Warner, David Romero, and Joseph Quintana based on allegations that these defendants, acting as probation officers, knowingly and intentionally prepared and submitted false affidavits in support of contentions that Dean Carbajal had violated the terms of his parole and/or deferred judgment;

9. That otherwise, the **State Defendants' Motion To Dismiss the Second Amended Complaint** [#137] filed April 29, 2011, is **GRANTED**;

10. That under FED. R. CIV. P. 12(b)(1), all claims against defendants Steven Patrick, Charles Greenacre, Sandra Miller, James Schum, Jeff Herron, Mandy Allen, Carrol Warner, David Romero, Joe Quintana, and the Colorado Department of Corrections are **DISMISSED with prejudice**, except for the claims asserted by plaintiff Dean Carbajal against defendants Carol Warner, David Romero, and Joseph Quintana based on allegations that these defendants, acting as probation officers, knowingly and intentionally prepared and submitted false affidavits in support of contentions that Dean Carbajal had violated the terms of his parole and/or deferred judgment;

11. That the claims against defendant Jeff Boyd Herron based on his alleged conduct when acting as a judicial officer are **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(1);

12. That the claims against defendant Jeff Boyd Herron based on his alleged conduct when acting as a defense attorney are **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6);

13. That the **Defendants' Joint Motion To Dismiss** [#141] filed April 29, 2011,

is **GRANTED** on the terms stated in paragraphs fourteen (14) through twenty-one (21), below;

    14.  That the plaintiffs' complaint [#119] is **DISMISSED** for failure to comply with the requirements of FED. R. CIV. P. 8;

    15.  The under FED. R. CIV. P. 12(b)(6), the claims asserted by plaintiff Victoria Carbajal are **DISMISSED with prejudice**;

    16.  That under FED. R. CIV. P. 12(b)(6), all claims asserted against individual defendants in their official capacities are **DISMISSED with prejudice**;

    17.  That under FED. R. CIV. P. 12(b)(6), all claims asserted against defendants Don Wick, Arvada Chief of Police, and Denver Chief of Police are **DISMISSED with prejudice**;

    18.  That under FED. R. CIV. P. 12(b)(6), the claims asserted against defendant government entities Seventh Judicial District, Delta County Board of County Commissioners, City of Denver, Colorado Department of Corrections, City of Westminster, and City of Arvada are **DISMISSED with prejudice**;

    19.  That under FED. R. CIV. P. 12(b)(6), all claims against defendants Patrick Meester, A.J. DeAndrea, and Jourdan Lopez-Basgall are **DISMISSED with prejudice**;

    20.  That under FED. R. CIV. P. 12(b)(6), plaintiff Dean Carbajal's state law claim for fraud asserted against all defendants is **DISMISSED with prejudice**;

    21.  That under FED. R. CIV. P. 12(b)(6), all claims based on alleged conduct that occurred before November 23, 2009, excluding any claim directly related to the improper extension or revocation of plaintiff Dean Carbajal's deferred judgment, are **DISMISSED with prejudice** because all such claims are time barred;

22. That the **Defendants' Joint Motion To Dismiss** [#141] filed April 29, 2011, is **DENIED without prejudice** to the extent the defendants argue for the dismissal of other claims for failure to state a claim on which relief can be granted and based on the assertion of qualified immunity;

23. That if plaintiff Dean Carbajal chooses to file an amended complaint in this case, under the terms specified in this order, then the defendants may re-visit these arguments when addressing such an amended complaint, which amended complaint the court will require to be reasonably focused and brief;

24. That the **Motion by Defendants Laurie Freund, James Dixon, Adam Barrett, Sgt. Speerman, Joel Smith, Abbegayle Dorn, Jesse Rembert, Michael O'Neill, Brian O'Neill and Unknown Denver Police Officers One Through Four To Dismiss the Second Amended Complaint Pursuant to FED. R. CIV. P. Rule 12(b)(5)** [#142] filed April 29, 2011, is **DENIED without prejudice**;

25. That the following parties are **DROPPED** from this action: a) plaintiff Victoria Carbajal, b) Seventh Judicial District, c) Delta County Board of County Commissioners, d) Jeff Boyd Herron, e) J. Steven Patrick, f) Charles R. Greenacre, g) Sandra K. Miller, h) James W. Schum, i) Mandy Allen, j) Patricia Kramer; k) Unknown Delta Sheriff, l) City of Denver, m) Denver Chief of Police, n) Colorado Department of Corrections, o) City of Westminster, p) City of Arvada, q) Don Wick, r) Patrick Meester, s) A.J. DeAndrea, t) Jourdan Lopez-Basgall; and u) Gregory Sullivan, and the caption of this case **SHALL BE AMENDED** to remove these parties from the caption of this case;

26. That on or before November 15, 2011, plaintiff Dean Carbajal may file a third amended complaint;

27. That any third amended complaint **MUST COMPLY** with the following

10

conditions:

    a. The third amended complaint shall be **no more than 25 pages in length**;

    b. The page limitation shall be applicable to and include all matters addressed in the third amended complaint, except for the certificate of service;

    c. The page limitation shall be applicable to and include any attachment to the complaint, such as affidavits, declarations, or any other attachment;

    d. Any third amended complaint may not include claims that have been dismissed with prejudice in this order;

    e. Any third amended complaint may not name as a defendant any party who has been dropped from this action;

    f. Any third amended complaint may not include claims based on alleged conduct that occurred before November 23, 2008, unless such conduct was directly related to an improper extension or revocation of Mr. Carbajal's deferred judgment;

    g. Any third amended complaint must comply with the requirements of FED. R. CIV. P. 8; and

    h. Any third amended complaint shall be written on the court's standard prisoner complaint form for actions under 42 U.S.C. § 1983;

28. That the Clerk of the court **SHALL MAIL** to plaintiff Dean Carbajal, at his address of record, a copy of the court's standard prisoner complaint form for actions under 42 U.S.C. § 1983;

29. That any third amended complaint filed by plaintiff Dean Carbajal that does not comply with the requirements of this order and FED. R. CIV. P. 8, **SHALL BE**

**STRICKEN**;

30. That plaintiff Dean Carbajal is **WARNED** that the filing of a third amended complaint that does not comply with the requirements of this order and FED. R. CIV. P. 8, may result in the imposition of sanctions, which sanctions may include dismissal of this case;

31. That if plaintiff Dean Carbajal files a third amended complaint, any defendant named in that complaint shall be permitted to file a motion to dismiss the third amended complaint;

32. That the **Supplemental Recommendation of United States Magistrate Judge** [#202] filed August 9, 2011, which clarifies the recommendation of the magistrate judge concerning the dismissal with prejudice of claims against the Denver Chief of Police, is **APPROVED** and **ADOPTED** as an order of this court;

33. That the **Supplemental Recommendation of United States Magistrate Judge** [#207] filed August 19, 2011, which clarifies the recommendation of the magistrate judge concerning the dismissal with prejudice of claims against the City of Arvada, is **APPROVED** and **ADOPTED** as an order of this court;

34. That the objection [#210] filed by defendant Unknown Delta Sheriff is **SUSTAINED**;

35. That the objection [#211] filed by the plaintiffs is **SUSTAINED** to the extent the plaintiffs assert that prosecutorial immunity is not applicable to the plaintiffs' claims that defendants Myrl Serra and Sherri Price destroyed exculpatory evidence in a criminal prosecution against Dean Carbajal;

36. That the objection [#211] filed by the plaintiffs is **SUSTAINED** to the extent the plaintiffs assert that absolute or qualified immunity is not applicable to the plaintiffs'

claims that defendants Carol Warner, Richard Mahar, David Romero, and Joseph Quintana, acting as probation officers, knowingly and intentionally prepared and submitted false affidavits in support of contentions that Dean Carbajal had violated the terms of his parole and deferred judgment;

37.  That otherwise, the objection [#211] filed by the plaintiffs is **OVERRULED**; and

38.  That **Defendants' Request for Clarification, or Alternatively, Objection to Court's August 8, 2011 Report and Recommendation** [#209] filed August 22, 2011, is **GRANTED** as the court has considered the defendants' replies [#190 & #191] in resolving the issues addressed in the recommendations of the magistrate judge.

Dated October 19, 2011, at Denver, Colorado.

**BY THE COURT:**

_Bob Blackburn_
Robert E. Blackburn
United States District Judge