**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiffs,

v.

SEVENTH JUDICIAL DISTRICT, political subdivision of the State of Colorado, et al.,

    Defendants.

## ORDER CONCERNING PLAINTIFF'S MOTION FOR CLARIFICATION

**Blackburn, J.**

This matter is before me on the plaintiff's[1] **Motion for Clarification and/or Contemporaneous Objection and Request for Leave To Appeal An Order Pursuant to FED. R. CIV. P. Rule 54(b)** [#234][2] filed November 1, 2011. I grant the motion in part and deny it in part.

Generally, the plaintiff's motion concerns my **Order Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge** [#229] filed October 19, 2011. In that order, I granted the motions to dismiss of several of the defendants and ordered the plaintiff to file an amended complaint under terms specified in the order. The plaintiff seeks clarification or reconsideration of parts of that order.

---

[1] The plaintiff lists in the caption of his motion a second plaintiff, Victoria Carbajal. All claims asserted by Victoria Carbajal were dismissed in my order [#229], and Victoria Carbajal is not a party in this case.

[2] "[#234]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The bases for granting reconsideration of an order are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

The plaintiff argues that the claims asserted against the Delta County Board of County Commissioners, The City and County of Denver, and a defendant named as unknown Delta Sheriff, in his individual and official capacities, should not have been dismissed with prejudice. Having reviewed the record, including the recommendation [#198] and the objection [#210] filed by unknown Delta Sheriff, I agree in part. The magistrate judge recommended that the claims against these three defendants be dismissed without prejudice. *Recommendation* [#198], p. 43. With one exception, discussed below, the plaintiff's claim or claims against these defendants are not, on the current record, subject to dismissal with prejudice. However, the claims asserted against the defendant named as unknown Delta Sheriff in his official capacity are subject to dismissal with prejudice.

If the plaintiff files an amended complaint, he may assert a claim or claims against unknown Delta Sheriff, but only in his individual capacity. The plaintiff is warned that claims asserted against parties named as unknown, John Doe, or other generic references are subject to dismissal if the true identity of the party is not specified within a reasonable time. It is the plaintiff's burden to identify each party named in his

2

complaint.

In my recent order [#229], I granted the plaintiff permission to file a third amended complaint on or before November 15, 2011.  In his present motion, the plaintiff raises several issues about the filing of an amended complaint.   In my order [#229],  I ordered that any third amended complaint not exceed 25 pages in length.  The plaintiff argues that 25 pages is not sufficient to permit him to state all of the claims he has against all of the defendants he wishes to name.  On this basis, he seeks an expansion of the page limitation.  In the alternative, the plaintiff seeks to divide his claims into two groups, and to file separate complaints stating his claims in each group.  In effect, this would permit the plaintiff to file a 50 page complaint.  There is no valid basis for expanding the page limitation for the plaintiff's third amended complaint. Twenty-five pages is sufficient for the plaintiff to provide a short and plain statement of his claims, as required by FED. R. CIV. P. 8.

I ordered the plaintiff to file any third amended complaint on the court's standard prisoner complaint form for actions under 42 U.S.C. § 1983.  In his present motion, the plaintiff notes that the first page of the form complaint provides space to name eight defendants.  The plaintiff wishes to name 22 defendants.  Thus, the plaintiff may create his own caption page listing the 22 defendants he wishes to name.

One defendant named in the plaintiff's previous complaint, Patricia Kramer, is deceased.  The plaintiff now seeks permission to name Patricia Kramer's estate as a defendant.  Nothing in the court's previous order [#229] precludes the plaintiff from naming an estate representative as a defendant.

The plaintiff seeks also an extension of time to file his third amended complaint so he may have the issues raised in his present motion resolved before writing his third

3

amended complaint. I grant the plaintiff an additional 21 days in which to file his third amended complaint.

Finally, the plaintiff seeks a certification of the my recent order [#229] as a final judgment under FED. R. CIV. P. 54(b). Under FED. R. CIV. P. 54(b), I may direct entry of final judgment as to one or more, but fewer than all, claims in a case if I determine that there is " no just reason for delay" in entering such a judgment. There is no valid basis for certification of my recent order [#229] as a final judgment. The plaintiff's motion for a Rule 54(b) certification is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Clarification and/or Contemporaneous Objection and Request for Leave To Appeal An Order Pursuant to FED. R. CIV. P. Rule 54(b)** [#234] filed November 1, 2011, is **GRANTED** in part;

2. That my **Order Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge** [#229] filed October 19, 2011, is **AMENDED** to provide that the claims against defendants, the Delta County Board of County Commissioners, The City and County of Denver, and unknown Delta Sheriff, in his individual capacity, are **DISMISSED** without prejudice;

3. That otherwise, my **Order Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge** [#229] filed October 19, 2011, **SHALL REMAIN** in full force and effect;

4. That the plaintiff's request for an expansion of the 25 page limitation on his third amended complaint is **DENIED**;

5. That in filing his third amended complaint, the plaintiff **SHALL FILE** a complaint on the court's standard prisoner complaint form for actions under 42 U.S.C. §

4

1983, but the plaintiff **MAY PREPARE AND FILE** a first page to the complaint without using the court's form, so long as all information required on page one of the court's form is provided in the third amended complaint;

      6.  That if the plaintiff chooses to file a third amended complaint, that complaint **SHALL BE FILED** on or before December 6, 2011; and

      7.  That otherwise, the plaintiff's **Motion for Clarification and/or Contemporaneous Objection and Request for Leave To Appeal An Order Pursuant to FED. R. CIV. P. Rule 54(b)** [#234] filed November 1, 2011, is **DENIED**.

      Dated November 10, 2011, at Denver, Colorado.

                                           **BY THE COURT:**

                                           */s/ Robert E. Blackburn*
                                           Robert E. Blackburn
                                           United States District Judge