**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

SEVENTH JUDICIAL DISTRICT, political subdivision of the State of Colorado, et al.,

    Defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

The matter before me is the plaintiff's **Ex Parte Petition for Temporary Restraining Order Pursuant to F**ED**. R. C**IV**. P. 65** [#239][1] filed November 18, 2011. I deny the motion on both procedural and substantive grounds.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

A temporary restraining order is extraordinary relief. A party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;

---

[1] "[#239]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

and (4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. FED. R. CIV. P. 65(b).

### III.  ANALYSIS

Procedurally, the plaintiff's motion is improper. Currently, there is no operative complaint in this case. The plaintiff's previous complaint [#119] was dismissed on October 19, 2011, based on the plaintiff's failure to comply with FED. R. CIV. P. 8. *Order* [#229], p. 9. The plaintiff has been granted leave to amend his complaint but, to date, the plaintiff has not filed an amended complaint. Absent an operative complaint, it is not possible to determine whether or not the plaintiff has any likelihood of success on a claim on which his request for a temporary restraining order is based. On this basis, I deny the motion.

In addition I deny the motion on substantive grounds. The plaintiff, who is incarcerated in the Colorado Department of Corrections (DOC), claims the DOC is preventing him from communicating with his mother, Victoria Carbajal, and restricting or destroying his legal mail. The plaintiff claims these restrictions interfere with his right to litigate his civil action and his right "to peacefully assemble in redress of grievances." *Motion* [#239], p. 5. Notably, Victoria Carbajal is no longer a plaintiff in this case, and the plaintiff does not describe how communication with his mother is necessary for him to prosecute this case or any other case.

The plaintiff claims also that the DOC restrictions have caused loss of evidence, dismissal of another civil action, deprivation of his rights to political freedom and due

process of law, and serious emotional distress. However, the plaintiff does not allege any facts that connect alleged actions taken by the defendants to the claimed deprivations. Rather, the allegations in the plaintiff's motion are largely conclusory. Even if the plaintiff had a complaint pending that included a claim related to the relief he seeks in his current motion, the motion would be subject to denial for failure to demonstrate both a likelihood of success on the merits and irreparable injury that could be prevented by the issuance of a temporary restraining order.

**THEREFORE, IT IS ORDERED** that the plaintiff's **Ex Parte Petition for Temporary Restraining Order Pursuant to F**ED**. R. C**IV**. P. 65** [#239] filed November 18, 2011, is **DENIED**.

Dated November 22, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge