IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

     Plaintiff,

v.

MYRL SERRA, in his individual capacity,
SHERRI PRICE, in her individual capacity,
CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BEA WOLFE, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
BOARD OF COUNTY COMMISSIONER OF DELTA COUNTY, a political subdivision of
the State of Colorado,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual
capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual
capacity, and
UNKNOWN REPRESENTATIVE, Representative of Patricia Kramer's Estate, former
Deputy District Attorney for the Seventh Judicial District, in her individual capacity,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

-1-

This matter is before the Court on the Plaintiff's **Motion to Set Hearing** [Docket No. 265; Filed January 31, 2012] and Plaintiff's **Motion for Sanctions Pursuant to Fed. R. Civ. P. Rule 11** [Docket No. 266; Filed January 31, 2012] (the "Motion for Sanctions").  In the Motion for Sanctions, Plaintiff, who proceeds in this matter *pro se*, requests that the Court award sanctions pursuant to Fed. R. Civ. P. 11 against the Denver Defendants, the State Defendants, and the Delta Defendants for contending they were not properly served with the summons and complaint in this action, despite Plaintiff's alleged multiple attempts to serve them.  The State Defendants (Carol Warner, David Romero, and Joe Quintana) filed a Response to the Motion for Sanctions on February 17, 2012. [#279].  The Delta Defendants (Myrl Serra ["Serra"], Sherri Price, Unknown Representative of Patricia Kramer estate, Fred McKee, Bill Railey, Chris Weldon, Bea Wolfe, Benjamin Schroeder, and Board of County Commissioners of Delta County) filed a Response on February 21, 2012. [#281].  The Denver Defendants also filed a Response on February 21, 2012. [#282].  Plaintiff filed a Reply on March 1, 2012. [#292].

**A.     Denver Defendants, State Defendants, and Delta Defendants Aside from Defendant Serra**

Plaintiff's allegations against the Denver Defendants, State Defendants, and Delta Defendants[1] are conclusory, without specificity, and without any evidentiary support.[2]  For

---

[1]  The Court addresses Plaintiff's challenge to service of process on Defendant Serra, one of the Delta Defendants, separately below.

[2]  The Court notes that the docket in this matter is already very large.  Plaintiff refers to almost no filings in his case by title or by docket entry number.  Plaintiff is admonished to provide docket entry numbers in all future filings any time that he refers to the record.  Failure to do so will result in such filings being summarily stricken.

example, Plaintiff states:

> On April 29, 2011 the Denver Defendants, through counsel Robert Wolf[ ], filed a frivolous action negating service [DOC #142] again, with the intent to harass [Plaintiff], cause delay, and unnecessary costs. [Plaintiff] was then forced to obtain moneys from family to pay independent process servers, a third time, to investigate the location of the Defendants, and serve them personally. The State and Delta Defendants, through Patrick Sayas and Jeffrey Driscoll each, also, negated service and continued to refuse to waive service. This abuse resulted in great emotional distress to [Plaintiff] and his defense team and delayed proceedings and has burdened [Plaintiff] and his defense team with additional and unnecessary costs.

*Motion for Sanctions* [#266] at 2.

The Denver Defendants aver that they were not originally properly served but, rather, "documents were simply dumped on a person who was not authorized to accept service of summons and complaint on behalf of the named defendants." *Denver's Response* [#282] at 1. The Denver Defendants further state that once they were properly served, they no longer pursued the issue of improper service. *See id.* The Denver Defendants then note that Plaintiff's motion is primarily based upon failure to waive service of process. *See id.* at 2. They state that "[n]ot a single named Denver Defendant police officer ever received any documents giving him or her an opportunity to waive formal process." *Id.* They assert that "Plaintiff never provided any Denver Defendant with: a request in writing to waive process; a waiver form; a prepaid means for returning the form; or advisement of the consequences of failure to waive," as required by Fed. R. Civ. P. 4(d). *Id.* The Denver Defendants argue that "Plaintiff's motion is frivolous and based on a misrepresentation to the Court." *Id.* at 2-3.

The State Defendants assert that the "record does not reflect that Plaintiff sought a waiver of service" from any State Defendant before attempting service. *State's Response*

[#279] at 3.   On January 6, 2011, Plaintiff filed a request for an extension of time and attached proof of service on the State Defendants.  *See Motion for Extention* [sic] [#15] at 6, 8, 15-17, 20, 44, 59-60.  All but one undated proof of service were dated November 29, 2010, with no indication that Plaintiff contacted any State Defendant about waiving service before attempting service.  *See id.*; *State's Response* [#279] at 4.  On February 17, 2011, the State Defendants responded to Plaintiff's submission of these proofs of service by filing a motion to dismiss the Complaint "for insufficient service of process or in the alternative to quash service of process."  *State's Response* [#279] at 4; *Motion to Dismiss* [#31].  The State Defendants attached affidavits declaring that they had not been personally served with copies of the summons and Complaint or, in the case of the entity Defendants, that the person responsible for accepting service of process on behalf of the entity had not been served.  *See Exs. A-J to Motion to Dismiss* [#31-1].  One State Defendant, Joe Quintana, attested "that he was not employed by the State at the time Plaintiff allegedly served him at a probation department office."  *State's Response* [#279] at 4; *Ex. F to Motion to Dismiss* [#31-1].  After Plaintiff filed an Amended Complaint [#33] on February 28, 2011, the State Defendants either agreed to waive service, or Plaintiff filed returns of service, or motions to dismiss were filed that included service arguments.  *See State's Response* [#279] at 4.

Early in this lawsuit, the Delta Defendants asserted that Plaintiff did not afford them the opportunity to waive service pursuant to Fed. R. Civ. P. 4(d).  *See Motion for Extension of Time* [#8] at 3.   Plaintiff did not challenge the assertion at that time or provide documentation demonstrating that proper waiver of service had been presented to the Delta Defendants.  *See Delta's Response* [#281] at 2.  The Delta Defendants filed Motions to Dismiss asserting various service-of-process defenses, asserting that Plaintiff had failed

to submit proof of service on some Defendants, had served the wrong location or workplace for some individuals, had failed to identify who had been served, and had purportedly served a deceased individual. *See id.* at 2-3; *Motion for Extention* [sic] [#15]; *Motions to Dismiss* [#49, #51, #52]. Plaintiff filed new proofs of service on March 22, 2011. *See Summons Returned* [#83, #84]. In response to his Second Amended Complaint, the only Delta Defendants to request dismissal based on insufficient service of process were Myrl Serra and Patricia Kramer. *See Motion to Dismiss* [#135].

The Court has already addressed Defendants' arguments respecting service of process at least once in this matter. On August 8, 2011, the Court issued a Recommendation of United States Magistrate Judge [#198], which was later adopted in relevant part by the District Judge [#229]. In that Recommendation, the Court stated:

> The Court declines to address Defendants' arguments concerning the propriety of service at this juncture. Although it appears likely that Plaintiffs did not serve many Defendants in strict compliance with applicable service rules and statutes, it also appears that all Defendants have received actual notice of this case to the extent that they have been able to enter an appearance, either *pro se* or through counsel, before the Court. Because all Defendants have timely entered appearances and joined in one or more of the pending Motions, the Court finds that none of them can demonstrate at this juncture that they have suffered "'any material prejudice to any substantial rights'" due to insufficient service of process.

*Recommendation* [#198] at 13-14.

The Court notes that the basis provided for Plaintiff's request for sanctions is inappropriate against the Denver Defendants, State Defendants, Delta Defendants, and their respective attorneys Robert Wolf, Patrick Sayas, and Jeffrey Driscoll. Defendants have a right to assert defenses listed in Fed. R. Civ. P. 12(b), which include the defenses of insufficient process, Fed. R. Civ. P. 12(b)(4), and insufficient service of process, Fed. R.

Civ. P. 12(b)(5).  Despite Plaintiff's disagreement with the applicability of certain defenses,

Fed. R. Civ. P. 11 does not justify imposition of sanctions unless Plaintiff can establish that

Defendants asserted that service of process was insufficient for an improper purpose or

without evidentiary support.  Plaintiff has provided no evidence that he provided any of

these Defendants with the proper documents and information required to request waiver

of service pursuant to Fed. R. Civ. P. 4(d).   Other than vague, conclusory, and

unsubstantiated assertions, he has provided no indication that any of these Defendants or

their attorneys asserted insufficiency of service of process for improper purposes.

Accordingly, the Court declines to award sanctions to Plaintiff against any of these

Defendants or their attorneys.  Further, the Court warns Plaintiff that his Motion appears

to be frivolous with respect to these Defendants.  In the future, the Court <u>will</u> impose

sanctions on Plaintiff for the filing of frivolous motions pursuant to Fed. R. Civ. P. 11(c).

**B.    Defendant Serra**

Plaintiff further asserts that Defendant Serra perjured himself with respect to the

circumstances surrounding Plaintiff's attempted service on him on March 10, 2011.  On

July 22, 2011, Defendant Serra filed an affidavit claiming that his young son was served

with the summons and complaint.  *Aff. of Serra* [#190-1] at 3.  Specifically, he states:

> I was not at 700 N. Cascade Avenue in Montrose, Colorado on March 10,
> 2011.  On or about March 10, 2011, an individual came to the front door at
> 821 N. Park, Montrose, Colorado.  My 9-year-old son, Mario, answered the
> door.  This individual handed court documents to my 9-year-old son.

*Id.*

Plaintiff provides a sworn statement from his mother, Victoria Carbajal, that she rode

with the process server to Defendant Serra's residence on that day.  *Motion* [#266] at 7 (Ex.

-6-

A, Aff. of Victoria Carbajal).  Specifically, she states:

> On March 10, 2011 6:30 P.M. I Victoria Carbajal drove Jess Jimenez to Mr. Myrl Serra['s] residence at 821 North Park [A]venue in Montrose, Co. to serve a summons and complaint on Mr. Myrl Serra.  I was parked on the side of the street[;] I was able to observe[ ] Jess Jimenez handing a summons and Complaint to an older male subject who answered the door.

*Id.*

Pursuant to Fed. R. Civ. P. 11(b)(1), any paper presented to the Court must not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  In addition, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  Further:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of all or part of all the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

Comparing the sworn statements of Defendant Serra and Victoria Carbajal, the Court finds that there is a genuine issue of material fact with respect to whether Defendant Serra violated Fed. R. Civ. P. 11(b)(1) by committing perjury through the presentation of sworn testimony in his affidavit for an "improper purpose," i.e., avoiding service by Plaintiff of this lawsuit.  The Court will therefore hold an evidentiary hearing with respect to the circumstances surrounding the attempted service on Defendant Serra on March 10, 2011.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion for Sanctions [#266] is **DENIED** with respect to all Defendants except for Defendant Serra.  The Court defers adjudication of the merit of Plaintiff's Motion for Sanctions against Defendant Serra until the Court holds an evidentiary hearing on this issue.

IT IS FURTHER **ORDERED** that the Motion to Set Hearing [#265], which requests a hearing to determine the amount of sanctions to be awarded pursuant to the Motion for Sanctions, is **GRANTED in part**.

Accordingly,

IT IS FURTHER **ORDERED** that an Evidentiary Hearing is **SET** for **April 16, 2012** at **1:30 p.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.  The purpose of the hearing will be for Plaintiff and Defendant Serra to present live testimony regarding the facts surrounding Plaintiff's Motion for Sanctions as to Defendant Serra.  Plaintiff and his case manager shall contact the court at (303) 335-2770 on the above date and time in order to participate.

IT IS FURTHER **ORDERED** that Plaintiff and Defendant Serra shall provide to each other and to the Court a list of exhibits each expects to submit and of witnesses each expects to call at the hearing **no later than April 9, 2012**.

IT IS FURTHER **ORDERED** that the Clerk's Office shall electronically mail a copy of this Minute Order to the legal assistant for the Department of Corrections at the following address: service_of_process@doc.state.co.us. and shall mail a courtesy copy to the case manager for Plaintiff at his facility.

Dated:  March 7, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge