IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

MYRL SERRA, in his individual capacity,
SHERRI PRICE, in her individual capacity,
CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BEA WOLFE, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
BOARD OF COUNTY COMMISSIONER OF DELTA COUNTY, a political subdivision of the State of Colorado,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity, and
UNKNOWN REPRESENTATIVE, Representative of Patricia Kramer's Estate, former Deputy District Attorney for the Seventh Judicial District, in her individual capacity,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

-1-

This matter is before the Court on Plaintiff's **Petition for Writ of Habeas Corpus Ad Testificandum** [Docket No. 313; Filed April 4, 2012] (the "Habeas Petition"); Plaintiff's **Petition for Issuance of Subpoenas** [Docket No. 315; Filed April 4, 2012] (the "Subpoena Petition"); and Defendant Myrl Serra's ("Serra") **Motion to Allow Witness to Appear by Telephone at the April 16, 2012 Evidentiary Hearing** [Docket No. 317; Filed April 5, 2012] (the "Motion"). On April 9, 2012, Defendant Serra filed an Objection to Plaintiff's Identification of Mario Serra as a Witness and Objection to Plaintiff's Petition for Issuance of Subpoenas (to Mario Serra) [#320] (the "Response"). The Court is fully advised in the premises. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Habeas Petition [#313] is **DENIED**.

IT IS FURTHER **ORDERED** that the Subpoena Petition [#315] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Motion [#317] is **GRANTED**.

### A. Background

Plaintiff Dean Carbajal ("Mr. Carbajal") filed this case *pro se* in November of 2010. His original seventy-two-page Complaint included his mother, Victoria Carbajal, as a plaintiff, and named sixty-one defendants, including three Boards of County Commissioners, four Colorado cities, three County Probation Departments, a county sheriff's department, three police departments, numerous police officers and other individuals. Mr. Carbajal alleges a variety of legal wrongs stemming from his lengthy involvement with law enforcement after a 1999 arrest in Delta County, Colorado. *See Compl.* [#1] at 1-30. He is currently incarcerated at Centennial Correctional Facility.

Among the many disputes that arose almost immediately upon the filing of this action

were those relating to service of the summonses and Complaint on Defendants.  Suffice it to say that one remaining loose end from those disputes is whether Mr. Carbajal is entitled to sanctions pursuant to Fed. R. Civ. P. 11 because Defendant Serra, the former Delta County District Attorney who is presently incarcerated on unrelated charges, filed an allegedly false affidavit claiming that his minor son, Mario, was improperly served with the original summons and Complaint in this matter.  By Order dated March 7, 2012, the Court set an evidentiary hearing on this issue for April 16, 2012. [#297]

On April 4, 2012, a mere twelve days before the evidentiary hearing, Mr. Carbajal filed his Subpoena Petition, asking the Court to authorize issuance of witness subpoenas to the process server, Jess Jimenez, and now 10-year-old Mario Serra.  *See Response* [#320] at 1-2.  As mentioned earlier, Mr. Carbajal is proceeding *pro se*, and likely does not appreciate that service of subpoenas on witnesses cannot be effectively accomplished within the time remaining prior to the hearing.  This issue is discussed further below.

### B.  Analysis

In the Habeas Petition [#313], Mr. Carbajal seeks a Court Order permitting him and Defendant Serra, both of whom are presently incarcerated, to attend the hearing on the Motion for Sanctions in person.  *See Order* [#297] at 8.  "Having plaintiff prisoners appear by telephone is a necessary occurrence . . . if the magistrate judges of this Court hope to have success in scheduling" hearings.  *See Spatziani v. Corrs. Corp. of Am.*, No. 07-cv-01254-RPM-MEH, 2009 WL 586415, at *4 (D. Colo. Feb. 13, 2009), *recommendation rejected on other grounds by Spatziani v. Corrs. Corp. of Am.*, No. 07-cv-01254-RPM-MEH, 2009 WL 586386, at *1 (D. Colo. Mar. 6, 2009).  The Court finds no compelling reason why Mr. Carbajal and Defendant Serra should attend the hearing in person as opposed to

appearing by telephone, which each has already been granted leave to do. *See Order* [#297] at 8; *Minute Order* [#306] at 2. Accordingly, the Habeas Petition [#313] is **denied.**

In the Motion [#317], Defendant Serra seeks leave to permit one of his witnesses, Gwen Serra ("Mrs. Serra"), to appear by telephone. Defendant Serra asserts that Mrs. Serra, who is his mother, was "at the residence at the time Plaintiff alleges personal service was obtained" on Defendant Serra and will testify as to her observations on that day. *See Motion* [#317] at 2. Defendant Serra further asserts that Mrs. Serra is 79 years old, is in poor health, and lives approximately 300 miles away from the courthouse. *See id.* He provides a letter from John Lambert, M.D., who states that Mrs. Serra is "chronically ill" and "nearly homebound because of her medical conditions," which "are disabling to her and would make traveling to Denver both difficult and hazardous to her health." *Ex. to Motion* [#317-1]. In consideration of Mrs. Serra's medical condition, the Motion [#317] is **granted**. *See, e.g.*, *Harvey v. United States*, No. CIVA04CV00188WYDCBS, 2005 WL 3164236, at *15 (D. Colo. Nov. 28, 2005) (repeatedly allowing *pro se* litigant to appear at hearings and other court proceedings by telephone due to his medical condition).

In the Subpoena Petition [#315], Mr. Carbajal requests that the Court enter an Order permitting service of subpoenas pursuant to Fed. R. Civ. P. 45 on two witnesses he would like to call at the hearing on his Motion for Sanctions: Mario Serra and Mr. Jimenez. Fed R. Civ. P. 45 governs the Court's issuance of subpoenas to compel witnesses to attend and give testimony at hearings or trials. A subpoena may be issued by the Court, the Clerk of the Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3); *U.S. Catholic Conference v.*

*Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988). Thus, a *pro se* litigant who is not a licensed attorney may not issue subpoenas on his own and must seek them from the Court. *See United States v. Meredith*, 182 F.3d 934, at *1 (10th Cir. 1999) (unpublished).

Pursuant to Fed. R. Civ. P. 45(a)(3), the Clerk of Court "*must* issue a subpoena, signed but otherwise in blank, to a party who requests it." (Emphasis added). Although the Court may quash a subpoena after service, the Court apparently has no discretion to deny issuance of subpoenas on request. Thus, the Subpoena Petition [#315] is **granted**. The subpoenas to be served on Mr. Jimenez and Mario Serra are for the limited purpose of requiring their appearance at the Evidentiary Hearing on Plaintiff's Motion for Sanctions and to provide testimony with respect to the circumstances surrounding the attempted service of summons and Complaint on Defendant Serra on March 10, 2011.[1] Due to Plaintiff's status as an incarcerated individual,

IT IS FURTHER **ORDERED** that the United States Marshal shall serve Mr. Jimenez and Mario Serra each with a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action, along with a copy of this Order. All costs of service shall be advanced by the United States.

---

[1] Mr. Carbajal is warned that, pursuant to Fed. R. Civ. P. 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and may impose an appropriate sanction . . . on a party or attorney who fails to comply." Defendant Serra has already indicated that he opposes the issuance of a subpoena to compel the attendance of Mario Serra, in part on the basis that Mario Serra is a ten-year-old minor living in western Colorado, approximately six hours by car from the courthouse in Denver; that his father, Defendant Serra, is presently incarcerated and has no means of transporting Mario to Denver; and that the information sought from Mario is available from other sources. *See Response* [#320]. The Court thus anticipates that Defendant Serra may file a motion to quash a subpoena served on Mario Serra. Any motion to quash the subpoenas served in connection with the Evidentiary Hearing must be promptly filed to allow consideration prior to the hearing. Untimely filing of such motions to quash will result in their denial.

As explained above, Mr. Carbajal waited until April 4, 2012 to file his Subpoena Petition, despite being notified in an Order dated March 7, 2012 that a hearing was set for April 16, 2012. Fed. R. Civ. P. 45(c)(3)(A)(i) requires that a subpoena must be served within a "reasonable" time before the hearing. Given the current date, there is insufficient time to ensure proper service of the subpoenas on Mr. Jimenez and Mario Serra prior to the Evidentiary Hearing. Accordingly,

IT IS FURTHER **ORDERED**, *sua sponte*, that the Evidentiary Hearing set for **April 16, 2012** at **1:30 p.m.** is **vacated and reset to June 26, 2012 at 1:30 p.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Plaintiff and his case manager and Defendant Serra and his case manager shall contact the court at (303) 335-2770 on the above date and time in order to participate.

IT IS FURTHER **ORDERED** that Plaintiff and Defendant Serra shall provide to each other and to the Court an updated list of exhibits each expects to submit and of witnesses each expects to call by filing such lists on the docket **no later than June 19, 2012**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall electronically mail a copy of this Order to the legal assistant for the Department of Corrections at the following address: service_of_process@doc.state.co.us and shall mail a courtesy copy of this Order to the case manager for Plaintiff at his facility.

Dated: April 12, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge