IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

      Plaintiff,

v.

MYRL SERRA, in his individual capacity,
SHERRI PRICE, in her individual capacity,
CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BEA WOLFE, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
BOARD OF COUNTY COMMISSIONER OF DELTA COUNTY, a political subdivision of
the State of Colorado,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual
capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual
capacity, and
UNKNOWN REPRESENTATIVE, Representative of Patricia Kramer's Estate, former
Deputy District Attorney for the Seventh Judicial District, in her individual capacity,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Myrl Serra's ("Serra") **Motion to**

**Quash Subpoena** [Docket No. 340; Filed June 1, 2012] and **Plaintiff's Petition to Enforce Subpoena or in Alternative Modify and Response to Serra's Petition to Quash Subpoena** [Docket No. 345; Filed June 14, 2012].  The Court has considered the two Motions, the case record, and the applicable law, and is fully advised in the premises. For the reasons stated herein,

IT IS HEREBY **ORDERED** that Defendant Serra's Motion to Quash Subpoena ("Motion to Quash") [#340] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff's Petition to Enforce Subpoena or in Alternative Modify and Response to Serra's Petition to Quash Subpoena [#345] is **GRANTED IN PART** to the extent that the Court will consider Plaintiff's Response, and **DENIED IN PART** in all other respects.

## I.    Background

In the Motion to Quash, Defendant Serra seeks to quash the subpoena served on his son Mario Serra ("Mario") by Plaintiff in connection with an Evidentiary Hearing on Plaintiff's Motion for Sanctions [#266] set for June 26, 2012 at 1:30 p.m. at the federal courthouse in Denver, Colorado.  Mario is a ten-year-old minor living in western Colorado, approximately four hours by car from the courthouse in Denver.  [#340] at 3.  Defendant Serra, his father, is presently incarcerated and avers that he has no means of transporting Mario to Denver.  *Id.* at 2.  Mario is in the care and custody of his aunt, Monique Serra, but will be staying with another aunt, Michelle Serra, in Overland Park, Kansas during the summer months.  *Id.*  Defendant Serra attests that the burden imposed by the subpoena on Mario is undue in terms of travel and expense, and alleges that Gwen Serra, his mother (and Mario's grandmother) was present at the time of service (the event at issue in the Motion for Sanctions), and will provide testimony at the Evidentiary Hearing by telephone.

*Id.* at 3-4.

In response, Plaintiff contends that Defendant Serra does not have standing to contest the subpoena regarding Mario, because Defendant Serra is incarcerated, and Mario is in the care of Monique Serra. [#345] at 2. Plaintiff further avers that the Motion to Quash is untimely. *Id.* at 3. Plaintiff asserts that Mario's testimony is material and relevant, as Defendant Serra specifically referred to Mario in his affidavit regarding service which provides the basis of Plaintiff's Motion for Sanctions. *Id.* at 4. Plaintiff asks the Court to require Mario's appearance at the hearing on the Motion for Sanctions, and concedes that Mario could appear by telephone. *Id.*

## II.   Analysis

Mario Serra is not a party to this case. Fed. R. Civ. P. 45 governs discovery from non-parties by subpoena. Rule 45 requires that a motion to quash or modify the subpoena be timely filed if the subpoena (1) fails to allow a reasonable time to comply, (2) requires a nonparty to travel more than 100 miles to comply with the subpoena, (3) requires disclosure of privileged or other protected matter, or (4) subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A).

The Court first addresses Plaintiff's challenge to Defendant Serra's standing. "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought . . . [or] upon a showing that there is a privacy interest applicable." *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). Further, an objecting party has standing to move to quash a subpoena issued to a nonparty if "the objecting party claims some personal right or privilege with regard to the documents sought." 9A Wright, Miller, Kane, & Marcus, Fed. Prac. & Proc. Civ. § 2459 (3d ed.); *see also United States v. Gonzales*, No. 10-cr-00396-

CMA, 2010 WL 3853324, at *2 (D. Colo. Sept. 8, 2010) (citation omitted) ("A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests.").

Here, Defendant Serra is Mario's father, and Defendant Serra's affidavit is the subject of Plaintiff's Motion for Sanctions which the Court will adjudicate at the Evidentiary Hearing. Despite Defendant Serra's incarcerated status, the Court finds that it is reasonable to conclude the Defendant Serra claims a personal right and legitimate interest in the burden on his minor son that could result by enforcement of the subpoena. Therefore, the Court holds that Defendant Serra has standing to challenge the subpoena issued to his minor son in the circumstances at issue. Additionally, because Defendant Serra filed his Motion to Quash before the compliance date of the subpoena, and with enough time for the Court to review a response by Plaintiff, the Court accepts the Motion to Quash as timely filed.

Regarding the burden imposed by enforcement of the subpoena against Mario, "[t]he reasonableness of a subpoena depends on the balance of the interest served by demanding compliance with the subpoena against the interests served by quashing it." *Meacham v. Church*, No. 2:08-cv-535, 2010 WL 1576711, at *2 (D. Utah Apr. 19, 2010) (citing 9A Fed. Prac. & Proc. Civ. § 2463.1; *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004)). The Court may quash or modify a subpoena that is unreasonable on the basis of "annoyance, embarrassment, oppression, or undue burden or expense or seeks privileged or otherwise protected information." *Meacham*, 2010 WL 1576711, at *2 (citations omitted). The Court also considers whether the information "is necessary and available from any other source." *Id.* (quoting 9A Fed. Prac. & Proc. Civ. § 2463.1).

As stated above, Mario is a ten-year-old minor living in western Colorado, and for the summer, residing in Overland Park, Kansas, which are both located more than 100 miles from the courthouse in Denver.  As Defendant Serra represents that given his imprisonment, he has no means of transporting Mario to the courthouse, the Court agrees that the appearance of Mario at the hearing would be unreasonably burdensome. Moreover, the Court is not inclined to compel the appearance of minor witnesses in federal court unless there is no reasonable alternative.  *See, e.g.*, *Davis v. Reynolds*, 890 F.2d 1105, 1110 (10th Cir. 1989) (citing *Globe Newspaper Co. v. Superior Ct. for Norfolk County*, 457 U.S. 596, 607 (1982) (stating that "safeguarding the physical and psychological well-being of a minor . . . is a compelling [interest]" to be considered in connection with calling minor witnesses to testify in court)).  The parties have provided the names of at least three other witnesses who purportedly observed the attempted service on Defendant Serra: Gwen Serra, Victoria Carbajal, and Jess Jimenez.  *See Plaintiff's Exhibit and Witness List* [#314] at 2; *Defendant Myrl Serra's Designation of Witnesses & Exhibits for April 16, 2012 Hearing* [#319] at 2.  Thus, the information sought from Mario Serra is available from other sources.  In consideration of these circumstances, the Court grants Defendant Serra's Motion to Quash [#340].

Dated: June 15, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge