**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

SEVENTH JUDICIAL DISTRICT, political subdivision of the State of Colorado, et al.,

    Defendants.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

**Blackburn, J.**

The matter before me is the plaintiff's **Motion To the Trial Court and Request for a Temporary Restraining Order** [#241][1] filed November 21, 2011.  I deny the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

A temporary restraining order is extraordinary relief.  A party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;

---

[1] "[#241]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

and (4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. FED. R. CIV. P. 65(b).

### III. ANALYSIS

Procedurally, the plaintiff's motion is improper. At the time the motion was filed, there was no operative complaint in this case. The plaintiff's previous complaint [#119] was dismissed on October 19, 2011, based on the plaintiff's failure to comply with FED. R. CIV. P. 8. *Order* [#229], p. 9. The plaintiff has been granted leave to amend his complaint but, at the time the motion for temporary restraining order was filed, the plaintiff has not filed an amended complaint. Absent an operative complaint, it is not possible to determine whether or not the plaintiff has any likelihood of success on a claim on which his request for a temporary restraining order is based. On this basis, I deny the motion.

In addition I deny the motion because the plaintiff seeks relief against individuals and an entity not named as defendants in this case. The plaintiff, who is incarcerated in the Colorado Department of Corrections (DOC), claims in his motion that certain individuals who are employed at the Denver Detention Center took certain actions that are one basis for the plaintiff's motion. *Motion* [#241], p. 2. In addition, the plaintiff alleges that other individuals, named as Sgt. Knight, Susan Jones, and Kevin Bultran or Button also took actions that are bases for the plaintiff's motion. *Motion* [#241], p. 3. None of these individuals are defendants in this case. The plaintiff seeks a temporary restraining order directing the "DOC [Department of Corrections] and the defendants" to

-3-

refrain from attacking the plaintiff.  *Motion* [#241], p. 4.  However, the Colorado Department of Corrections is not a defendant in this case.  The plaintiff may not seek injunctive relief against parties who are not named as defendants or parties in this case.

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion To the Trial Court and Request for a Temporary Restraining Order** [#241] filed November 21, 2011, is **DENIED**.

Dated September 19, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge