**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiffs,

v.

MYRL SERRA, in his individual capacity, et al.,

    Defendants.

## ORDER CONCERNING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    This matter is before me on the following:(1) the **Delta Defendants' Joint Motion To Dismiss Plaintiff's Third Amended Complaint** [#271][1] filed February 6, 2012; (2) the **Delta Sheriff-Deputies' Motion To Dismiss Plaintiff's Third Amended Complaint** [#272] filed February 6, 2012; (3) the **Delta Prosecutors' Motion To Dismiss Plaintiff's Third Amended Complaint** [#273] filed February 6, 2012; (4) the **Board of County Commissioners of Delta County's Motion To Dismiss Plaintiff's Third Amended Complaint** [#274] filed February 6, 2012; and (5) the **Order and Recommendation of United States Magistrate Judge** [#369] filed August 29, 2012. The plaintiff filed responses [#303, #304, #305] to the motions, and the defendants filed replies [#327, #328, #329, #330]. The plaintiff filed objections [#382] to the

---

[1] "[#271]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects and I have considered carefully the recommendation, the objection, and the applicable case law. Because the plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The factual allegations that are the basis of the complaint present a series of events that took place over several years. For the sake of clarity, I summarize the allegations briefly. On August 30, 2001, the Delta County District Court sentenced the plaintiff, Dean Carbajal, to four years confinement and three years of mandatory parole for possession of a schedule II controlled substance. Addressing a separate charge of sexual assault, the court imposed a deferred judgment with the statutory maximum of four years of supervision. The court treated the deferred judgment supervision as beginning when Mr. Carbajal was released from prison on July 26, 2004. After several intervening events, the state district court ordered Mr. Carbajal's deferred judgment supervision to be restarted and to run for an additional four year period, from July 14, 2006, through July 14, 2010.

In April of 2007, the prosecution filed a petition to revoke Mr. Carbajal's deferred judgment. Mr. Carbajal failed to appear at a hearing set on the petition and, ultimately, he was arrested in August of 2007. Mr. Carbajal challenged the lengthy continuation of his deferred judgment supervision and his incarceration based on the violation alleged in April of 2007. Ultimately, the Colorado Supreme Court ruled that Mr. Carbajal's

deferred judgment supervision "began on August 30, 2001 and ended by operation of law on August 30, 2005." **People v. Carbajal**, 198 P.3d 102, 106 (Colo. 2008). In the present case, Mr. Carbajal asserts a variety of claims against numerous defendants based on his treatment by authorities in Delta County, Colorado from 2005 to 2010.

The motions to dismiss addressed in the recommendation of the magistrate judge were filed by various defendants associated with Delta County, Colorado. Those defendants are Myrl Serra, Sherri Price, Unkown Representative (Patricia Kramer estate), Fred McKee, Bill Railey, Chris Weldon, Benjamin Schroeder, and the Board of County Commissioners of Delta County, Colorado (BOCC). I will refer to this group as the Delta Defendants. There are sub-groups within the Delta Defendants, including the Prosecutor Defendants, who are of the Myrl Serra, Sherri Price, Unkown Representative (Patricia Kramer estate). In addition, there is a second sub-group of individuals associated with the Delta County Sheriff's Office. This group consists of Fred McKee, Bill Railey, Chris Weldon, and Benjamin Schroeder. I will refer to this group as the Sheriff's Office Defendants.

As detailed below, I respectfully disagree with one conclusion reached by the magistrate judge. Otherwise, the recommendation is thorough, detailed, and well-reasoned. With the exception of the one conclusion discussed below, I approve and adopt the recommendation of the magistrate judge.

The magistrate judge concluded that the allegations in Mr. Carbajal's complaint are not sufficient to support a Fourteenth Amendment procedural due process claim. Mr. Carbajal's procedural due process claim is based on his allegation that certain defendants fabricated inculpatory evidence by staging a crime scene and/or falsifying evidence, destroying exculpatory evidence, making misrepresentations to judicial

3

officers in an affidavit for an arrest warrant, and by initiating and advocating for the prosecution of Mr. Carbajal with no reasonable grounds to believe Mr. Carbajal had committed a crime. In addition, Mr. Carbajal alleges that certain defendants coerced him to agree to an improper extension of his deferred judgment supervision. Mr. Carbajal alleges that these actions caused him to be subjected to multiple arrests and three years of confinement. *Complaint* [#254], ¶¶ 79 - 82.

I agree with the magistrate judge's summary of the general contours of a procedural due process claim.

> "Procedural due process ensures that individuals are entitled to certain procedural safeguards before a state can deprive them of life, liberty or property." **Becker**, 494 F.3d at 918 n.8 (citation omitted). Procedural due process protects the individual against "arbitrary action of government." **Wolff v. McDonnell**, 418 U.S. 539, 557 (1974). In general, a plaintiff must make two showings in order to proceed on a procedural due process claim. **See Bartell v. Aurora Pub. Sch.**, 263 F.3d 1143, 1149 (10th Cir. 2001). First, a plaintiff must demonstrate that he possesses a protected liberty or property interest. Id. Second, a plaintiff must show that the procedures utilized which impacted his protected interest were inadequate under the circumstances. **Id**. "Where procedural due process must be afforded because a 'liberty' or 'property' interest is within the Fourteenth Amendment's protection, there must be determined 'what process is due' in the particular circumstance." **Smith v. Org. of Foster Families for Equal. & Reform**, 431 U.S. 816, 847 (1977). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" **Mathews v. Eldridge**, 424 U.S. 319, 333 (1976) (***quoting Armstrong v. Manzo***, 380 U.S. 545, 552 (1965)).

With that background, the magistrate judge concluded that the allegations in Mr. Carbajal's complaint do not state a procedural due process claim because those allegations indicate that Mr. Carbajal had an adequate post-deprivation remedy in state court. Via that remedy, Mr. Carbajal succeeded in having the extended term of his deferred judgment supervision overturned by the Colorado Supreme Court. *Recommendation* [#369], p. 33. Particularly in the context of a deprivation of property,

4

the existence of an adequate post-deprivation remedy in state court may defeat a Fourteenth Amendment procedural due process claim.  **See, e.g., Durre v. Dempsey**, 869 F.2d 543, 547 (10th Cir. 1989).

Assuming the allegations in the complaint to be true, as I must, Mr. Carbajal's appeal to the Colorado Supreme Court is not properly viewed as an adequate post-deprivation remedy, in the context of a Fourteenth Amendment procedural due process claim.  Notably, Mr. Carbajal's appeal in his state court criminal case resulted in the reversal of a criminal sanction, Mr. Carbajal's extended term of deferred judgment supervision.  However, that appeal did not and could not permit Mr. Carbajal to assert a claim for monetary compensation based on the alleged deprivation of Mr. Carbajal's liberty without due process of law.  For this reason alone, Mr. Carbajal's appeal in his criminal case is not properly seen as an adequate post-deprivation remedy which bars his assertion of a Fourteenth Amendment due process claim.  Therefore, I respectfully reject the recommendation of the magistrate judge that Mr. Carbajal's Fourteenth Amendment procedural due process claim against the Delta Defendants be dismissed based on the conclusion that the allegations in the complaint indicate that Mr. Carbajal had an adequate post-deprivation state remedy for the deprivation of liberty he alleges in his complaint.

On a different basis addressed in the recommendation, I conclude, however, that the Fourteenth Amendment procedural due process claim must be dismissed as to the Prosecutor Defendants.  Addressing Mr. Carbajal's Fourteenth Amendment malicious prosecution claim, as asserted against the Prosecutor Defendants, the magistrate judge concludes that Mr. Carbajal's factual allegations against the prosecutor defendants are naked assertions devoid of factual enhancement.  *Recommendation* [#369], p. 27.  Mr.

Carbajal alleges that the prosecutor defendants "manufactur[ed] inculpatory evidence that was designed to bring about Mr. Carbajal's wrongful arrest, prosecution, conviction, and confinement," and submitted "false affidavits containing material falsities and omissions designed to mislead judicial officers." *Third Am. Compl.* [#254] at 16.  He alleges further that the Prosecutor Defendants are responsible for drafting and presenting "false, distorted and perjured statements to judicial officers," as well as the "falsification of the record to establish a fraudulent deferred sentence." *Id.* at 22.  In addition, Mr. Carbajal alleges the Prosecutor Defendants destroyed "exculpatory evidence - contracts that support a concurrent sentence, and decision to revoke Mr. Carbajal's deferred sentence without jurisdiction or probable cause, based on their false affidavits containing material falsities and omissions designed to mislead judicial officers into issuing a warrant for the arrest of Mr. Carbajal." *Id.* at 16.

These allegations also are the factual basis for Mr. Carbajal's Fourteenth Amendment procedural due process claim against the Prosecutor Defendants.  I agree with the conclusion of the magistrate judge that Mr. Carbajal's factual allegations against the prosecutor defendants on these points are naked assertions devoid of factual enhancement.  These factual allegations, therefore, are not sufficient to support Mr. Carbajal's Fourteenth Amendment procedural due process claim against the Prosecutor Defendants. On this basis, I agree with the recommendation of the magistrate judge that Mr. Carbajal's Fourteenth Amendment procedural due process claim against the Prosecutor Defendants be dismissed for failure to state a claim on which relief can be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order and Recommendation of United States Magistrate Judge** [#369] filed August 29, 2012, respectfully is **REJECTED** to the extent the magistrate judge recommends that the plaintiff's Fourteenth Amendment procedural due process claim be dismissed based on the conclusion that the allegations in the complaint indicate that the plaintiff had an adequate post-deprivation state remedy for the deprivation of liberty he alleges in his complaint;

2. That on the issue described in paragraph one (1), above, the objections stated in the plaintiff's **Contemporaneous Objection to the Magistrate's Order and Recommendation** [#382] filed September 17, 2012, are **SUSTAINED**;

3. That otherwise, the **Order and Recommendation of United States Magistrate Judge** [#369] filed August 29, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

4. That otherwise, the objections stated in the plaintiff's **Contemporaneous Objection to the Magistrate's Order and Recommendation** [#382] filed September 17, 2012, are **OVERRULED**;

5. That the **Delta Defendants' Joint Motion To Dismiss Plaintiff's Third Amended Complaint** [#271] filed February 6, 2012, is **GRANTED** in part and **DENIED** in part on the terms specified in this order;

6. That the **Delta Sheriff-Deputies' Motion To Dismiss Plaintiff's Third Amended Complaint** [#272] filed February 6, 2012, is **DENIED** on the terms specified in this order;

7. That the **Delta Prosecutors' Motion To Dismiss Plaintiff's Third Amended**

**Complaint** [#273] filed February 6, 2012, is **GRANTED**;

8. That the **Board of County Commissioners of Delta County's Motion To Dismiss Plaintiff's Third Amended Complaint** [#274] filed February 6, 2012, is **GRANTED**;

9. That under FED. R. CIV. P. 12(b)(6), the plaintiff's conspiracy claim under 42 U.S.C. § 1983 against defendants Myrl Serra, Sherri Price, and Unknown Representative (Patricia Kramer estate) (Prosecutor Defendants) and the Board of County Commissioners of Delta County, Colorado is **DISMISSED** with prejudice;

10. That under FED. R. CIV. P. 12(b)(6), the plaintiff's Fourth Amendment malicious prosecution claim against defendants Myrl Serra, Sherri Price, Unkown representative (Patricia Kramer estate), Fred McKee, Bill Railey, Chris Weldon, Benjamin Schroeder, and the Board of County Commissioners of Delta County, Colorado (Delta Defendants) is **DISMISSED** with prejudice;

11. That under FED. R. CIV. P. 12(b)(6), the plaintiff's Fourteenth Amendment substantive due process claim against defendants Myrl Serra, Sherri Price, Unknown Representative (Patricia Kramer estate) (Prosecutor Defendants), and Board of County Commissioners of Delta County, Colorado is **DISMISSED** with prejudice;

12. That the **Delta Sheriff-Deputies' Motion To Dismiss Plaintiff's Third Amended Complaint** [#272] filed February 6, 2012, is **DENIED** as to the plaintiff''s conspiracy claim under 42 U.S.C. § 1983;

13. That the That the **Delta Sheriff-Deputies' Motion To Dismiss Plaintiff's Third Amended Complaint** [#272] filed February 6, 2012, is **DENIED** as to the plaintiff''s Fourteenth Amendment substantive due process claim;

14. That the **Delta Sheriff-Deputies' Motion To Dismiss Plaintiff's Third**

**Amended Complaint** [#272] filed February 6, 2012, is **DENIED** as to the plaintiff''s Fourteenth Amendment procedural due process claim;

15. That the **Delta Defendants' Joint Motion To Dismiss Plaintiff's Third Amended Complaint** [#271] filed February 6, 2012, is **DENIED** to the extent the Delta Defendants seek dismissal of the plaintiff's Fourteenth Amendment substantive due process claim, Fourteenth Amendment procedural due process claim, and § 1983 conspiracy claim against defendants Fred McKee, Bill Railey, Chris Weldon, and Benjamin Schroeder (Sheriff's Office Defendants);

16. That otherwise, the **Delta Defendants' Joint Motion To Dismiss Plaintiff's Third Amended Complaint** [#271] filed February 6, 2012, is **GRANTED**;

17. That under FED. R. CIV. P. 12(b)(6), the plaintiff's Fourteenth Amendment procedural due process claim is **DISMISSED** as to defendants Myrl Serra, Sherri Price, Unkown Representative (Patricia Kramer estate) (Prosecutor Defendants) and as to the Board of County Commissioners of Delta County, Colorado;

18. That under FED. R. CIV. P. 12(b)(6), the plaintiff's supervisory liability claim, also known as a *Monell* claim, is **DISMISSED** with prejudice as to defendants Myrl Serra, Sherri Price, Unknown Representative (Patricia Kramer estate), Fred McKee, Bill Railey, Chris Weldon, Benjamin Schroeder, and Board of County Commissioners of Delta County, Colorado (Delta defendants);

19. That under FED. R. CIV. P. 12(b)(6), the plaintiff's conspiracy claim under 42 U.S.C. § 1985 is **DISMISSED** with prejudice as to all defendants;

20. That under FED. R. CIV. P. 12(b)(6), the plaintiff's conspiracy claim under 42 U.S.C. § 1986 is **DISMISSED** with prejudice as to all defendants;

21. That under FED. R. CIV. P. 12(b)(6), the plaintiff's claim for declaratory and

injunctive relief against defendants Myrl Serra, Sherri Price, Unknown Representative (Patricia Kramer estate), Fred McKee, Bill Railey, Chris Weldon, Benjamin Schroeder, and Board of County Commissioners of Delta County, Colorado (Delta defendants) is **DISMISSED** with prejudice;

    22. That under FED. R. CIV. P. 12(b)(6), the plaintiff's claim for an award of attorney fees is **DISMISSED** to the extent the plaintiff seeks an award of attorney fees for his pursuit of this case as a plaintiff acting *pro se*;

    23. That under FED. R. CIV. P. 12(b)(6), all claims asserted against defendant Unknown Representative (Patricia Kramer Estate) are **DISMISSED** with prejudice;

    24. That under FED. R. CIV. P. 12(b)(6), all claims asserted against defendant Myrl Serra are **DISMISSED** with prejudice;

    25. That under FED. R. CIV. P. 12(b)(6), all claims asserted against defendant Sherri Price are **DISMISSED** with prejudice;

    26. That under FED. R. CIV. P. 12(b)(6), all claims asserted against defendant Board of County Commissioners of Delta County, Colorado are **DISMISSED** with prejudice; and

    27. That defendants Myrl Serra, Sherri Price, Unknown Representative (Patricia Kramer Estate), and Board of County Commissioners of Delta County, Colorado are **DROPPED** as defendants in this case, and the caption shall be **AMENDED** accordingly.

    Dated September 24, 2012, at Denver, Colorado.

                                                **BY THE COURT:**

                                                */s/ Robert E. Blackburn*
                                                Robert E. Blackburn
                                                United States District Judge