IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

      Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

      This matter is before the Court on Plaintiff's **Corrected Petition for Federal**

**Injunction Pursuant to Fed. R. Civ. P. 65** [Docket No. 375; Filed September 11, 2012]

(the "Motion for Injunction") and on Plaintiff's **Corrected Motion to Set Hearing** [Docket

No. 388; Filed September 21, 2012] (the "Motion for Hearing").  On September 12, 2012,

Defendants Jeffrey Watts and Edmund Gruninger filed a Response [#378], to which Plaintiff

filed a Reply [#400] on October 2, 2012.  On September 25, 2012, Defendants Carol

Warner, David Romero, and Joe Quintana filed a Response [#393], to which Plaintiff filed

a Reply [#406] on October 11, 2012.  On September 28, 2012, Defendants Bill Railey,

Chris Weldon, Benjamin Schroeder, and Fred McKee filed a Response [#399], to which

Plaintiff filed a Reply [#409] on October 16, 2012.  On October 2, 2012, Defendants City

and County of Denver, Gilberto Lucio, James Dixon, Adam Barrett, Joel Smith, Jesse

Rembert, Jay Lopez, Michael O'Neill, Darin Desel, and Perry Speelman filed a Response

[#402], to which Plaintiff filed a Reply [#407] on October 12, 2012.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motions

have been referred to this Court.  The Court has reviewed the Motions, the entire case file,

and the applicable law, and is sufficiently advised in the premises.  For the reasons set

forth below, the Court **RECOMMENDS** that the Motion for Injunction [#375] be **DENIED**.

The Court further **ORDERS** that the Motion for Hearing [#388] is **DENIED**.

## I.  Background

Plaintiff is a state prisoner incarcerated at the Sterling Correctional Facility in

Sterling, Colorado.  Plaintiff proceeds *pro se* in this case,[1] and brings four claims based on

---

[1] The Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply

multiple incidents: 1) malicious prosecution; 2) unreasonable search and seizure; 3) unreasonable and excessive force; and 4) a *Monell* claim. *See Third Am. Compl.* [#254]. Plaintiff requests monetary damages and injunctive relief "including but not limited to . . . expungement of criminal record and appropriate equitable restitution." *Id.* at 25.

In the Motion at issue, Plaintiff recites a litany of "kitchen sink"-style allegations and complaints, including retaliation, excessive force, malicious prosecution, false classification as a sex offender, assaults, home invasions, manufacturing of evidence, tampering with witnesses, destruction and suppression of exculpatory evidence and legal documents, continual harassment of him and his "legal team," and denial of access to the courts. *See* [#375]. Plaintiff primarily seeks his immediate conditional release from State custody under supervision of the Federal District Court. [#375] at 27; [#388] at 1. He also requests that: 1) all Defendants with law enforcement or prosecutorial authority be stripped of their authority and no longer enforce the law as to Plaintiff; 2) his convictions be vacated; 3) Defendants not harass him or members of his "support group;" and 4) Defendants turn over all exculpatory or material evidence to him and refrain from destroying evidence related to any of the criminal cases against him. [#375] at 27. Plaintiff identifies numerous persons and entities whom he seeks to have bound by an injunction issued by this Court, including every Defendant in this case and more than fifty others. [#375] at 28. In addition, should the court grant an injunction, he also asks that the Court waive any requirement that he

_____

additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

post security because "the abuses alleged here and in the four complaints have forced him into a state of poverty leaving him indigent and, thus, any financial security cannot fairly be secured."  *Id.* at 26.

## II.  Analysis

At the outset, the Court notes that it only considers the Motion within the confines of Plaintiff's requested relief as applied to the Defendants in this matter who are identified in the Motion.  The District Judge has already determined that Plaintiff "may not seek injunctive relief against parties who are not named as defendants or parties in this case." *Order Denying Motion for Temporary Restraining Order* [#383] at 3.  Accordingly, to the extent that Plaintiff seeks relief against individuals and entities not named as Defendants in this case, the Court **recommends** that the Motion for Injunction be **denied**.

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity.  *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.  *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the

issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar*

*Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).  Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted).  These disfavored injunctions are "more

closely scrutinized to assure that the exigencies of the case support the granting of a

remedy that is extraordinary even in the normal course." *Id.* at 1259.

"To constitute irreparable harm, an injury must be certain, great, actual 'and not

theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting

*Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).  Irreparable harm is more than

"merely serious or substantial" harm.  *Id.* (citation omitted).  The party seeking the

preliminary injunction "must show that 'the injury complained of is of such imminence that

there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.*

(citation omitted).  Therefore, to demonstrate irreparable harm, Plaintiff "must establish both

that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*,

259 Fed. App'x 104, 106 (10th Cir. 2007).  Finally, an injunction is only appropriate "to

prevent existing or presently threatened injuries. One will not be granted against something

merely feared as liable to occur at some indefinite time in the future." *Connecticut v.*

*Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff provides a lengthy explanation of the irreparable harm he will suffer in the

absence of an injunction.   However, his explanation fails to specify the precise, non-

theoretical harm that an injunction will prevent:[2]

> In this particular instance, the Plaintiff is suffering from the repeated and intentional violation of his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment Constitutional rights, and these abuses have escalated in the zealous effort by these officials to escape liability, to include the frivolous prosecutions of Mr. Carbajal to imprison him and destroy his ability to expose misconduct and redress grievance, and the repeated destruction of pleadings and exculpatory evidence, as well as evidence that inculpates the Defendants.  These abuses have grossly oppressed Mr. Carbajal's ability to expose the intentional violation of his Constitutional rights, stop these abuses, and obtain relief for the damages, in direct violation of his political freedom rights.  This being said, monetary damages will never be available to compensate for these abuses, because the Defendants and numerous state officials have conspired to prevent Mr. Carbajal's redress of grievance by destroying evidence and attacking Mr. Carbajal, as alleged herein and in the Complaints.  These four separate verified complaints detail the abusive and repetitious and pervasive nature of the violation of Mr. Carbajal's civil rights and rise to such an extreme level that would shock even the conscience of the most calloused hearts.  These abuses have each been undertaken with clearly no justification but to hurt Mr. Carbajal, and because their primary goal is to falsely imprison Mr. Carbajal and destroy his reputation and stability, to prevent his ability to expose their official misconduct, and obtain relief, as well as freedom, this Court is compelled to release Mr. Carbajal under the supervision of the U.S. Marshal to maintain the status quo and prevent further irreparable harm; without said relief, the Defendants and State officials will continue to profit from their misconduct and Mr. Carbajal will not be able to effectively redress grievance.  More, these officials have seriously endangered the welfare of Mr. Carbajal by publicly exploiting their classification of Mr. Carbajal as a sex offender and sexual predator in direct and clear violation of Mr. Carbajal's Fourteenth Amendment liberty rights, causing officials to attack Mr. Carbajal verbally and physically repeatedly, as well as inmates and citizens.  This classification is slanderous and has no legal foundation.  . . .  These officials know first hand as to the conditions of prison life and the possibility of physical harm and life endangerment to a person a sexual assault classification.  To know of this possible threat and to deliberately wrongfully classify an innocent person under such basis is no less than a deliberate indifference to the life and well

---

[2]   The Court automatically corrects most minor spelling and grammatical errors in the passage quoted below.

being of Mr. Carbajal.  More, as stated, the Defendants and numerous state officials have frivolously prosecuted Mr. Carbajal without objective or reasonable hope of success in direct retaliation for his assertion of his political freedom . . . .  Indeed, their numerous abuses are all well founded on fallacies and corruption. [Three of Mr. Carbajal's state criminal prosecution cases] are and were prosecuted without jurisdiction and irrespective of what basis is presented by the Defendants, the law is very clear these actions are illegal and without jurisdiction and require vacation; therefore, they are vexatious and bad faith prosecutions, apart from the gross abuses upon which these allegations are based.  These three prosecutions prevent Mr. Carbajal from asserting his political freedom and were retaliatory actions designed to oppress Mr. Carbajal's ability to defend his innocence and, more, have grossly endangered Mr. Carbajal's welfare due to the slanderous stigma of a "sex offender" classification in society and prison. [Three of Mr. Carbajal's state criminal prosecution cases] were already dismissed, but the misconduct in these actions has sparked a plethora of retaliatory acts and have continued to oppress Mr. Carbajal's ability to redress grievance and will continue to threaten Mr. Carbajal's liberty and well being if an injunction is not issued enjoining the Defendants and State officials from further harassing Mr. Carbajal.  The abuses in these actions are directly linked to this action in that the same retaliatory conduct that encompassed this action has born these frivolous prosecutions, and also the basis of the oppressive illegal conduct in their actions is to prevent Mr. Carbajal's ability to redress grievance in this action, an abuse that is grossly repetitive and has born a pervasive state-wide bias to a level that now all judges in each of these cases openly harass and refuse to allow Mr. Carbajal fair access to the Courts in a grand effort to stop Mr. Carbajal from asserting his political freedom.  Perhaps even stating that Mr. Carbajal is suffering irreparable harm is an understatement.

*Motion for Injunction* [#375] at 23-24.

There is no indication in the record that Plaintiff may suffer imminent or other harm such that the status quo of the parties should be altered.  *See Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D. Colo. 2007) ("The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held.") (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).  The vast majority of the injuries Plaintiff asserts are not currently existing or presently threatened injuries, but rather

constitute past injuries, such as his complaints about having been subjected to criminal prosecutions.  *See Connecticut*, 282 U.S. at 674.  To the extent Plaintiff claims that his life and well-being are being placed in jeopardy by his sex offender classification, the Court notes that he has not identified any actual threats nor alleged any specific instances of threats, verbal harassment, or abuse.  *See  McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996); *Abeyta v. Chama Valley Indep. Sch. Dist. No. 19*, 77 F.3d 1253, 1256 (10th Cir. 1996).

Plaintiff simply fails to show with any specificity how he will be irreparably harmed by any Defendant in the absence of the requested injunctive relief.  *See Schrier*, 427 F.3d at 1267 (stating that "an injury must be certain, great, actual and not theoretical" to constitute irreparable harm for the purpose of imposing a preliminary injunction (citation omitted)).  Given that there is no evidentiary support for Plaintiff's broad, conclusory allegations other than his self-serving statements,[3] Plaintiff has failed to establish that irreparable injury is imminent.  A preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal."  *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, (10th Cir. 2006) (internal quotation marks omitted) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).  Thus, in the absence of a clear and unequivocal showing, the Court finds that Plaintiff's Motion seeking

---

[3] The Court notes that it has examined the exhibits attached to Plaintiff's original Petition for Federal Injunction [#357], as Plaintiff explicitly incorporated them into the present corrected Motion for Injunction.

injunctive relief should be denied.[4] *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is a sufficient ground, by itself, to deny injunctive relief); *Dominion Video Satellite, Inc.*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available).

Finally, because Plaintiff has failed to articulate any irreparable harm to which he may be subject, a hearing is not necessary for the parties to provide evidence on whether such harm actually exists. *See Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000) (stating that the trial court did not abuse its discretion by not conducting a hearing where there were only legal, not evidentiary, issues to resolve in the pending motion). Accordingly,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Motion for Injunction [#375] be **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Hearing [#388] is **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

---

[4] Because the Court finds that Plaintiff has failed to establish irreparable injury, the Court declines to address Defendants' remaining arguments in opposition to the Motion for Injunction.

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this

Recommendation must be both timely and specific to preserve an issue for de novo review

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

      Dated:  November 13, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge