IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Compel a Schedule**

-1-

**Conference, Reset Timeline, Compel Disclosures, and Set Trial** [sic] [Docket No. 415; Filed November 20, 2012] (the "Motion"). On December 10 and 11, 2012, Defendants filed their Responses [#420, #421, #422, #423]. Defendants oppose all of Plaintiff's requests.

Plaintiff's first requests are that Defendants comply with Fed. R. Civ. P. 16 and 26(a)(1). On September 24, 2012, the Court entered a Minute Order [#392] stating that the parties need not comply with those requirements. Plaintiff does not state what requirements of Rule 16 with which he believes Defendants should be forced to comply, only that such avoidance is "grossly prejudicial" to his claims. *Motion* [#415] at 2. Without more, the Court **denies without prejudice** this request.

With respect to Fed. R. Civ. P. 26(a)(1), which governs initial disclosures, Fed. R. Civ. P. 16(a)(1)(B)(iv) states that "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is "exempt from initial disclosure." Accordingly, the Court also **denies** Plaintiff's request to order Defendants to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

Plaintiff's second request is for the Court to reset all deadlines set by the Court at the Scheduling Conference held on November 5, 2012 [#413]. Plaintiff seeks a six-month extension of all deadlines. Pursuant to Fed. R. Civ. P. 16(b)(4), a schedule "may be modified only for good cause and with the judge's consent." Plaintiff states that these extensions are necessary to provide him with "a fair opportunity to prepare his case for trial." *Motion* [#415] at 3. Plaintiff has failed to provide any specific reasons for the requested extensions that sufficiently satisfy the "good cause" standard of Fed. R. Civ. P. 16(b)(4). The Court therefore **denies without prejudice** Plaintiff's request to reset the case management deadlines at a new scheduling conference.[1]

Finally, Plaintiff asks the Court to set a start date for a four-week jury trial. The District Judge will set a trial date if appropriate in the course of this matter. The Court therefore **denies without prejudice** Plaintiff's request.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#415] is **DENIED in part and DENIED without prejudice in part**.

Dated: December 17, 2012

---

[1] As each deadline approaches, Plaintiff may seek an extension provided he shows good cause. The Court warns Plaintiff that, in order to receive an extension of any deadline in this rapidly aging case, he must demonstrate that he has worked diligently to meet the deadlines as presently set.