**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

     Plaintiff,

v.

MYRL SERRA, in his individual capacity, et al.,

     Defendants.

---

## ORDER GRANTING MOTION FOR CLARIFICATION

**Blackburn, J.**

     This matter is before me on **Defendants Fred McKee's and Bill Railey's Request for Clarification of Order Concerning Recommendation of United States Magistrate Judge [DOC. #390]** [#396][1] filed September 26, 2012.  I grant the motion.

     In an order [#390] entered September 24, 2012, I addressed a recommendation [#369] of the magistrate judge.  In the recommendation, the magistrate judge concluded that the allegations in the plaintiff's complaint concerning defendants Fred McKee and Bill Railey were sufficient to state a claim on which relief could be granted against these two defendants.  *Recommendation* [#369], p. 20.  Mr. McKee and Mr. Railey filed an objection [#379] to the recommendation. I did not address their objection in my order [#390] adopting the recommendation.  In their present motion, defendants Fred McKee and Bill Railey ask that I address their objection.  I address and overrule their objection.

---

      [1]  "[#396]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In their objection [#379], Mr. McKee and Mr. Railey argue that the magistrate judge erroneously concluded that the allegations in the plaintiff's complaint are sufficient to state a claim against Mr. McKee and Mr. Railey.  They argue that the plaintiff's allegations are not sufficient to state a claim against them because the plaintiff alleges only that Mr. McKee and Mr. Railey were acting as supervisors of alleged wrong-doers.

In his Third Amended Complaint [#254], the plaintiff, Dean Carbajal, accuses defendants Railey, McKee, Weldon, and Schroeder of "coercing Mr. Carbajal to concede to and sign the contract illegally extending (Mr. Carbajal's) deferred sentence through the use of excessive force and threats of death."  *Third Amended Complaint* [#254], p. 17.  More specifically, Mr. Carbajal alleges:

> In July of 2006 . . . Schroeder and Weldon . . . stripped and brutally beat [plaintiff] . . . kicking him repeatedly . . . as they yelled profanities and slanderous statements, "You fuckin rapist," and threatened him, "If your [*sic*] smart you'll take what the District Attorney gives you. The life expectancy is short in these parts."

*Id*. at 8.  The plaintiff alleges further that "McKee and Railey were present and laughed at the abusive attacks of Weldon and Schroeder."  *Id*.  Mr. McKee and Mr. Railey are alleged to be supervisors of Mr. Schroeder and Mr. Weldon.

Under the applicable law, these allegations are sufficient to state a claim against Mr. McKee and Mr. Railey:

> In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates.  In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because mere negligence is not enough to hold a supervisor liable under § 1983, a plaintiff must establish

that the supervisor acted knowingly or with deliberate indifference that a
constitutional violation would occur.

***Serna v. Colorado Dept. of Corr.***, 455 F.3d 1146, 1151-52 (10th Cir. 2006).

Without question, the alleged actions of Mr. Schroeder and Mr. Weldon

demonstrate a constitutional violation.  If Mr. McKee and Mr. Railey, the supervisors,

were present and observed Mr. Schroeder and Mr. Weldon taking these actions against

Mr. Carbajal, then Mr. McKee and Mr. Railey had direct knowledge of an obvious

constitutional violation while it was being committed in their presence by their

subordinates. Allegedly, Mr. McKee and Mr. Railey took no action to stop the violation

being committed by their subordinates.  Rather, their alleged response to these

circumstances was to laugh.  If true, these facts demonstrate "acquiescence of the

supervisor in the constitutional violation by the subordinates." ***Id***.  Further, these

circumstances demonstrate either a knowing failure to act by the supervisors or

deliberate indifference by the supervisors to the commission of an obvious constitutional

violation by their subordinates. Under the law stated clearly in ***Serna***, the plaintiff's

allegations are sufficient to state a claim against Mr. McKee and Mr. Railey.

THEREFORE, **IT IS ORDERED** as follows:

1.  That **Defendants Fred McKee's and Bill Railey's Request for Clarification

of Order Concerning Recommendation of United States Magistrate Judge [DOC.

#390]** [#396] filed September 26, 2012, is **GRANTED**;

2.  That my order [#390] entered September 24, 2012, is **CLARIFIED** to include

my analysis, as stated in this order, of the objection [#379] of defendants Fred McKee

and Bill Railey; and

3

3.   That on the basis outlined above, the objections stated in **Defendants Fred McKee's and Bill Railey's Objection To Magistrate Judge Mix's August 29, 2012 Order** [#379], which actually is an objection to the **Recommendation of United States Magistrate Judge** [#369], are **OVERRULED**.

Dated March 6, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge