# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiffs,

v.

MYRL SERRA, in his individual capacity, et al.,

    Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

**Blackburn, J.**

This matter is before me on the **Plaintiff's Contemporaneous Objection To the Court's Order Adopting Recommendation of Magistrate Judge's Denial of Injunction [Doc. #414]** [#463][1] filed March 22, 2013. Defendants Jeffrey Watts and Edward Gruninger filed a response [#466]. I deny the motion.[2]

On November 13, 2012, the magistrate judge filed a recommendation [#414] addressing the plaintiff's **Corrected Petition for Federal Injunction Pursuant to FED. R. CIV. P. 65** [#375]. The magistrate judge recommended that the petition be denied.

---

[1] "[#463]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because plaintiff is proceeding pro se, I continue to construe his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus,*** 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519,520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the plaintiff.

On March 6, 2013, I entered an order [#446] adopting the recommendation. In his present objection [#463], the plaintiff objects to my order [#446].

Essentially, the plaintiff asks that I reverse field, reject the recommendation, and grant the relief requested by the plaintiff in his motion for an injunction. I read the plaintiff's filing as a motion under FED. R. CIV. P. 60(b) for relief from the court's order [#446]. Rule 60(b) relief requires a showing of exceptional circumstances warranting relief from a judgment or order. ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Id*. at 1243-44. In his motion, the plaintiff does not satisfy any of the grounds for relief enumerated in Rule 60(b).

Alternatively, the plaintiff's motion can be read as a motion to reconsider. The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). In his motion, the plaintiff does not establish any of these bases for reconsideration of the court's order [#446].

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Contemporaneous Objection To the Court's Order Adopting Recommendation of Magistrate Judge's Denial of Injunction [Doc. #414]** [#463] filed March 22, 2013, read either as a motion under FED. R. CIV. P. 60(b) or as a motion to reconsider, is **DENIED**.

Dated April 2, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge