IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

MYRL SERRA, in his individual capacity, et al.

    Defendants.

## PROTECTIVE ORDER

    1.    In this action, it is anticipated that the Parties will seek Confidential Information during discovery and that there will be questioning concerning Confidential Information during depositions. Disclosure of Confidential Information outside the scope of this litigation could result in significant injury to one or more of the Parties' interests. The Parties have entered into this mutual agreement to prevent the disclosure and use of Confidential Information outside the scope of this litigation to protect any party, witness, or other person providing discovery in this case against improper annoyance, embarrassment, or oppression.

    2.    This Protective Order shall apply to Confidential Information in all its forms, including documents, materials, and videos, and this Protective Order shall apply to Confidential Information without regard to how that information was gathered, including but not limited to, documents produced, answers to interrogatories,

responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Colorado Rules of Civil Procedure.

3. As used in this Protective Order, "document" is defined as provided in C.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Confidential Information may be disclosed to the following, provided these persons comply with the terms of this Protective Order:

   a. attorneys working on this case;

   b. persons employed or associated with the attorneys working on this case whose assistance is required by the attorneys in preparation for trial, at trial, or at other proceedings related to this case;

   c. the parties;

   d. expert witnesses and consultants retained in connection with this case to the extent that disclosure is necessary for preparation for trial, trial, or other proceedings related to this case;

   e. the Court, its employees, and stenographic reporters associated with this case;

   f. deponents, witnesses, or potential witnesses in this case; and

   g. other persons related to or associated with the parties by written agreement of the parties.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall not divulge Confidential Information, either verbally or in writing, to any person or entity unless authorized to do so by court order. Confidential Information shall not be communicated by any Party's counsel or a Party in any

manner, either directly or indirectly, to anyone, except for the purposes of this case and in conformity with this Protective Order. These restrictions shall be strictly construed.

6. Prior to disclosing any Confidential Information to any person listed in paragraph 5 (other than counsel, persons employed by counsel, the Court and its employees and stenographic reporters), counsel shall provide the person with a copy of this Protective Order and obtain from the person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by it. All written acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents containing "Confidential Information" are designated as "CONFIDENTIAL" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Designating a document as "CONFIDENTIAL" does not necessarily indicate that it is or is not discoverable.

8. Responses to discovery requests are designated as "CONFIDENTIAL" by imprinting the word "CONFIDENTIAL" next to or above the response.

9. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions of it shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. This designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after

the court reporter gives notice that the transcript is complete. Admissibility of the designated Confidential Information will be reserved for and addressed by the Court.

10. A Party may object to the designation of particular information as "CONFIDENTIAL" by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the notice is received, the Party designating the information as "CONFIDENTIAL" has thirty (30) calendar days to make an appropriate motion requesting the Court to determine whether the disputed information should be subject to the terms of this Protective Order. If this motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the Party designating information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."

11. The termination of this litigation shall not relieve counsel or other persons from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the terms and requirements of this Protective Order shall survive the termination of this litigation.

12. At the conclusion of this litigation, unless other arrangements are agreed upon, each document and all copies of them that have been designated as "CONFIDENTIAL" shall be returned to the Party that designated it "CONFIDENTIAL," or the Parties may elect to destroy the Confidential Information. If the Parties elect to

4

destroy the Confidential Information, the destroying Party shall provide all Parties with an affidavit confirming destruction.

13. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under C.R.C.P. 26, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

The parties having so stipulated and the Court being advised in the premise, it is SO ORDERED this 7th day of May, 2013.

BY THE COURT:

_____
UNITED STATES ~~DISTRICT COURT~~ JUDGE
MAGISTRATE