IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Joint Motion for a Protective Order**

-1-

[Docket No. 451; Filed March 8, 2013] (the "Motion"). On April 2, 2013, Plaintiff filed a Response [#470]. On April 16, 2013, Defendants filed a Reply [#477]. The Court has reviewed the pleadings and is fully advised in the premises.

Defendants seek a protective order from Plaintiff's various Notices of Depositions (the "Notices"). *See Motion* [#451]; *Ex. B to Motion* [#451-2]. They argue that the Notices exceed the number of depositions permitted by the Scheduling Order [#413]; that the Notices place undue burden on Defendants; that Plaintiff falsely represented that he conferred with counsel regarding the Notices; that Plaintiff impermissibly seeks to depose non-parties to the litigation via the Notices; that the Notices identify improper recordation methods that invite subsequent motions to quash; and that the Notices improperly seek the depositions of high-ranking government officials. *Motion* [#451] at 2-13.

There are four Notices of Deposition at issue in the Motion. *See Ex. B to Motion* [#451-2]. All are signed by Plaintiff and dated January 31, 2013. *Id.* at 3, 5, 7, 9. The first Notice seeks the depositions of Defendants Jeffrey Watts ("Watts") and Edward Gruninger ("Gruninger"). *Id.* at 2-3. Plaintiff provides a choice of five days, between March 15-22, 2013, while seeking one full day with Defendant Watts and one full day with Defendant Gruninger. *Id.* at 2. Plaintiff also provides a choice of three locations: at the office of Hall & Evans (the law firm representing Defendants Watts and Gruninger), if and only if by video phone; at Sterling Correctional Facility (where Plaintiff is presently incarcerated); or at the United States District Courthouse, if permitted by the Court. *Id.* Plaintiff further states:

> Depositions will be recorded by digital camcorder and digital recorders and the oath will be administered by opposing counsel or by a prison employee who is also a notary public, and opposing counsel and/or representative of Mr. Carbajal's will operate the equipment to ensure proper recording.

> Failure to respond to this notice will result in scheduling of depositions for March 18-19, 2013 to begin at 9:00 a.m. at the Sterling Correctional Facility . . . . Both Jeffrey Watts and Eddie Gruninger will be deposed starting with Eddie Gruninger on the 18th, and Jeffrey Watts on the 19th. Opposing counsel are to make prior arrangements with the legal department and Sterling Correctional Facility to ensure that they, as well as their clients, are permitted to enter the DOC Facility for the scheduled depositions with their equipment and documents.

*Id.* at 3. Although differing on the precise details, the other three Notices are substantially similar to the one sent to Defendants Watts and Gruninger. *See id.* at 4-9. The second Notice seeks to set depositions for Defendants Carol Warner, Joe Quintana, and David Romero, as well as for non-defendants Mandy Allen, Susan Paloni, Judge Jeff Herron, and Judge Charles Greenacre. *Id.* at 4. The third Notice seeks to set depositions for Defendants Gilberto Lucio, James Dixon, Adam Barrett, Darin Desel, Perry Speelman, Joel Smith, Jesse Rembert, Jay Lopez, and Michael O'Neill, as well as for non-defendants Chief of Police Robert White and former Chief of Police Gerald Whitman. *Id.* at 6. The fourth Notice seeks to set depositions for Defendants Fred McKee, Bill Railey, and Benjamin Schroeder, as well as for non-defendants Myrl Serra, Dan Hotsenpiller, Wyatt Angelo, and Sherri Price. *Id.* at 8.

The Notices for these twenty-seven persons requested deposition dates ranging from March 4, 2013, through April 26, 2013. *Id.* at 2-9. Pursuant to D.C.COLO.LCivR 30.2A., Defendants' Motion seeking a protective order "stayed the discovery to which the motion is directed until further order of the court." Thus, "no party, attorney, or witness is required to appear at the deposition to which the motion is directed until the motion has been resolved." D.C.COLO.LCivR 30.2A. Accordingly, Plaintiff has not deposed any of the twenty-seven individuals from whom the Notices sought depositions.

Defendants argue in part that the Notices should be quashed because Plaintiff is attempting to take the deposition of twenty-seven persons, seventeen more than permitted by the Court in the Scheduling Order [#413]. At the Scheduling Conference on November 5, 2012, the Court divided Defendants into four "Discovery Groups," counting Plaintiff as a fifth Discovery Group. [#413]. After discussion with the parties, the Court limited each Discovery Group to ten depositions. *Id.*

On November 20, 2013, Plaintiff filed a Motion to Compel a Schedule Conference, Reset Timeline, Compel Disclosures, and Set Trial [sic] [#415]. In that motion, Plaintiff sought a new scheduling conference in which all of the deadlines and limitations imposed on the case in the original Scheduling Conference could be extended and expanded. [#415]. The Court denied Plaintiff's request to reset the case management deadlines at a new scheduling conference, although it noted that Plaintiff could seek an extension of each deadline as it approached, provided he demonstrated good cause and diligence in attempting to meet the deadlines as presently set. *Minute Order* [#424] at 2. On January 29, 2013, Plaintiff filed an Objection [#431] to the Court's Minute Order. In his Response [#470] to the present Motion [#451], Plaintiff argues that his Objection is still pending, that it "specifically contests the denial of a request for a deposition of each defendant plus 25 depositions per group," and that "[t]his delay in ruling has further unnecessarily impeded discovery and oppressed Mr. Carbajal's ability to redress grievance . . . and has ultimately resulted in this unresolved issue of what the discovery limitations and deadlines are." [#470] at 1.

The Court rejects Plaintiff's arguments for several reasons. First, despite Plaintiff's

assertion to the contrary, careful review of Plaintiff's Objection [#431] to the Court's Minute Order [#451] does not reveal any instance where Plaintiff specifically argued the merits of the vast number of depositions he seeks. Second, pursuant to D.C.COLO.LCivR 30.2B., "The filing of an objection . . . to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the order is directed." Thus, the Court's current case management plan is not an "unresolved issue" that impedes the present progress of discovery in this case. Third, the Court notes that Plaintiff has not yet availed himself of the ten depositions he has already been permitted. The Court will not increase the number of depositions that Plaintiff may take absent a showing of good cause and a showing that he has used the number of depositions already allowed.

Regardless, on consideration of the Motion and review of the Notices, the Court finds that all of the depositions noticed by Plaintiff prior to the date of the Motion are improper and shall be corrected as follows. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#451] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Notices [#451-2] issued by Plaintiff on January 31, 2013 are **invalidated**.

IT IS FURTHER **ORDERED** that Plaintiff may not depose Chief of Police Robert White, former Chief of Police Gerald Whitman, or District Attorney for the Seventh Judicial District Dan Hotsenpiller until Plaintiff proceeds with other depositions and available means of discovery and demonstrates that the depositions of these high-level government officials are needed. *See Howards v. Reichle*, No. 06-cv-01964-WYD-CBS, 2008 WL 1775269, at *8 (D. Colo. Apr. 15, 2008).

IT IS FURTHER **ORDERED** that Plaintiff may not notice any depositions until: (1) he confers in writing with defense counsel about the date, time, and location of the deposition; (2) he provides defense counsel with the name of the officer before whom the deposition will be recorded at the time the deposition is noticed and confirms in writing that he has made arrangements to pay that officer; (3) he requests issuance of subpoenas for non-party witnesses and agrees to pay the applicable witness fees; and, (4) in the case of non-party witnesses, he explains why the deponent has discoverable information. *Ajaj v. Fed. Bureau of Prisons*, No. 08-cv-02006-RBJ-MJW, 2011 WL 6152857, at *3 (D. Colo. Dec. 9, 2011) (affirming the magistrate judge's order regarding the *pro se* incarcerated plaintiff's deposition notices).

IT IS FURTHER **ORDERED** that, pursuant to Rule 30(b), Plaintiff may appear at a deposition by telephone or video conference, provided that Plaintiff provides an officer as defined under Rule 28(a)(1)(A)(B) and (2) at his own expense at the location of the witness who is being deposed and arranges for recording at that location at his own expense consistent with Fed. R. Civ. P. 28, 30, and 32.[1] *See Ajaj v. Fed. Bureau of Prisons*, No. 08-cv-02006-MSK-MJW, 2011 WL 2791275, at *2 (D. Colo. July 15, 2011) (ordering the same with respect to a *pro se* incarcerated plaintiff).

IT IS FURTHER **ORDERED** that the discovery deadline is extended to **July 31, 2013**.

IT IS FURTHER **ORDERED** that Plaintiff must comply with the notice and timing

---

[1] The Court notes that it has already discussed this requirement, in part, in an Order [#459] issued after the present Motion was filed.

requirements of D.C.COLO.LCivR 30.1A.

IT IS FURTHER **ORDERED** that Plaintiff must notice any depositions such that the depositions will be concluded by the discovery deadline of July 31, 2013.

IT IS FURTHER **ORDERED** that the dispositive motions deadline is extended to **August 30, 2013**.

IT IS FURTHER **ORDERED** that Plaintiff shall comply with all Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Rules and Regulations of the Colorado Department of Corrections in noticing, setting, and taking any deposition.  See *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* litigants must follow the same procedural rules that govern other litigants).

Dated:  May 14, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge