IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

      Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Denver Defendants'[1] **Motion for Protective Order** [Docket No. 456; Filed March 13, 2013] (the "Motion").  On April 2, 2013, Plaintiff filed a Response [#469].  On April 17, 2013, the Denver Defendants filed a Reply [#478].  The Court has reviewed the pleadings and is fully advised in the premises.

The Denver Defendants seek a protective order from Plaintiff's written discovery propounded on them (and all other Defendants) on February 11, 2013.  *Motion* [#456].  At the Scheduling Conference on November 5, 2012, the Court divided Defendants into four "Discovery Groups."  [#413].  After discussion with the parties, the Court allowed Plaintiff to submit 25 interrogatories to each Discovery Group and 25 requests for production to each Discovery Group.  *Id.*  In other words, the Court granted Plaintiff 100 total interrogatories and 100 total requests for production.  *Id.*

On February 11, 2013, Plaintiff e-mailed opposing counsel his First Set of Written Discovery to Defendants.  *Ex. B to Motion* [#456-2].  As part of the instructions for responding, Plaintiff wrote: "Interrogatories and requests for production 1 through 5 are directed to all Defendants, and each Defendant should answer them independently. However, 6 through 14 are directed towards the Defendants named therein."  *Id.* at 3. These instructions indicate, therefore, that interrogatories Nos. 1 through 5 and 10 through 12 are directed to the Denver Defendants.[2]  *Id.* at 4-6.  The Denver Defendants argue that

---

[1]  The "Denver Defendants" consist of Defendants City and County of Denver, Gilberto Lucio, James Dixon, Adam Barrett, Darin Desel, Perry Speelman, Joel Smith, Jesse Rembert, Jay Lopez, and Michael O'Neill.

[2]  All interrogatories except the first two are also requests for production.  No. 14 is also a request for production directed at some of the Denver Defendants.  Although in the Motion Defendants reference the requests for production, their argument appears to be directed solely at

-2-

each of these written requests are directed at each of the ten members of their Discovery Group, and thus that Plaintiff has propounded 80 interrogatories, far exceeding the limit of 25 that Plaintiff is allowed based on the case management directives. *Motion* [#456] at 3.

Plaintiff makes two arguments in the Response [#469]. First, he argues that the Denver Defendants' request for a protective order is untimely. Second, he argues that he has only directed 8 interrogatories at the Denver Defendants, and that there is no court-ordered limitation on the number of answers that they are required to provide.

Taking the issue of timeliness first, the Court finds that the Denver Defendants timely filed the present Motion. Plaintiff propounded his written discovery on all Defendants on February 11, 2013.[3] The Denver Defendants' responses were due thirty day later, which was March 13, 2013. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). The Denver Defendants filed the present Motion [#456] on March 13, 2013. Thus, the request for a protective order was filed within the requisite thirty-day period. Plaintiff's argument to the contrary is without merit.

The Court next turns to the argument regarding the number of interrogatories and requests for production. The Court has examined each written request in detail. Plaintiff asks that some of the rather basic biographical/employment information be answered by each Defendant. For example, No. 4 asks, in part, that "[e]ach Defendant state your name,

---

the interrogatories. The Court therefore also directs this Order solely at the interrogatories in Plaintiff's First Set of Written Discovery to Defendants.

[3] Plaintiff's First Set of Written Discovery to Defendants is dated February 4, 2013. *Ex. B. to Motion* [#456-2] at 6. However, the parties agree that it was not transmitted from Plaintiff to Defendants until February 11, 2013. *Motion* [#456] at 3; *Response* [#469] at 1.

title, and duties of the applicable agency or agencies that you work and have worked for . . . including the dates you worked for any of these agencies, and documented reasons for leaving if you no longer work there." *Ex. B to Motion* [#456-2] at 5.   Other requests seek information that is clearly not required from each of the ten Denver Defendants.   For example, No. 11 asks, in part, that the Denver Defendants "state the procedure in effect during 2007 to 2011 at the Denver Police Department . . . for responding to, investigating, and effecting a search and seizure on a citizen's home or residence."   Some requests are much broader and would require more work by the Denver Defendants to answer in full. For example, No. 5 asks, in part, that "[i]f the Defendants deny any part or all of the allegations in the Third Amended Complaint and Declaration of Truth, then the Defendants are demanded to set forth in detail any and all facts [on] which the Defendant's denial is based."

The Court has stated that "Plaintiff shall be limited to twenty-five (25) interrogatories *per defendant Discovery Group.*" [#413] (emphasis in original).   Plaintiff therefore may ask each Discovery Group a total of 25 interrogatories.   Whether each interrogatory is directed to all ten of the Denver Defendants or whether Plaintiff directs a given interrogatory toward an individual or sub-group of the Denver Defendants is his prerogative.   However, whether aimed at the entire group, a sub-group, or an individual, Plaintiff is limited to 25 interrogatories.   The Court therefore finds that, in his First Set of Written Discovery to Defendants, Plaintiff has used 8 of his permitted 25 interrogatories on the Denver

Defendants.[4]  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#456] is **DENIED**.[5]


Dated:  May 15, 2013                          BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

_____

[4] The Court notes this Order solely addresses the question of the *number* of interrogatories propounded by Plaintiff.  This Order takes no position on any other objection the Denver Defendants may raise regarding any given interrogatory.

[5] Given the Court's ruling on the substance of the Motion, this denial includes Defendants' request for sanctions based on Plaintiff's alleged refusal to confer regarding the Motion's content.