IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for an Order Directing the US**

**Marshalls to Serve the Attach Subpoena Duces Tecum** [sic] [Docket No. 482; Filed May 6, 2013] (the "Motion"). In the Motion, Plaintiff requests that the Court enter an Order permitting service of subpoenas pursuant to Fed. R. Civ. P. 45 on fourteen non-party entities to obtain production of various documents.

Fed R. Civ. P. 45 governs the Court's issuance of subpoenas to compel production of documents from non-parties. A subpoena may be issued by the Court, the Clerk of the Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3); *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988). Thus, a *pro se* litigant who is not a licensed attorney may not issue subpoenas on his own and must seek them from the Court. *See United States v. Meredith*, 182 F.3d 934, at *1 (10th Cir. 1999) (unpublished). Pursuant to Fed. R. Civ. P. 45(a)(3), the Clerk of Court "*must* issue a subpoena, signed but otherwise in blank, to a party who requests it." (Emphasis added). Although the Court may quash a subpoena after service, the Court apparently has no discretion to deny issuance of subpoenas on request.

The Court will not grant Plaintiff's Motion to have the United States Marshal serve the fourteen intended recipients with the subpoenas provided by Plaintiff. First, the handwritten subpoenas submitted by Plaintiff do not comply with the requirement of Rule 45(a)(1)(A)(iv), which states that subpoenas must set out the text of Rule 45(c) and (d). Second, a *pro se* litigant must seek subpoenas from the Court and may not issue them on his own. Fed. R. Civ. P. 45(a)(3). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#482] is **DENIED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall mail fourteen signed but otherwise blank subpoenas to Plaintiff at his address listed on the electronic docket.

IT IS FURTHER **ORDERED** that Plaintiff shall complete the blank subpoenas and return them with another motion seeking service by the United States Marshal.

Dated: May 15, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge