IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for an Order Directing the US**

**Marshals to Serve the Attached Subpoena Duces Tecum** [Docket No. 495; Filed May 31, 2013] (the "Motion"). In the Motion, Plaintiff requests that the Court enter an Order permitting service of subpoenas pursuant to Fed. R. Civ. P. 45 on non-parties for documents allegedly relevant to the present litigation.

Fed R. Civ. P. 45 governs the Court's issuance of subpoenas to compel production or inspection of documents from non-parties. A subpoena may be issued by the Court, the Clerk of the Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3); *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988). Thus, a *pro se* litigant who is not a licensed attorney may not issue subpoenas on his own and must seek them from the Court. *See United States v. Meredith*, 182 F.3d 934, at *1 (10th Cir. 1999). Although the Court may quash a subpoena after service, the Court apparently has no discretion to deny issuance of subpoenas on request. Thus,

IT IS HEREBY **ORDERED** that the Motion [#495] is **GRANTED**.

Due to Plaintiff's status as an incarcerated individual,

IT IS FURTHER **ORDERED** that the United States Marshal shall serve the subpoenas filed as part of the Motion, along with a copy of this Order. *See Motion* [#495] at 3-44. All costs of service shall be advanced by the United States.

Dated: June 4, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge