IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

    Defendants.

_____

## ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

    This matter is before the Court on Defendants Jeffrey Watts ("Watts") and Edward

Gruninger's ("Gruninger") **Motion for Sanctions for Plaintiff's Failure to Comply With an Order From This Court From Defendants Jeffrey Watts and Edward Gruninger** [Docket No. 502; Filed June 19, 2013] (the "Motion").  On July 17, 2013, Plaintiff filed a Response [#514].  On July 23, 2013, Defendants Watts and Gruninger filed a Reply [#519]. Plaintiff contends that he cannot fulfill his discovery obligations to Defendants Watts and Gruninger because, in the absence of a court order, the law library staff refuse to notarize any of Plaintiff's documents, specifically, certain releases that, on March 18, 2013, the Court ordered Plaintiff to execute and provide to Defendants.  *See Order* [#459].

The United States Supreme Court has stated that "indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them."[1]  *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977).  However, Plaintiff has not adequately explained: (1) whether law library staff include notaries who have the ability to notarize documents at the facility where Plaintiff is presently incarcerated, (2) the specific reasons law library staff notaries have provided as to why they require a court order to notarize his documents, (3) Plaintiff's specific efforts to comply with the requirements of law library staff notaries to get his documents notarized, and (4) whether Plaintiff has otherwise been unable to obtain an outside notary in the alternative, as suggested by Defendants Watts and Gruninger, and if so, why.  *Reply* [#519] at 2-3.  In other words, Plaintiff's claim that his failure to have the releases notarized is the fault of the law library staff is presently unsubstantiated.  *See*

---

[1]  The Court is cognizant of the fact that Plaintiff has not been granted permission to proceed *in forma pauperis* in the present matter.

*Wilkins v. Howard*, No. CIV 08-244-RAW-KEW, 2009 WL 347421, at *1 (E.D. Okla. Feb. 11, 2009).  Accordingly,

IT IS HEREBY **ORDERED** that, **on or before August 23, 2013**, Plaintiff shall either: (a) provide Defendants with signed and notarized copies of the releases ordered by the Court on March 18, 2013 [#459], **or** (b) file a Surreply to the Motion [#502] with a personal declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746 that outlines *in detail* Plaintiff's efforts to obtain notarization of the releases, as delineated by the Court in (1)-(4) above.  **Failure to follow this Order may result in the imposition of sanctions, including the possibility of the dismissal of Defendants Watts and Gruninger from this action.**

IT IS FURTHER **ORDERED** that, if Plaintiff provides Defendants Watts and Gruninger with releases as a result of this Order, Defendants Watts and Gruninger shall timely file a Status Report regarding the sufficiency of Plaintiff's releases.

Dated:  July 26, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge