IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

      Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual
capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual
capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual
capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the
Denver Police Department, in his individual capacity,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Joint Motion for Dismissal as**

Sanction Pursuant to Fed. R. Civ. P. 37 [#526][1] (the "Motion").  On September 25, 2013,

Plaintiff filed a Response [#544].  On October 10, 2013, Defendants filed a Reply [#552].

The Motion is thus ripe for resolution.  For the reasons stated below, the Motion [#526] is

**GRANTED in part and DENIED without prejudice in part**.

Plaintiff proceeds in this matter as an incarcerated pro se individual.[2]  Discovery in

this matter commenced on November 5, 2012.  *See Minute Entry* [#413].  On May 7, 2013,

the Court granted the nineteen Defendants' request to take a combined deposition of

Plaintiff, comprised of a total of thirteen hours over the course of two consecutive days.

*Minute Order* [#484].  The nineteen Defendants had previously been divided into four

groups for the purposes of discovery allowances and were each granted a certain number

of hours in which to depose Plaintiff over the course of those two days: (1) the Delta

Defendants (Bill Railey, Chris Weldon, Benjamin Schroeder, and Fred McKee) were

granted three hours; (2) the Denver Defendants (City and County of Denver, Adam Barrett,

Darin Desel, James Dixon, Jay Lopez, Gilberto Lucio, Michael O'Neill, Jesse Rembert, Joel

Smith, and Perry Speelman) were granted five hours; (3) the Second Judicial District

Defendants (Jeffrey Watts and Ed Gruninger) were granted two hours; and (4) the

---

[1]  "[#526]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this order.

[2]  The Court is mindful that it must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Colorado Attorney General Defendants (Carol Warner, David Romero, and Joe Quintana) were granted three hours. *Id.* On May 15, 2013, the Court granted Defendants' request pursuant to Fed. R. Civ. P. 30(a)(2)(B) to depose Plaintiff at his correctional facility. *Order* [#491]. On June 14, 2013, Edmund Kennedy ("Kennedy"), counsel for the Second Judicial District Defendants sent to Plaintiff a Notice of Deposition of Plaintiff Dean Carbajal [#526-3]. The Notice informed Plaintiff that he would be deposed at Sterling Correctional Facility ("Sterling") on July 22, 2013 and July 23, 2013, beginning at 9:00 a.m. on each day. *Id.*

On July 22, 2013, Patrick Sayas ("Sayas"), counsel for the Colorado Attorney General Defendants, signed in on Sterling's Facility Access Log, located in the facility's Main Entry, at 8:42 a.m. *Ex. A to Defs.' Reply, Aff. of Usry* [#552-1] at 3, 6. Jeffrey Driscoll ("Driscoll"), counsel for the Delta Defendants, also signed the log at 8:42 a.m. *Id.* Matthew Hader ("Hader"), counsel for the Denver Defendants, signed the log at 8:43 a.m. *Id.* Attorney Kennedy also signed the log at 8:43 a.m. *Id.* Defendants assert that Plaintiff's deposition was not to be videotaped, that Plaintiff would not be appearing in public, and that only Plaintiff, the four attorneys, and the court reporter would be present at the deposition. *Motion* [#526] at 3.

On that same morning of July 22, 2013, Lt. Brett Hulbert ("Hulbert"), an employee of the Colorado Department of Corrections at Sterling, was assigned to work the Visitation Area. *Ex. A-1 to Defs.' Motion, Decl. of Hulbert* [#526-1] at 1. Before the deposition was scheduled to begin, Lt. Hulbert received a telephone call from the Segregation Unit informing him that Plaintiff refused to put on his orange jumpsuit, which is a requirement of all inmates housed in the Segregation Unit. *Id.* Despite Plaintiff's knowledge of this requirement, "Plaintiff demanded to wear a green jumpsuit and stated that he wasn't

participating in his deposition wearing an orange jumpsuit."[3]  *Id.* at 3.  Shortly thereafter,

Lt. Hulbert received a second telephone call telling him that the deposition would not be

conducted due to Plaintiff's refusal to wear his orange jumpsuit.  *Id.*  Lt. Hulbert also

confirms that four attorneys and one court reporter were waiting in the Visitation Area for

the deposition to take place.  *Id.*  Attorneys Sayas, Driscoll, Hader, and Kennedy signed

out of the facility at 9:30 a.m., thirty minutes after Plaintiff's deposition was intended to

begin.  *Ex. A to Defs.' Reply, Aff. of Timothy Usry* [#552-1] at 3, 6.  Meanwhile, Plaintiff

asserts that:

> [O]pposing counsel did not appear at . . . Sterling . . . for the schedule[d]
> deposition . . . . [However, Plaintiff] was prepared to conduct his deposition,
> and repeatedly requested that he be taken to visiting, and that he be
> permitted to speak to opposing counsel by phone or use the phone to contact
> his family, who could relay a message to opposing counsel.  However, DOC
> staff refused to allow [Plaintiff] to use the phone or attend his deposition.
> After demanding to speak to a lieutenant or shift commander, DOC
> Employee Sweets advised [Plaintiff] that opposing counsel canceled the
> scheduled deposition.

*Response* [#544] at 2.

As a result of Plaintiff's failure to appear at his own deposition, Defendants seek

sanctions pursuant to Fed. R. Civ. P. 37(d).  *Motion* [#526]; *Reply* [#552].  According to

Rule 37(d)(1), the Court "may, on motion, order sanctions if a party . . . fails, after being

served with proper notice, to appear for that person's deposition . . . ."[4]  There is no dispute

among the parties regarding whether Plaintiff actually appeared for his deposition.  The

Court therefore finds that Plaintiff did not appear for his deposition.  The Court next

---

[3]  Green is the color of jumpsuits worn by inmates housed in general population.  *Motion*
[#526] at 3.

[4]  Plaintiff does not contest that he was served with proper notice.

considers whether sanctions are appropriate under the circumstances presented here.

Pursuant to Fed. R. Civ. P. 37(d)(3), the Court *may* order any of the following sanctions, if appropriate: (1) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;" (2) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" (3) "striking pleadings in whole or in part;" (4) "staying further proceedings until the order is obeyed;" (5) "dismissing the action or proceeding in whole or in part;" and (6) "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). The Court *must* "require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). This mandatory award of expenses may stand on its own or be in addition to any other permissible sanction. *Id.*

The Court first addresses whether Plaintiff should be required to pay Defendants' reasonable expenses. Having read the entirety of Plaintiff's sworn[5] Response [#544] in conjunction with the evidence provided by Defendants in the Motion [#526] and Reply [#552], the Court finds that there is no conflict on any material point. In short, there is no dispute that Plaintiff refused to follow the simple DOC requirement that he dress in the orange jumpsuit that all inmates in his unit are required to wear. Other than Plaintiff's unsubstantiated and conclusory allegations that DOC staff were affirmatively attempting

_____

[5] Plaintiff has sworn to the veracity of the statements in his Response pursuant to 28 U.S.C. § 1746. *Response* [#544] at 7.

to prevent him from attending his own deposition, there is no reason provided as to why Plaintiff could not have simply dressed in the appropriate jumpsuit and attended his deposition.   The Court therefore finds that Plaintiff willfully refused to attend his own deposition and, thus, that Plaintiff's failure to attend was not substantially justified.

Further, the Court notes that Plaintiff does not proceed *in forma pauperis* in this action.   At the Scheduling Conference held in this matter, the Court thoroughly explained to Plaintiff the cost of taking depositions, but "Plaintiff repeatedly and adamantly insisted that the 'funds will be secured' and that the 'moneys will be procured'" to take the twenty-five depositions that he sought in the Scheduling Order.   *Order* [#459] at 18.   The Court therefore finds that there are no other circumstances making an award of expenses unjust and that, pursuant to Fed. R. Civ. P. 37(d)(3), Defendants must be awarded reasonable expenses incurred by Plaintiff's failure to appear for his deposition.

Defendants seek dismissal of this matter based on Plaintiff's failure to appear, a sanction which is permitted by Rule 37(d)(3) and Rule 37(b)(2)(A)(v).   In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[6]   The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5)

---

[6]   The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.   *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding pro se, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [is appropriate], so that the party does not unknowingly lose his right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

The Court notes that many of the *Ehrenhaus* factors clearly weigh in favor of dismissal of this action. However, the Court will provide Plaintiff with **one last chance** in this litigation before determining whether dismissal is appropriate. Plaintiff is specifically warned that continued failure to cooperate with discovery and/or failure to follow Court Orders will result in dismissal of this case. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#526] is **GRANTED in part and DENIED without prejudice in part**. The Motion is **granted** to the extent that the Court awards sanctions pursuant to Fed. R. Civ. P. 37(d)(3). The Motion is **denied without prejudice** to the extent that the Court declines <u>at this time</u> to award the specific sanction sought by Defendants.

IT IS FURTHER **ORDERED** that, pursuant to Fed. R. Civ. P. 37(d)(3), Defendants are awarded their reasonable expenses, including attorney's fees, incurred by them as a

result of Plaintiff's failure to appear at his deposition.

IT IS FURTHER **ORDERED** that Defendants shall file affidavits attesting to their reasonable expenses, including attorney's fees, **on or before October 28, 2013**.  With respect to attorney's fees, Defendants shall comply with D.C.COLO.LCivR 54.3.

IT IS FURTHER **ORDERED** that, if Plaintiff contests the amount of expenses sought by Defendants, he shall file a response to the affidavits **on or before November 14, 2013**. No reply from will be permitted.

IT IS FURTHER **ORDERED** that all discovery in this matter is **STAYED** until further order of the Court.


Dated:  October 11, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge