IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Jeffrey Watts and Edward Gruninger's **Motion for a Protective Order Concerning Plaintiff's Subpoena to Produce**

**Documents Directed at Sprint Telecommunications from Defendants Jeffrey Watts and Edward Gruninger** [#498];[1] on Non-party Killmer, Lane & Newman, LLP's **Motion to Quash** [#500]; on Defendants City and County of Denver, Gilberto Lucio, James Dixon, Adam Barrett, Joel Smith, Jesse Rembert, Jay Lopez, Darin Desel, and Perry Speelman's (collectively, the "Denver Defendants") **Motion to Quash Subpoena** [#504]; on the Denver Defendants' **Motion to Quash Subpoena** [#505]; on the Denver Defendants' **Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37(a)** [#510]; on Plaintiff's **Notice to Court of Department of Corrections' Refusal to Allow Mr. Carbajal to Meet or Call His Legal Assistant, or Participate in Depositions, and Motion for Extension of Time to Respond to Denver Defendants' Second Discovery Request** [#521]; on Defendants' **Joint Motion for Extension of Discovery Deadline for the Limited Purpose of Deposing Plaintiff** [#548]; on Plaintiff's **Motion for Extension of Discovery Deadline** [#550]; on the Denver Defendants' **Petition for Fees and Costs** [#557]; and on the State Defendants' **Motion for Fees and Costs** [#564]; and on Defendants' **Joint Motion for Extension of Dispositive Motion Deadline** [#566].

IT IS HEREBY **ORDERED** that the discovery Motions [#498, #500, #504, #505, #510, #521] are **DENIED without prejudice**, based on the stay of discovery entered in this matter on October 11, 2013. *See Order* [#553]. When and if the stay of discovery is removed, pending discovery motions may be timely refiled, <u>if necessary</u>, **within thirty (30) days** of the issuance of the order lifting the stay.

IT IS FURTHER **ORDERED** that the deadline Motions [#548, #550, #566] are **GRANTED in part**. The pending discovery and dispositive motions deadlines are **VACATED**. Case management deadlines in this matter, including those for discovery and dispositive motions, will be reset, if necessary, following removal of the stay currently in place for this matter.

IT IS FURTHER **ORDERED** that the fees Motions [#557, #564] are **DENIED as moot** based on the Court-ordered filing of amended Motions [#576, #577].

Dated: January 9, 2014

---

[1] "[#498]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Minute Order.