IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity,
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity, and
ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Watts and Gruninger's **Motion for**

-1-

**Sanctions for Plaintiff's Failure to Comply With an Order From This Court** [#502][1] (the "Motion"). Plaintiff filed a Response [#514] in opposition to the Motion, and Defendants Watts and Gruninger filed a Reply [#519]. The Motion is thus ripe for resolution. For the reasons stated below, the Motion [#502] is **GRANTED in part and DENIED without prejudice in part**.

Plaintiff proceeds in this matter as an incarcerated pro se individual.[2] Discovery in this matter commenced on November 5, 2012. *See Minute Entry* [#413]. On March 18, 2013, the Court denied Plaintiff's request for a protective order regarding production of documents. *Order* [#502] at 20. Instead, the Court ordered Plaintiff to produce certain documents and/or execute the required releases for production of those documents within fourteen days of entry of a protective order regarding the confidentiality of Plaintiff's records. *Order* [#502] at 20. On May 7, 2013, the Court entered the Protective Order [#486] addressing the confidentiality of Plaintiff's medical records and tax return information. On or about May 22, 2013, Defendants Watts and Gruninger received executed releases from Plaintiff, but the releases were not notarized. *See Response* [#514] at 9-14. Counsel for Defendants Watts and Gruninger responded to Plaintiff,

---

[1] "[#502]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

provided him with a new set of releases, and requested that Plaintiff execute *and* notarize the enclosed documents. *See Defs.' Ex. B* [#502-2]. Plaintiff did not respond or provide the executed and notarized releases. *Motion* [#502] at 2.

On June 19, 2013, Defendants Watts and Gruninger filed the present Motion [#502], seeking sanctions pursuant to Fed. R. Civ. P. 37(b)(2) against Plaintiff for his refusal to provide executed and notarized releases. Rule 37(b)(2) permits a range of sanctions against a party when that party fails to obey an order to provide or permit discovery. The sanctions requested by Defendants Watts and Gruninger include: (1) dismissal of Plaintiff's remaining claims against all Defendants; (2) disallowing Plaintiff to present any evidence on damages at any trial held in this matter; and (3) an award to Defendants Watts and Gruninger of their attorneys' fees and costs relating to their efforts to discover information concerning Plaintiff's damages, including those fees and costs expended in connection with the filing of the present Motion [#502].[3] *Id.* at 3-4. There is no dispute among the parties regarding whether Plaintiff actually had the releases notarized. The Court therefore finds that Plaintiff has not provided notarized releases to Defendants.

Plaintiff responds to the Motion with several arguments as to why sanctions should not be imposed against him. To begin, he states that he did not notarize the releases because staff at Sterling Correctional Facility, where Plaintiff was then incarcerated, refused to notarize the documents for him. *Response* [#514] at 3. He also asserts that the Court refused to order staff at his correctional facility to notarize the documents. *Id.* These

---

[3] Discovery in this matter was stayed on October 11, 2013. *Order* [#553] at 8. However, because the complained-of conduct occurred and the Motion [#502] was filed before the stay was entered, the Court properly considers whether sanctions should enter against Plaintiff pursuant to Fed. R. Civ. P. 37.

arguments are unavailing. Plaintiff has never raised this issue with the Court. On the only prior occasion when Plaintiff complained about notarization of discovery documents, the Court stated:

> Plaintiff contends that he cannot fulfill his discovery obligations to Defendants because "the law library staff refuses to notarize any interrogatories in absence of a court order." *Motion* [#428] at 1. However, Plaintiff need not have his discovery responses notarized; he may attest to the veracity of his responses by swearing to their truth under penalty of perjury, pursuant to 28 U.S.C. § 1746. Accordingly, the Court **DENIES** Plaintiff's request to the extent he seeks a Court Order requiring law library staff to notarize his discovery responses.

*Order* [#459] at 16. The notarization of releases is not the same issue addressed by the Court above. Plaintiff's proper course of action, if staff were refusing to notarize documents that actually required notarization, would have been to file grievances within the facility and to bring it to the attention of Defendants' counsel and/or the Court. Plaintiff's apparent decision to do nothing to complete the releases despite a Court-ordered deadline was inappropriate.

Plaintiff also argues that Defendants Watts and Gruninger misrepresented when Plaintiff executed the releases; that Plaintiff has provided Defendant Watts and Gruninger with all requested responsive documents in his possession;[4] and that Defendants Watts and Gruninger have failed to appropriately respond to all of Plaintiff's written discovery requests. *Response* [#514] at 2-4. None of these arguments address why Plaintiff has failed to provide notarized releases, however, and the Court finds that the arguments are non-responsive.

---

[4] To be clear, the Court notes that Plaintiff does not aver that he possessed and produced all documents relevant to the releases. He merely asserts that he provided Defendants Watts and Gruninger with those documents in his possession.

Finally, Plaintiff argues that the releases need not be notarized in order for the involved government agencies and private entities to release the requested information to Defendants Watts and Gruninger. *Response* [#514] at 3. However, Plaintiff must both sign the releases and have them notarized in order for them to be valid. *See, e.g.*, *Dochterman v. Resource Realizations*, 56 F. App'x 455, 458-459 (10th Cir. 2003) (upholding sanctions where the plaintiffs failed to provide proper authorization for the release of medical records when they only signed and did not notarize the requested release forms). Thus, Plaintiff's argument here is without merit.

Pursuant to Fed. R. Civ. P. 37 (b)(2)(A)(i)-(vi), the Court *may* order any of the following sanctions, if appropriate: (1) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;" (2) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" (3) "striking pleadings in whole or in part;" (4) "staying further proceedings until the order is obeyed;" (5) "dismissing the action or proceeding in whole or in part;" and (6) "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). The Court *must* also order "the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). This mandatory award of expenses may stand as its own sanction or be imposed in addition to any other permissible sanction. *Id.*

The Court first addresses whether Plaintiff should be required to pay Defendants Watts and Gruninger's reasonable expenses. Having read the entirety of the filings along

with the exhibits submitted by both parties, the Court finds that there is no conflict on any material point. In short, there is no dispute that Plaintiff refused to follow the simple requirement that his releases be notarized. Other than Plaintiff's unsubstantiated—and previously unraised— allegations that DOC staff refused to notarize his releases, there is no reason provided as to why Plaintiff could not provide properly signed and notarized releases to Defendants Watts and Gruninger, as ordered by the Court. *See Order* [#459] at 20. The Court therefore finds that Plaintiff willfully refused to provide the releases, in violation of the Court's Order on March 18, 2013, and, thus, that Plaintiff's failure to do so was not substantially justified.

Further, as the Court has previously explained, *see Order* [#553] at 6, Plaintiff does not proceed in forma pauperis in this action. At the Scheduling Conference held in this matter, the Court thoroughly explained to Plaintiff the cost of taking depositions, but "Plaintiff repeatedly and adamantly insisted that the 'funds will be secured' and that the 'moneys will be procured'" to take the twenty-five depositions that he sought permission to take. *Order* [#459] at 18. The Court therefore finds that there are no other circumstances making an award of expenses unjust and that, pursuant to Fed. R. Civ. P. 37(b)(2), Defendants Watts and Gruninger must be awarded reasonable expenses incurred by Plaintiff's failure to provide the executed and notarized releases.

Defendants seek dismissal of this matter based on Plaintiff's failure to permit discovery, a sanction which is allowed by Rule 37(b)(2)(A)(v). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit enumerated the factors to be considered

when evaluating grounds for dismissal of an action.[5] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding pro se, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [is appropriate], so that the party does not unknowingly lose his right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

The Court notes that many of the *Ehrenhaus* factors, when combined with Plaintiff's other conduct in this matter, clearly weigh in favor of dismissal of this action. However, the Court will first impose the lesser penalty of monetary sanctions, as is required under Rule 37, before determining whether dismissal is appropriate. Plaintiff is specifically warned that continued failure to cooperate with discovery and/or failure to follow Court Orders will result

---

[5] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

in dismissal of this case. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#502] is **GRANTED in part and DENIED without prejudice in part**. The Motion is **granted** to the extent that the Court awards sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(C). The Motion is **denied without prejudice** to the extent that the Court declines <u>at this time</u> to award any further specific sanction sought by Defendants Watts and Gruninger.

IT IS FURTHER **ORDERED** that, pursuant to Fed. R. Civ. P. 37(b)(2)(C), Defendants Watts and Gruninger are awarded their reasonable expenses, including attorneys' fees, incurred by them as a result of Plaintiff's failure to provide properly notarized releases.

IT IS FURTHER **ORDERED** that Defendants Watts and Gruninger shall file affidavits attesting to their reasonable expenses, including attorneys' fees, **on or before February 6, 2014**. With respect to attorneys' fees, Defendants Watts and Gruninger shall comply with D.C.COLO.LCivR 54.3.

IT IS FURTHER **ORDERED** that, if Plaintiff contests the amount of expenses sought by Defendants, he shall file a response to the affidavits **on or before February 27, 2014**. No reply will be permitted.

Dated: January 15, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge