**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiffs,

v.

CAROL WARNER, et al.,

    Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND DENYING MOTION TO RECONSIDER**

**Blackburn, J.**

This matter is before me on the following: (1) **Plaintiff's Notice To the Court of the Clerk's Refusal To Mail Court Orders To the Plaintiff and Contemporaneous Objection To the Denial of Plaintiff's Motion to Compel Schedule Conference, Reset Timelines, Disclosures and Set Trial** [#431][1] filed January 29, 2013; and (2) **Plaintiff Dean Carbajal's Contemporaneous Objection To Magistrate Judge Kristen Mix's Order [January 14, 2014] That Will Improperly Compel the Dismissal of an indigent Plaintiff's Case Due To Mr. Carbajal's Poverty and Inability To Pay Sanctions** [#591] filed February 3, 2014. The defendants filed a response [#440] to the first motion and objection [#431].

The plaintiff is acting *pro se.* Therefore, I construe his filings generously and with

---

[1] "[#431]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the leniency due pro se litigants, see **Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)). Nevertheless, I overrule the objections.

The objections of the plaintiff pertain to non-dispositive matters that were referred to the magistrate judge for resolution. Under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of an order of a magistrate judge which I find to be clearly erroneous or contrary to law.

In an order [#424] entered December 27, 2012, the magistrate judge denied the motion [#415] filed by the plaintiff, Dean Carbajal, seeking an extension of all deadlines in this case and requiring the defendants to provide disclosures under F{ED}. R. C{IV}. P. 26. For the reasons specified in the order of the magistrate judge, the motion was denied. Nothing in the objection [#431] of Mr. Carbajal demonstrates that this order was in error, much less clearly erroneous or contrary to law.

On two occasions in recent months, the magistrate judge has entered orders [#553 & #584] imposing sanctions on Mr. Carbajal based on his failure to comply with his discovery obligations in this case. In both orders, the magistrate judge ordered Mr. Carbajal to pay the attorney fees and costs of the defendants tied to the failure of Mr. Carbajal to comply with his discovery obligations. In addition, in both orders, the magistrate judge warned Mr. Carbajal that continued refusal to abide by the orders of the court may lead to dismissal of this case as a sanction. The magistrate judge cited the five factors relevant to the imposition of dismissal as a sanction, as stated in **Ehrenhaus v. Reynolds**, 965 F.2d 916 (10th Cir. 1992) and its progeny.

The objection [#591] of Mr. Carbajal is addressed to the order [#584] filed January 15, 2014. That order [#584] imposes sanctions on Mr. Carbajal based on his unjustified failure to provide to the defendants a validly executed release concerning the medical and tax records of Mr. Carbajal. In the order [#584], the magistrate judge found that Mr. Carbajal failed to provide notarized releases to the defendants and that this failure violated the orders of the court, as stated in the order [#459] entered March 18, 2013.

In his objection [#591], Mr. Carbajal argues, in essence, that the imposition of monetary sanctions against an indigent *pro se* plaintiff is improper. In addition, he contends it is improper to impose dismissal as a sanction against such a plaintiff when the plaintiff fails to pay monetary sanctions. In the view of Mr. Carbajal, neither monetary sanctions nor the sanction of dismissal is proper, despite his repeated unwarranted failure to comply with his discovery obligations and his anticipated failure to pay monetary sanctions ordered by the court. Notably, Mr. Carbajal proposes no alternative sanction which might be less severe than dismissal or an order to pay fees and costs, but which might motivate Mr. Carbajal to comply with his discovery obligations and the orders of this court. The court knows of no such sanction.

Nothing in the objection [#591] of Mr. Carbajal demonstrates that the order of the magistrate judge [#584] was in error, much less clearly erroneous or contrary to law. In a separate order, I order Mr. Carbajal to show cause why this case should not be dismissed because of his failure to comply with his discovery obligations in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), the objections stated

in **Plaintiff's Notice To the Court of the Clerk's Refusal To Mail Court Orders To the Plaintiff and Contemporaneous Objection To the Denial of Plaintiff's Motion to Compel Schedule Conference, Reset Timelines, Disclosures and Set Trial** [#431] filed January 29, 2013, are **OVERRULED**; and

    2. That under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), the objections stated in **Plaintiff Dean Carbajal's Contemporaneous Objection To Magistrate Judge Kristen Mix's Order [January 14, 2014] That Will Improperly Compel the Dismissal of an indigent Plaintiff's Case Due To Mr. Carbajal's Poverty and Inability To Pay Sanctions** [#591] filed February 3, 2014, are **OVERRULED**.

    Dated February 13, 2014, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Robert E. Blackburn*
                                      Robert E. Blackburn
                                      United States District Judge