**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

      Plaintiffs,

v.

CAROL WARNER, et al.,

      Defendants.

---

**ORDER DISCHARGING ORDER TO SHOW CAUSE,
STAYING CASE, AND CLOSING CASE ADMINISTRATIVELY**

---

**Blackburn, J.**

      This matter is before the court on the following: (1) the **Order To Show Cause** [#594][1] filed February 13, 2014; and (2) **Plaintiff's Response To the Court's Show Cause Order [#594]** [#596] filed February 28, 2014.  I discharge the **Order To Show Cause** [#594], stay all action in this case, and close this case administratively, subject to re-opening on the terms stated in this order.

## I.  BACKGROUND

      On two occasions in recent months, the magistrate judge entered orders [#553 & #584] imposing sanctions on the plaintiff, Dean Carbajal, based on his unwarranted failure to comply with his discovery obligations in this case. In both orders, the magistrate judge ordered Mr. Carbajal to pay the expenses, including attorney fees,

---

[1]  "[#594]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

incurred by the defendants and tied to the failure of Mr. Carbajal to fulfill his discovery obligations.  In both orders, the magistrate judge warned Mr. Carbajal that continued refusal to fulfill his discovery obligations and to abide by the orders of the court may lead to dismissal of this case as a sanction.  The magistrate judge cited and discussed the five factors relevant to the imposition of dismissal as a sanction as rehearsed in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) and related cases.

One of the orders [#584] entered by the magistrate judge concerned the failure of Mr. Carbajal to provide the defendants with properly executed releases concerning documents sought in discovery by the defendants.  Shortly after that order was issued, the defendants notified the court that Mr. Carbajal had provided the required releases before the court issued its order [#584] sanctioning Mr. Carbajal for his failure to provide properly executed releases.  As a result, the magistrate judge entered an order [#586] vacating the order [#584] imposing sanctions.  When addressing the issues raised in the **Order To Show Cause** [#594], I do not consider the discovery issues previously addressed by the court concerning the requirement that Mr. Carbajal provide properly executed releases to the defendants.

An earlier order [#553] entered by the magistrate judge concerned the willful refusal of Mr. Carbajal to participate in a deposition scheduled by the defendants to obtain the testimony of Mr. Carbajal.  On May 7, 2013, the court granted the request of the defendants to take a combined deposition of Mr. Carbajal and authorized a total of thirteen hours over the course of two consecutive days.  *Minute order* [#484].  After Mr. Carbajal refused to appear for this deposition, the defendants filed a motion [#526] for dismissal as a sanction. Mr Carbajal filed a response [#544], and the defendants filed a reply [#552].

In an order addressing the motion [#526] to dismiss, the magistrate judge considered the evidence submitted by the parties, including Mr. Carbajal, on the question of whether Mr. Carbajal had refused to appear for his deposition.  The magistrate judge entered findings of fact as follows. The deposition was noticed properly. Counsel for the defendants appeared for the deposition as scheduled at the Sterling Correctional Facility, where Mr. Carbajal was incarcerated.  On the day counsel appeared for the deposition, Mr. Carbajal was housed in the segregation unit.  Inmates in the segregation unit are required to wear an orange jumpsuit.  Specifically, the magistrate judge found

> (T)here is no dispute that Plaintiff refused to follow the simple DOC requirement that he dress in the orange jumpsuit that all inmates in his unit are required to wear.  Other than Plaintiff's unsubstantiated and conclusory allegations that DOC staff were affirmatively attempting to prevent him form attending his own deposition, there is no reason provided as to why Plaintiff could not have simply dressed in the appropriate jumpsuit and attended his deposition.  The Court therefore finds that Plaintiff willfully refused to attend his own deposition and, thus, that Plaintiff's failure to attend was not substantially justified.

*Order* [#553], p. 5. The foregoing findings of fact are circumstantiated by the record.

Based on the willful refusal of Mr. Carbajal to attend his deposition, the magistrate judge ordered Mr. Carbajal to pay the reasonable expenses, including attorney fees, incurred by the defendants.  After the defendants filed motions substantiating the expenses they had incurred, including attorney fees, the magistrate judge ordered Mr. Carbajal to pay reasonable expenses and attorney fees totaling over 12,000 dollars.  *Order* [#583].  In subsequent filings, including in his response [#596] to the **Order To Show Cause** [#594], Mr. Carbajal claims he is "unable to presently pay the awarded attorney fees and cost(s)."  *Response* [#596], p. 4.  He says, however, that "he will make a continuing effort to pay these sanctions in payments, and irrespective of

whether or not the Trial Court dismisses this action . . . ." *Id.*, p. 4.[2]  Nothing in the

record shows that Mr. Carbajal has made any payment toward the expenses, including

attorney fees.  Given this record, I must determine what sanction or sanctions are

appropriate in response to (1) the willful refusal of Mr. Carbajal to attend his deposition;

and (2) the failure of Mr. Carbajal to pay any part of the mandatory monetary sanctions

imposed against him under FED. R. CIV. P. 37.

## II.  DISMISSAL AS A SANCTION

In determining whether dismissal as a sanction is appropriate, I must evaluate

several factors:

> (1) the degree of actual prejudice to the defendant; (2) the
> amount of interference with the judicial process; (3) the
> culpability of the litigant; (4) whether the court warned the
> party in advance that dismissal of the action would be a
> likely sanction for non-compliance; and (5) the efficacy of
> lesser sanctions.

*Gripe v. City of Enid, Okl.*,  312 F.3d 1184, 1188 (10th Cir. 2002), citing *Ehrenhaus v.*

*Reynolds*,  965 F.2d 916, 918 (10th Cir. 1992).  These criteria are known as the

*Ehrenhaus* factors.  "These factors do not create a rigid test; rather, they represent

criteria for the district court to consider prior to imposing dismissal as a sanction."

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Dismissal is an

appropriate sanction if, after considering all of the factors, the court "concludes that

dismissal alone would satisfy the interests of justice."  *Id.*  As the magistrate judge notes

in her recent order [#553], given the current circumstances of this case, many of the

*Ehrenhaus* factors clearly weigh in favor of dismissal of this action.  *Order* [#553], pp. 6-

---

[2]  Addressing various statements to the court by Mr. Carbajal concerning his ability or inability to fund various aspects of this litigation, the magistrate judge noted in the order [#583] requiring Mr. Carbajal to pay expenses, including attorney fees, that Mr. Carbajal has taken distinctly varied positions on this question.  *Order* [#583], p. 5.

7.  I analyze each of the factors.

## A.  Degree of Actual Prejudice to the Defendants

In his complaint [#254], Mr. Carbajal asserts a complex array of claims against a long list of defendants.  A good summary of the background of this case and the claims of Mr. Carbajal can be found in the recommendation [#369] of the magistrate judge.  In essence, Mr. Carbajal claims the defendants acted in concert during the years 2005 through 2010 as part of a "conspiracy to arrest, prosecute, convict, and confine [him]." *Complaint* [#254], p. 6.  Since this case was filed on November 23, 2010, the defendants have filed numerous motions addressing the claims of Mr. Carbajal.  As a result, some of the claims have been dismissed.

It took more than a year and many motions filed by the defendants to narrow the claims of Mr. Carbajal to claims which, assuming the allegations of Mr. Carbajal are true, might be plausible.  With the claims of Mr. Carbajal somewhat refined and limited, the defendants then sought to conduct discovery concerning the remaining claims.  Given the broad and sustained conspiracy alleged by Mr. Carbajal, the testimony of Mr. Carbajal constitutes a crucial part of the evidence.  The defendants arranged to take the testimony of Mr. Carbajal, but Mr. Carbajal willfully refused to provide his testimony.

The willful refusal of Mr. Carbajal to give deposition testimony visited substantial expense on the defendants.  That prejudice is significant *per se* .  As expatiated below, there is no realistic hope that Mr. Carbajal will reimburse the defendants for these expenses.  Given the context of this case, however, the prejudice cause by Mr. Carbajal extends much further.  After much effort and expense by the defendants to defend this case and to narrow the claims of Mr. Carbajal, he willfully refused to permit the defendants to take his testimony to develop further their defenses to the remaining

claims.  This willful refusal to testify hijacked the efforts of numerous defendants to bring this case to a resolution consistent with the seminal principles of Fed. R. Civ. P. 1.

In his response to the **Order To Show Cause** [#594], Mr. Carbajal contends that the "degree of actual prejudice to the defendant is little to none, in that the Defendants have an additional opportunity to conduct Mr. Carbajal's deposition." *Response* [#596], p. 4.  Of course, this ignores the costs exceeding 12,000 dollars imposed on the defendants by Mr. Carbajal when he wilfully refused to be deposed.  Later in the same paragraph, Mr. Carbajal contends that the defendants will be able to collect the expenses previously awarded against Mr. Carbajal even though "Mr. Carbajal is presently unable to pay these sanctions in the time provided . . . ." *Id.*  Mr. Carbajal fails to address the fact that he will be incarcerated for the rest of his life without any realistic prospect of paying the monetary sanction previously awarded.

The estimated parole eligibility date for Mr. Carbajal is September 18, 2090, when he would be 109 years old.[3]  More than 76 years must pass before Mr. Carbajal is eligible for parole, yet his life expectancy is about 45 years.[4]  He claims to be indigent and, as a result, he claims it is unfair to impose monetary sanctions on him.  No doubt, it is both fair and appropriate to impose monetary sanctions on Mr. Carbajal for his refusal to be deposed.  However, there is no realistic hope that Mr. Carbajal will provide the defendants with any significant compensation for the costs he improperly and willfully caused the defendants.

Given the expense this case has imposed on the defendants and the other

---

[3]  This information was obtained from the Colorado Department of Corrections website, http://www.doc.state.co.us/oss/.  I take judicial notice of this information. *See* Fed R. Evid 201.

[4]  See, *e.g.*, the mortality table at  §13-25-103, C.R.S.

burdens borne by a defendant in a civil suit, I find that the refusal of Mr. Carbajal to attend his deposition imposed a high degree of actual and irreparable prejudice on all the defendants.  Further delay and significant expense are the two primary forms of prejudice imposed by Mr. Carbajal.

### B.  Amount of Interference with the Judicial Process

In a similar way, the intransigence of Mr. Carbajal has caused substantial interference with the judicial process.  Like defense counsel, the court has expended much time and effort refining the claims of Mr. Carbajal and fashioning a procedure to refine and resolve the claims that have not been dismissed.  In this effort, the magistrate judge has held numerous hearings and has issued numerous detailed orders and recommendations.  With his willful refusal to be deposed, Mr. Carbajal essentially brought the case to a stand-still without good reason.  His disaffected behavior required the court to hold at least one hearing and resolve several motions unrelated to the merits of his claims but necessary to address his intransigence.  Mr. Carbajal has effectively deprived the many defendants of a means by which they can obtain and examine evidence that is particularly important – the testimony of Mr. Carbajal.  That recusant act interferes substantially with the judicial process because it halts the key effort to develop evidence to support or demonstrate a lack of support for factual contentions, claims, and defenses.  These are the fundamental steps necessary to resolve a case on the merits.

### C.  Culpability of the Litigant

The defendants and the magistrate judge made every effort to arrange and conduct a deposition of Mr. Carbajal, but he willfully refused to cooperate.  Mr. Carbajal is the only litigant culpable for the cancellation of his deposition.

### D.  Warning in Advance That Dismissal Is a Likely Sanction for Non-Compliance

Mr. Carbajal has been warned repeatedly that dismissal is a likely sanction for his failure to meet his discovery obligations in this case.  At minimum, he was warned in two orders issued by the magistrate judge [#553 & #584], and he was warned yet again in the **Order To Show Cause** [#594].

### E.  Efficacy of Lesser Sanctions

A lesser sanction can be considered to have a reasonable possibility of efficacity only if that sanction is likely to motivate Mr. Carbajal to cooperate with efforts to conduct his deposition and to comply otherwise with his discovery obligations.  Short of that, a lesser sanction cannot be considered to be efficacious.

In an order [#583] addressing the expenses, including attorney fees, to be paid by Mr. Carbajal, the magistrate judge summarized the sanctions a court must impose and may impose when a party willfully fails to comply with discovery obligations.  When a party willfully fails to comply with discovery obligations, monetary sanctions are mandatory.

> (T)he Court must "require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). This mandatory award of expenses may stand as its own sanction or be imposed in addition to any other permissible sanction. Id.

*Order* [#583], p. 7.  The court may impose additional sanctions, which include: (1) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; (2) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (3) "striking pleadings in whole or in part"; (4) "staying further proceedings until the order is obeyed"; (5) "dismissing the action or

proceeding in whole or in part"; and (6) "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(i)-(vi).  I consider each possible sanction in turn.

In considering sanctions other than dismissal, the nature of the claims remaining in this case is a relevant consideration.  Still pending are claims of malicious prosecution and conspiracy to maliciously prosecute Mr. Carbajal.  The alleged conspiracy spans the years 2005 to 2010 and concerns multiple criminal prosecutions against Mr. Carbajal. The complaint also contains claims of excessive force, unlawful search, and other claims.  Nineteen defendants remain in this case.

1.  Additional Monetary Sanctions.  Mr. Carbajal has demonstrated that monetary sanctions have no efficacy.  Mr. Carbajal is incarcerated and will be incarcerated for the rest of his life.  His estimated parole eligibility date is September 18, 2090, when he would be 109 years old.  More than 76 years must pass before Mr. Carbajal is eligible for parole, yet his life expectancy is about 45 years.  He claims credibly to be indigent, and, as a result, he claims it is unfair to impose monetary sanctions on him.  No doubt, it is both fair and appropriate to impose monetary sanctions on Mr. Carbajal for his refusal to be deposed, but, given his circumstances, there is no likelihood that monetary sanctions will prove to be efficacious presently or prospectively.

Of course, requiring Mr. Carbajal to pay the expenses of the defendants, including attorney fees and costs, is meant to sanction his willful refusal to attend his deposition. In addition, the imposition of such a monetary sanction is intended to compensate the defendants for the costs unjustly imposed on them by Mr. Carbajal.  However, well intentioned, there is no realistic hope that the defendants will be compensated by Mr. Carbajal.

2.  Directing that Certain Facts Be Taken As Established.  The testimony of Mr. Carbajal is key to the support of all of his remaining claims.  To the extent there is other evidence of the broad conspiracy alleged by Mr. Carbajal, only he can specify the evidence on which he relies.  His refusal to be deposed has deprived the defendants of access to this critical evidence.  If this potential sanction for the refusal of Mr. Carbajal to be deposed is tailored to the claims and defenses adversely affected by his refusal to be deposed, then an order directing that certain facts be taken as established would establish facts in opposition to the facts alleged by Mr. Carbajal.  Ultimately, this sanction would be tantamount to the dismissal of the remaining claims of Mr. Carbajal.

3.  Prohibiting Mr. Carbajal from Supporting Certain Claims or Introducing Certain Evidence.  Similar to the second potential sanction, if this potential sanction for the refusal of Mr. Carbajal to be deposed is tied to the claims and defenses adversely affected by his refusal to be deposed, then this sanction will undermine fatally all of the remaining claims of Mr. Carbajal.  This is true because the testimony of Mr. Carbajal is essential to all of his remaining claims.

4.  Striking Pleadings In Whole or In Part.  Like the second and third potential sanctions, if this potential sanction is tailored to the claims and defenses adversely affected by the refusal of Mr. Carbajal to be deposed, then this sanction will undermine fatally all of the remaining claims of Mr. Carbajal.  Striking each claim tied closely to evidence only Mr. Carbajal can provide or to which he can point would result in striking all of the remaining claims of Mr. Carbajal.

5.  Staying Further Proceedings Until the Order Is Obeyed.  In his response to the **Order To Show Cause** [#594], Mr. Carbajal contends that the "degree of actual prejudice to the defendant is little to none, in that the Defendants have an additional

opportunity to conduct Mr. Carbajal's deposition." *Response* [#596], p. 4.   Of course, this contention ignores the costs that have been incurred already by the defendants by the willful refusal of Mr. Carbajal to attend his deposition and the additional costs that will be incurred to facilitate his deposition.   In essence, Mr. Carbajal asserts that he is willing to be deposed by the defendants.   In this case, the past is perhaps the best predictor of the future.   Mr. Carbajal willfully refused to be deposed when the opportunity arose initially.   In his papers, he claims he will participate in a deposition conducted by the defendants.   However, he provides little credible assurance that he will behave differently if a second deposition is scheduled.

6.  Dismissing the Action or Proceeding In Whole or In Part.   Like the second, third, and fourth potential sanctions, if this potential sanction is tailored to the claims and defenses adversely affected by the refusal of Mr. Carbajal to be deposed, then this sanction likely will undermine fatally all of the remaining claims of Mr. Carbajal.   A dismissal of some, but not all, of the claims of Mr. Carbajal would permit Mr. Carbajal serendipitously to continue to prosecute claims adversely affected by the willful refusal of Mr. Carbajal to be deposed.   Mr. Carbajal has presented nothing that demonstrates that dismissal of some of his claims, but not all, would be effective to remedy his intransigence.

7.  Rendering Default Judgment Against the Disobedient Party.   Of course, this sanction is tantamount to dismissal.

8.  Contempt of Court.   Potentially, Mr. Carbajal could be found to be in contempt of court based on his willful failure to be deposed.   The resulting penalties are likely to be monetary sanctions or, possibly, incarceration.   As discussed earlier, monetary sanctions will have no effect in this case.   There is no reasonable hope that imposing additional

incarceration on Mr. Carbajal is likely to be effective.  Again, his estimated parole

eligibility date is more than 76 years in the future while his life expectancy is about 45

years.  In this context, the imposition of an additional, consecutive term of incarceration

as a penalty for contempt of court will not be efficacious.

### III.  CONCLUSION & ORDERS

Mr. Carbajal has placed himself in a position where he is incarcerated and

indigent.  Thus, sanctions – costs and incarceration –  which are effective against most

litigants are not effective against Mr. Carbajal.  Thus, Mr. Carbajal has created for himself

a situation where the range of practical and efficacious sanctions which can be used to

enforce his duty to fulfill his discovery obligations and his duty to comply with the orders of

the court is extremely limited.  Though the available sanctions may be limited, it is the

obligation and duty of this court to use the sanctions which are available to enforce both

the duty of a party to fulfill discovery obligations and to comply with the orders of this

court.  The fact that Mr. Carbajal has created this situation is not a license for him to

ignore contumaciously these important responsibilities.

In addressing the willful failure of Mr. Carbajal to attend his deposition and granting

the motion of the defendants for the imposition of sanctions, the magistrate judge stated

munificently that Mr. Carbajal would be given one last chance to comply with his

discovery obligations.  *Order* [#553], p. 7.  Given that statement, the record in this case,

and the extremely limited array of efficacious sanctions available to the court, I conclude

that Mr. Carbajal should be sanctioned by staying all activity in this case until Mr. Carbajal

fulfills his duty to attend and participate fully in depositions where all remaining

defendants have a reasonable opportunity to depose Mr. Carbajal.  Thus, I will direct that

this case be closed administratively to be re-opened only after Mr. Carbajal provides a

timely, bona fide assurance that he will attend and participate in properly noticed depositions by the defendants.

I will specify in this order the specific steps Mr. Carbajal must take (1) to certify that he will attend all properly noticed depositions at which his testimony is sought; (2) to cooperate with efforts to take his deposition; and (3) to cause the stay and closure of this case to be lifted.  This sanction will provide Mr. Carbajal the last chance he was promised, will minimize additional prejudice to the defendants, and will permit the defendants to obtain the information they need to defend against the claims of Mr. Carbajal.  This sanction will prevent Mr. Carbajal from taking any further action in this case that will impose any additional burden on the defendants, until Mr. Carbajal fulfills his duty to cooperate fully in the taking of his depositions.

Mr. Carbajal is warned that dismissal of this case with prejudice remains a sanction which may be imposed, and which the court will impose, if Mr. Carbajal fails to fulfill his discovery obligations and to comply with the orders of this court.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Order To Show Cause** [#594] filed February 13, 2014, is **DISCHARGED**;

2.  That under D.C.COLO.LCivR 41.2, this case is **CLOSED ADMINISTRATIVELY**;

3.  That on or after May 1, 2014, but before May 15, 2014, the plaintiff, Dean Carbajal, **MAY SEEK TO REOPEN** this case by complying with the requirements stated in the following paragraphs;

4.  That if the plaintiff wishes to request that this case be re-opened, he **SHALL FILE** with the court, no sooner than May 1, 2014 and no later than May 15, 2014, a

motion to re-open this case;

5.  That any motion to re-open by the plaintiff **SHALL INCLUDE** a written statement by the plaintiff, signed and verified under penalty of perjury, stating that the plaintiff will participate voluntarily and cooperate fully in any and all depositions of the plaintiff, Dean Carbajal, properly noticed by the defendants;

6.  That any motion to re-open filed by the plaintiff **SHALL BE DENIED** summarily if  the motion does not include a written statement of the plaintiff as specified in paragraph five (5) above;

7.  That within 20 days after the court enters an order granting a motion to re-open filed by the plaintiff, any defendant who wishes to depose Mr. Carbajal **SHALL SERVE** a notice of deposition on Mr. Carbajal under the procedures established in the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado - Civil;

8.  That within 20 days after the plaintiff has been fully deposed in all depositions properly noticed by the defendants, the plaintiff **SHALL FILE** a written statement of the plaintiff, signed and verified under penalty of perjury, indicating that he has been fully deposed in each and every deposition properly noticed by any defendant in this case and that he has cooperated fully in each and every such deposition;

9.  That any written statement filed by the plaintiff under the terms of paragraph nine (9) of this order **SHALL SPECIFY** (a) each defendant or defendant group who properly noticed a deposition of the plaintiff; and (b) the date or dates on which each such defendant or defendant group conducted a deposition of the plaintiff;

10.  That within 20 days after the plaintiff files any statement as specified in paragraphs eight (8) and nine (9) above, any defendant **MAY FILE** a response to the

statement;

11.  That pending further order re-opening this case, all action in this case is

**STAYED**;

12.  That if the plaintiff fails to comply with any one or more of the requirements stated in this order, the court **SHALL DISMISS** this case **with prejudice** as a sanction for the willful refusal of the plaintiff to give deposition testimony and/or the failure of the plaintiff to abide by the orders of this court;

13.  That other failures by the plaintiff to fulfill his discovery obligations or to comply with the orders of this court **MAY SUBJECT** the plaintiff to sanctions, including dismissal of this case with prejudice; and

14.  That under D.C.COLO.LCivR 41.2, the clerk is **DIRECTED** to close this civil action administratively, subject to reopening for good cause.

Dated March 27, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge