IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to Have a Legal Box**

**for Each of the Plaintiff's Cases That Are Presently being Litigated** [#631][1] (the "Motion"). Defendants did not file a Response. For the reasons stated below, the Motion [#631] is **DENIED without prejudice**.

## I. Background

Plaintiff, who is proceeding pro se,[2] is presently incarcerated by the Colorado Department of Corrections ("CDOC") at Arkansas Valley Correctional Facility. He states that he is currently litigating multiple cases (six cases in federal court and three cases in state court) and that the volume of written legal materials he has acquired for each case exceeds the volume of the single 2' x 3' legal box he is permitted to have by CDOC. He asserts that CDOC staff have asked Plaintiff to obtain an order from the Court permitting two additional 2' x 3' boxes for his legal materials. In short, although he does not use the terminology, Plaintiff seeks injunctive relief.

The amount of space permitted for legal materials kept by offenders incarcerated in CDOC facilities is governed by Administrative Regulation 850-06(IV)(G)(3)(a). This regulation provides:

> A 2.0 cubic foot box for legal papers [is permitted], which is available for sale through the DOC Canteen. In the interest of effective property management and fire safety concerns, facilities shall limit the amount of personal legal

---

[1] "[#631]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

> papers that an offender may maintain in his/her possession to a maximum of two cubic feet. It is the offender's responsibility to determine what legal papers he/she will retain to comply with this restriction. Excess legal material shall not be stored by any facility, nor shall anything other than legal papers be stored in this box. Property found stored within a legal box deemed not personal legal papers shall be considered contraband.

The Tenth Circuit has found that "prison rules permitting inmates two-cubic feet of legal materials in their cells [are] 'reasonable and necessary for orderly maintenance of the facility and proper security.'" *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992) (citing *Cruz v. Hauck*, 515 F.2d 322, 333 (5th Cir. 1975) (finding that the restriction of legal materials in cell was reasonable in light of security and fire dangers)).

## II. Legal Standard

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., Federal Practice and Procedure § 2951 (2d ed.1995)). Here, because Defendants were given notice and an opportunity to respond, the Court analyzes the Motion under the standards for issuance of a preliminary injunction.

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish the following: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the

proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.  *Id.*  It is well-established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

"The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held."  *Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D. Colo. 2007) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).  "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance."  *Schrier*, 427 F.3d at 1267. Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Id.* at 1258-59 (citations omitted).  These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  *Id.* at 1259.

### III. Analysis

As noted above, Plaintiff seeks an injunction requiring CDOC to allow him to obtain

two additional legal boxes.³ Thus, the relief Plaintiff seeks would alter the status quo rather than preserve it and would also require CDOC, a non-party, to act. Therefore, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Schrier*, 427 F.3d at 1261. Accordingly, the Motion must be denied unless Plaintiff's "right to relief [is] clear and unequivocal." *Id.* at 1258.

The law is well-established that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269-70 n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980). Indeed, the Court of Appeals for the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary in the maintenance of proper federal-state relations." *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (quotation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits

---

³ According to Administrative Regulation 850-06(IV)(G)(3)(a), Plaintiff must purchase legal boxes from his facility's canteen. Plaintiff does not appear to take issue with this. The requested injunction merely seeks permission to have and store two additional legal boxes which Plaintiff would presumably purchase himself.

have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

As noted, Plaintiff seeks an order against a non-party. The Tenth Circuit applies a heightened standard for litigants seeking injunctive relief against non-parties. *Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir. 2005). "While the non-party status of an injunction's target may [not] be a conclusive impediment, it nevertheless heightens the hurdle that must be cleared to obtain the injunction: not only must the motion advance considerations satisfying the traditional injunction factors . . . but those considerations must also constitute . . . 'appropriate circumstances' . . . to justify issuing an injunction against a non-party." *Id.* The "appropriate circumstances" referred to by the *Andrews* court require a non-party to be "in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of justice." *Id.* at 799 (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977)).

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable harm if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (quotation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently

threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

The Court finds that Plaintiff has failed to show that he will suffer irreparable harm if his request for injunctive relief is denied. *See, e.g.*, *Whitington v. Zavaras*, No. 06-cv-00759-LTB-CBS, 2010 WL 2541125, at *5-7 (D. Colo. May 20, 2010) (denying request for additional space to store legal material because the incarcerated plaintiff failed to meet the required elements for injunctive relief). Plaintiff has failed to show that future injury is certain or even likely. The Court concludes that Plaintiff's conjectural and unsubstantiated allegations fail to demonstrate a risk of harm that is more than "merely serious or substantial." *Heideman*, 348 F.3d at 1189. Given that (1) there is no evidentiary support for Plaintiff's conclusory allegations, and (2) even if the allegations are true they do not establish that irreparable injury is imminent, injunctive relief should be denied. *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief); *Dominion*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available). Because Plaintiff has not asserted facts sufficient to meet the traditional injunction standard, the heightened standard applied to non-parties is certainly not met here.[4] *See Garcia v. Chamjock*, No. 11-cv-00263-PAB-MEH, 2011 WL 7429425, at *7 (D. Colo. Dec. 20, 2011) (finding that the plaintiff's allegations against non-parties that restrooms were unsanitary and "infectious" were insufficient to meet the required heightened standard that he suffered an irreparable

---

[4] Because Plaintiff fails to demonstrate irreparable harm, the Court declines to address the other factors regarding the issuance of a preliminary injunction.

injury).

However, although Plaintiff has not provided enough information to the Court to warrant injunctive relief, Plaintiff's limited allegations suggest that this *may* be a situation where it *may* be appropriate to issue an injunction against non-party CDOC because CDOC is "in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of justice." *Andrews*, 160 F. App'x at 799 (quoting *N.Y. Tel. Co.*, 434 U.S. at 174). At least three of Plaintiff's six federal lawsuits (10-cv-02862-REB-KLM, 12-cv-02257-REB-KLM, and 12-cv-03231-REB-KLM) partially survived motions to dismiss and progressed to the discovery stage, where there may be voluminous records produced already or that may be produced in the future.[5] Further, trial is set in two of Plaintiff's federal lawsuits (12-cv-02257-REB-KLM and 12-cv-03231-REB-KLM). Although the Court takes no position on the ultimate merit of Plaintiff's lawsuits, CDOC may be in a position frustrate "the proper administration of justice" in this case by severely limiting the amount of legal material Plaintiff may keep to properly litigate his claims where, as here, Plaintiff has successfully entered later stages of litigation in multiple lawsuits.

Thus, the Court will provide Plaintiff with an additional opportunity to make his request. If he chooses to do so, he must address each of the above-mentioned prerequisites for entry of an injunctive order. As part of his discussion, he must: (1) estimate how many inches of documents he presently possesses for each of his lawsuits and describe the types of documents he possesses in detail, (2) explain what types of documents and estimate how many inches of documents he reasonably expects to

---

[5] Two more federal cases are still in the initial review stage: 14-cv-02880-GPG and 14-cv-2926-GPG.

generate or receive for each of his lawsuits in the future, and (3) explain why he cannot discard enough unnecessary documents to meet his presently allowed box.

### IV. Conclusion

Accordingly, the Motion [#631] is **DENIED without prejudice**.

Dated:  February 26, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge