IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Non-party Mitchell R. Morrissey's ("Morrissey")

**Motion to Quash Plaintiff's Subpoena to Produce Documents Directed at Sprint**

-1-

**Telecommunications** [#661][1] (the "Motion"). Plaintiff filed a Response [#677] in opposition to the Motion, and Mr. Morrissey, who is acting in his official capacity as District Attorney for the Second Judicial District, filed a Reply [#685]. The Court has considered the Motion, the Response, the Reply, the case record, and the applicable law, and is fully advised in the premises.

The subpoena at issue here is from Plaintiff and is directed to the Custodian of Records for Sprint Telecommunications. Plaintiff seeks:

> Dean Carbajal's complete, unedited, unredacted Sprint Telecommunications file as kept in the ordinary course of business, from January 1, 2004 through the date of your response to this subpoena. This shall include but is not limited to: documentation of all phone numbers registered under social security no. [redacted]; documentation for all applications for, or, registration of pen registers with supporting evidence or affidavits; all e-mails or correspondence with law enforcement concerning Dean Carbajal's accounts, to include all notes and memorandums related thereto; all warrants and applications for copies of Carbajal's phone records filed, with or without a warrant; and all correspondence sent to or from law enforcement, or other persons, re: Carbajal's Sprint phone accounts.

*Subpoena to Produce Documents, Information, or Objects* [#536] at 2.

The law in this district is that a party lacks standing to seek to quash a subpoena served on a third party, except as to claims of privilege or on a showing that a privacy issue is implicated. *I'mnaedaft, Ltd. v. The Intelligent Office Sys.*, No. 08-cv-01804-LTB-KLM, 2009 WL 1537975, at *4 (D. Colo. May 29, 2009); *Mona Vie, Inc. v. Amway Corp.*, No. 08-cv-02464-WDM-KLM, 2009 WL 524938, at *2 (D. Colo. Mar. 2, 2009); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997); *Broadcort Capital Corp. v. Flagler*, 149 F.R.D. 626, 628 (D. Colo. 1993). In opposition to this subpoena, Mr. Morrissey asserts the law enforcement investigative privilege. *Motion* [#661] at 3. This governmental privilege

---

[1] "[#661]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

belongs to the government alone and must be asserted by it. *In re M & L Bus. Mach. Co., Inc.*, 161 B.R. 689, 693 (D. Colo. 1993) (citing *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981) (identifying the law enforcement investigative privilege as one of the privileges "exclusively reserved for the Government")). Here, Mr. Morrissey is acting in his official capacity as District Attorney for the Second Judicial District, and thus he may assert the law enforcement investigative privilege.

The law enforcement investigative privilege is "based primarily on the harm to law enforcement efforts which might arise from public disclosure of . . . investigatory files." *Winner*, 641 F.2d at 831 (quoting *Black v. Sheraton Corp.*, 564 F.2d 531 (D.C. Cir. 1977)). "To assert the law enforcement evidentiary privilege, the responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege." *Winner*, 641 F.2d at 831. "The party claiming the privilege has the burden of establishing these elements." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. F.D.I.C.*, Civ. A. No. 93-2471-GTV, 1995 WL 104835, at *1 (D. Kan. Mar. 7, 1995) (citation omitted). "The purpose of the law enforcement privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation and otherwise to prevent interference with an investigation." *In re M & L Bus. Mach. Co., Inc.*, 161 B.R. at 693 (citations and internal quotation marks omitted). "The privilege may be overridden by the movant's substantial need for the documents and [his] inability to obtain their substantial equivalent by other means." *Id.* (citations and internal quotation marks omitted).

This privilege covers only "records or information compiled for law enforcement

purposes. To qualify for this privilege from disclosure the information must satisfy two conditions: its source must be a government agency, and the agency must demonstrate how a disclosure would cause one of the harms specified in [5 U.S.C.] § 552(b)(7)." *Design Basics, LLC v. ProBuild Co. LLC*, No. 10-cv-02274-REB-BNB, 2011 WL 2600980, at *4 (D. Colo. June 30, 2011) (quoting *Forest Products Nw., Inc. v. United States*, 62 Fed. Cl. 109, 113 (Ct. Fed. Cl. 2004); citing *Tuite v. Henry*, 181 F.R.D. 175, 176-77 (D.D.C. 1998) (holding that "[t]he federal law enforcement privilege is a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement. The privilege serves to preserve the integrity of law enforcement techniques and confidential sources, protects witnesses and law enforcement personnel, safeguards the privacy of individuals under investigation, and prevents interference with investigations")). The harms specified in 5 U.S.C. § 552(b)(7) include interference with enforcement proceedings, deprivation of a right to a fair trial or an impartial adjudication, unwarranted invasions of personal privacy, disclosure of the identity of a confidential source or information furnished by a confidential source, disclosure of techniques and procedures for law enforcement investigations or prosecutions, disclosure of guidelines for law enforcement investigations or prosecutions or endangering the life or physical safety of any individual.

In support of his assertion of the law enforcement investigative privilege, Mr. Morrissey provides the Declaration of Robert Fuller, which provides in relevant part:

> I am employed as an investigator for the Office of the District Attorney for the Second Judicial District ("the Office"). I am currently assigned to the Metro Gang Task Force, and have worked with the Task Force for twenty years. Prior to my employment with the Office, I was employed as a Sergeant with the Adams County Sheriff's Department. In total, I have more than thirty years experience as a law enforcement officer in Colorado. This Declaration is based on my personal knowledge as well as my knowledge of the activities

and records of the Office.

I have reviewed the Subpoena to Produce Documents to Sprint Telecommunications from Plaintiff Dean Carbajal requesting the production of various documents from Sprint Telecommunications. Plaintiff's Subpoena to Produce Documents to Sprint Telecommunications specifically requests a variety of different documents that will necessarily reveal communications between law enforcement personnel, including law enforcement personnel with the Office, and Sprint Telecommunications. The Subpoena to Produce Documents also specifically requests law enforcement investigatory materials including information about pen registers and warrants.

I was one of the lead investigators involved in the prosecution of Dean Carbajal. Based on my role, I have extensive personal knowledge of Mr. Carbajal and his criminal activities as well as the activities of the Office in investigating and prosecuting Mr. Carbajal. I have reviewed the documents requested by the Subpoena to Produce Documents to Sprint Telecommunications against the prosecution and investigatory activities conducted by the Office as well as coordinated with other law enforcement agencies and have concluded that the production of such documents to the Plaintiff would reveal both law enforcement techniques and procedures, but also the deliberative processes of the Office with respect to both its prosecutorial and investigation functions.

The Office engaged in a variety of different prosecutions of the Plaintiff over the course of a number of years culminating in Plaintiff's conviction as a habitual criminal and an extremely lengthy sentence to the Colorado Department of Corrections. Included among the investigations of the Plaintiff were grand jury proceedings with their attendant secrecy under Colorado law. Some of the documents requested in the Subpoena to Produce Documents implicate those grand jury proceedings. It is my considered judgment based on my review of the documents requested in the Subpoena to produce Documents to Sprint Communications [sic] and the prosecutorial and investigation activities of the Office and other law enforcement that production of these documents to the Plaintiff would be detrimental to law enforcement and implicates the disclosure of law enforcement techniques and procedures including the need to safeguard the confidentiality of law enforcement sources, and the safety and privacy of individuals involved in law enforcement efforts regarding the Plaintiff. In particular, the nature of some of the information related to the grand jury proceedings involving the Plaintiff leads the Office to conclude that disclosure to the wrong parties of information that was part of the grand jury proceedings, including information implicated by the Subpoena to Produce Documents to Sprint Telecommunications, will result in the lives of one or more individuals being placed at risk.

[#661-2] ¶¶ 1-4.

Plaintiff's arguments to the contrary notwithstanding, *see Response* [#677],[2] the Court finds that Plaintiff's subpoena to Sprint Telecommunications seeks information which is protected by the law-enforcement investigative privilege.  *See, e.g., Barnes v. United States*, No. 12-cv-282-JED-PJC, 2013 WL 4507596, at *2 (N.D. Okla. Aug. 22, 2013) (citing *Winner*, 641 F.2d at 831 (noting the potential harm to law enforcement from public disclosure of certain types of information); 5 U.S.C. § 552(b)(7)(C)-(D) (concerning public disclosure of law enforcement investigatory records)).  As noted, this privilege applies when the sought-after records or information were used for law enforcement purposes by a government agency and when disclosure would cause one or more of the harms discussed above in 5 U.S.C. § 552(b)(7).  *See Design Basics, LLC*, 2011 WL 2600980, at *4.  The Court finds that the Declaration of Robert Fuller [#661-2] establishes the legal requirements for enforcement of the privilege.  Thus, the Court finds that Mr. Morrissey has met his burden of demonstrating good cause for the issuance of a protective order.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#661] is **GRANTED**.  The subpoena is quashed.  Nonparty Sprint Telecommunications shall not produce documents in response to Plaintiff's subpoena served on it on June 11, 2013.  *See Proof of Service* [#536].

Dated: July 2, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] To the extent Plaintiff argues that this privilege has been waived by the current litigation, the Court notes that the privilege cannot be waived by the unilateral actions of Plaintiff in instigating this lawsuit and seeking discovery in connection with his claims.  *See, e.g., Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1126 (7th Cir. 1997).