IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Denver Defendants' **Motion for Protective Order** [#663][1] (the "Motion"). Plaintiff filed a Response [#684] in opposition to the Motion,

---

[1] "[#663]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

and the Denver Defendants filed a Reply [#696]. The Court has considered the Motion, the Response, the Reply, the case record, and the applicable law, and is fully advised in the premises.

The Denver Defendants argue that Plaintiff has exceeded the permitted number of interrogatories and requests for production. They concede that "Plaintiff's individually numbered requests are below the limit imposed by the Court," but argue that the number of discrete subparts included exceeds the number of permitted interrogatories and requests for production. *Motion* [#663] at 2-3.

First, as an initial matter, to the extent that Plaintiff argues that he is permitted by the Federal Rules of Civil Procedure to serve 25 interrogatories and 25 requests for production on *each* Defendant, he is incorrect. *See Response* [#684] at 2. For example, Fed. R. Civ. P. 33(a) states in part: "*Unless otherwise stipulated or ordered by the court,* a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." (emphasis added). At the Scheduling Conference held in this case, the Court divided the numerous Defendants in this matter into four groups and permitted Plaintiff to serve 25 written interrogatories on each group of Defendants. *See Minutes* [#413]; *see also* Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on the number of . . . interrogatories . . . ."). Plaintiff was later permitted an additional five interrogatories per Defendant group (except for the Delta Defendants). *See Minutes* [#643]. The same is true with respect to requests for production. *See id.* Thus, Plaintiff was permitted to serve a total of 30 interrogatories on the Denver Defendants and 30 requests for production on the Denver Defendants.

"Identifying a 'discrete subpart' is often one of the more difficult tasks presented to a court." *Shell v. Am. Family Rights Ass'n*, No. 09-cv-00309-MSK-KMT, 2012 WL 3778285,

at *1 (D. Colo. Aug. 30, 2012).

> When Rule 33(a) was amended to limit the number of interrogatories that can be propounded, the draftsmen appreciated that the numerical restriction could be evaded by joining as 'subparts' questions that seek information about discrete separate subjects. . . While a draconian approach would be to view each participial phrase as a subpart, the courts have instead attempted to formulate more conceptual approaches, asking whether one question is subsumed and related to another or whether each question can stand alone and be answered irrespective of the answer to the others.  But, as another court has stated, this is anything but a bright-line test.

*Id.* (internal citations and quotation marks omitted).  As an example of how to view the difference between separate interrogatories:

> Lawyers, sensitive to the numerical restriction, also subdivide interrogatories so that after they introduce a topic, they demand to know in detail all the particulars about it, frequently introducing their specific demands with the phrase "including but not limited to."  Thus, they may ask their opponent to state whether a particular product was tested and then demand to know when the tests occurred, who performed them, how and where they were conducted and the result.  In such a situation, all the questions relate to a single topic, testing, and it would unfair and draconian to view each of the demands as a separate interrogatory.  This approach ends, however, the moment the interrogatory introduces a new topic that is in a distinct field of inquiry.  Thus, in the "testing" example, asking how the results of the tests were used in any advertising about the product's fitness for a particular purpose would have to be viewed as a separate interrogatory.

*Id.* (quoting *Banks v. Office of Senate Sergeant–at–Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004)).

The bulk of the Denver Defendants' objections revolve around two concerns.[2]  First, they argue that "Plaintiff seeks information and documents relating to four separate encounters . . . with Denver Police officers.  These incidents do not involve the same officers nor do they take place in the course of one day.  Rather, these are discrete incidents that occurred over a period of approximately two years and involve nine different officers and four different locations."  *Motion* [#663] at 4.  Second, the Denver Defendants

---

[2] The Denver Defendants assert that the objections in the Motion relate only to the multi-part nature of Plaintiff's requests, and that they reserve their right to assert other objections to the extent this Motion is denied.  *Motion* [#663] at 4 n.5.

generally argue that any request for production that requires production from two or more distinct agencies (e.g., the Denver Police Department and the Denver Sheriff's Department) constitutes two or more discrete subparts. *See, e.g.*, *id.* at 6.

While the Denver Defendants provide general case law regarding Fed. R. Civ. P. 33(a), they direct the Court's attention to only one unpublished trial court decision supporting their specific arguments that these types of written discovery requests should be considered as multiple interrogatories or requests for production. *See Wildearth Guardians v. Pub. Serv. Co. of Colo.*, No. 09-cv-01862-ZLW-MEH, 2010 WL 5464313 (D. Colo. Dec. 29, 2010) ("The Court finds that the information requested is related (identity of harm, persons affected and supporting evidence) . . . but is sought for three separate events. Thus, Interrogatory No. 8 contains separate and distinct subparts that shall be counted as three separate interrogatories."). Plaintiff's Third Amended Complaint [#254] discusses all four incidents at issue here, which the Denver Defendants do not contest. Plaintiff therefore has a right to conduct discovery with respect to all four incidents, and the Denver Defendants provide no binding authority supporting their contention that each discovery question need be limited to only a single incident, especially here where Plaintiff has asserted a conspiracy claim connecting all four of these incidents. *See Order* [#390] at 8-9. The same reasoning is true regarding requests that may require a response from more than one agency.

As the Denver Defendants note, many decisions in this district cite to and adopt the test stated in *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684 (D. Nev. 1997). *Motion* [#663] at 3 (citing *Jaramillo v. Adams Cnty. Sch. Dist.*, No. 09-CV-02243-RPM-MEH, 2010 WL 1839329, *3 (D. Colo. May 6, 2010); *Kovacs v. Hershey Co.*, No. 04-cv-1881-WYD-BNB, 2006 WL 1980291, *4-5 (D. Colo. July 13, 2006), *rev'd on other*

*grounds*). The *Kendall* court stated:

> [T]he more difficult question is determining whether the subparts are logically or factually subsumed within and necessarily related to the primary question. . . . [T]he mere inclusion of "and" or "also" in a question (or double question) does not automatically mean the questions are separate or "discrete" and not subsumed within the initial or primary question. Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related.

*Kendall*, 174 F.R.D. at 685-86 (internal quotation marks omitted). In other words, subparts "directed at eliciting details concerning a common theme should be considered a single question." 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed. 2010). For example, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Committee Notes, 146 F.R.D. 401, 675-76 (1993).

With the preceding principles in mind, the Court rules as follows regarding the requests for production:[3]

(1) Request for Production No. 2 will not be subdivided solely on the basis that it involves four incidents, and the request is therefore properly construed as one request.

(2) Request for Production No. 3 will not be subdivided solely on the basis that it involves four incidents, and the request is therefore properly construed as one request.

(3) Request for Production No. 4 will not be subdivided solely on the basis that it

---

[3] The full text of each request for production and each interrogatory may be found at Docket No. 664-1. The Denver Defendants do not argue that Request for Production No. 1 has multiple subparts.

involves four incidents, and the request is therefore properly construed as one request.

(4) Request for Production No. 5 will not be subdivided solely on the basis that it involves four incidents and requires production from more than one agency, and the request is therefore properly construed as one request.

(5) Request for Production No. 6 will not be subdivided solely on the basis that it requires production from more than one agency, and the request is therefore properly construed as one request.

(6) Request for Production No. 7 will not be subdivided solely on the basis that it requires production from more than one agency, and the request is therefore properly construed as one request.

(7) Request for Production No. 8(a) will not be subdivided solely on the basis that it requires production from more than one agency, and the request is therefore properly construed as one request.

(8) Request for Production No. 8(b) will not be subdivided solely on the basis that it involves four incidents and requires production from more than one agency, and the request is therefore properly construed as one request.

(9) Request for Production No. 9 will not be subdivided solely on the basis that it involves four incidents and requires production from more than one agency, and the request is therefore properly construed as one request.

(10) Request for Production No. 10 will not be subdivided solely on the basis that it requires production from more than one agency, and the request is therefore properly construed as one request.

(11) Request for Production No. 11, requesting "[a]ny and all statements recorded or written in any manner by any party relating to the allegations contained in the Complaint

and Answer," is so broad that it contains an indeterminate number of requests, and the Court therefore **grants** the Motion seeking a protective order with respect to Request for Production No. 11.  *See Bat v. A.G. Edwards & Sons, Inc.*, No. 04-cv-02225-REB-BNB, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (striking requests seeking "all possible information" concerning the plaintiff and stating that "[t]he indiscriminate use of blockbuster production requests, such as these, calling for all possible information impose undue burden, cost, and delay, and are objectionable").

(12) Request for Production No. 12 will not be subdivided solely on the basis that it involves four incidents, and the request is therefore properly construed as one request.

(13) Request for Production No. 13 will not be subdivided solely on the basis that it requires production from more than one agency, and the request is therefore properly construed as one request.

(14) Request for Production No. 14 will not be subdivided solely on the basis that it requires production from more than one agency, and the request is therefore properly construed as one request.

(15) Request for Production No. 15 will not be subdivided solely on the basis that it requires production from more than one agency, and the request is therefore properly construed as one request.

(16) Request for Production No. 16 will not be subdivided solely on the basis that it requires production from more than one agency, and the request is therefore properly construed as one request.

(17) Request for Production No. 17 will not be subdivided solely on the basis that it requires production from more than one agency, but the Court agrees with the Denver Defendants that Plaintiff seeks production in connection with four distinct categories of

documents here (i.e., documents described in Request for Production Nos. 13, 14, 15, and 16), and the request is therefore properly construed as four requests.

(18) Request for Production No. 18 contains five distinct subparts. As the Denver Defendants state, "it seeks judgment[s] paid for five different types of claims: (i) unreasonable searches and seizures; (ii) alleged false arrests; (iii) alleged malicious prosecutions; (iv) alleged unreasonable and/or excessive force; and (v) alleged retaliation." *Motion* [#663] at 11; *see Kline v. Berry*, 287 F.R.D. 75, 79 (D.D.C. 2012). The request is therefore properly construed as five requests.

As noted above, Plaintiff is permitted a total of 30 requests for production with respect to the Denver Defendants. He used 6 requests for production in his First Set of Written Discovery. *Motion* [#663] at 2 n.2. The Court finds that the foregoing consists of an additional 24 requests for production to which the Denver Defendants must respond. Therefore, the Denver Defendants need not respond to Request for Production No. 11 (on the basis provided above) or Nos. 18(v) and 19 (on the basis that they exceed the limit of permitted requests for production). *See Kendall*, 174 F.R.D. at 687.

Turning to the interrogatories, the Court rules as follows:

(1) Interrogatory No. 1 will not be subdivided solely on the basis that it involves four incidents, and the interrogatory is therefore properly construed as one interrogatory.

(2) Interrogatory No. 2 will not be subdivided solely on the basis that it involves four incidents, and the interrogatory is therefore properly construed as one interrogatory.

(3) Interrogatory No. 3 will not be subdivided solely on the basis that it involves four incidents, and the interrogatory is therefore properly construed as one interrogatory.

(4) Interrogatory No. 4 will not be subdivided solely on the basis that it involves four incidents, and the interrogatory is therefore properly construed as one interrogatory.

(5) Interrogatory No. 5 will not be subdivided solely on the basis that it involves four incidents, and the interrogatory is therefore properly construed as one interrogatory.

(6) Interrogatory No. 6 will not be subdivided solely on the basis that it involves four incidents, and the interrogatory is therefore properly construed as one interrogatory.

(7) Interrogatory No. 8[4] will not be subdivided solely on the basis that it involves four incidents, but the Court agrees with the Denver Defendants that Plaintiff's interrogatory has two distinct subparts relating to (1) Defendants and (2) witnesses, and the interrogatory is therefore properly construed as two interrogatories.

(8) Interrogatory No. 10[5] will not be subdivided solely on the basis that it involves four incidents, and the interrogatory is therefore properly construed as one interrogatory.

(9) Interrogatory No. 11 will not be subdivided solely on the basis that it involves four incidents, and the interrogatory is therefore properly construed as one interrogatory.

(10) Interrogatory No. 13 will not be subdivided solely on the basis that it requires production from more than one agency, but the Court otherwise agrees with the Denver Defendants that it contains six distinct subparts: (a) seeks the identity of the person or persons responsible for (i) promulgating and (ii) enforcing official policies and regulations regarding (iii) the use of force and (iv) searches and seizures (i.e., four parts); (b) seeks a description of the procedures for reviewing and approving these policies by members of the agencies (i.e., one part), and (c) seeks a description of the procedure for review and approval of these policies or regulations by any person or persons within the government of the City and County of Denver, who are not officers or employees of the Denver Police Department and Denver Sheriff's Department (i.e., one part). The interrogatory is therefore

---

[4] Plaintiff's Interrogatories do not include a "No. 7." *See* [#664-1] at 7.

[5] Plaintiff's Interrogatories do not include a "No. 9." *See* [#664-1] at 7.


properly construed as six interrogatories.

(11) Interrogatory No. 14 will not be subdivided solely on the basis that it requires production from more than one agency. The Court further finds that the various subparts here all have a common theme, i.e., the outside review process regarding the potential misuse of power by law enforcement officers. *See, e.g.*, Committee Notes, 146 F.R.D. at 675-76. This interrogatory is therefore properly construed as one interrogatory.

(12) Interrogatory No. 15 contains five subparts that all involve a common theme, despite the Denver Defendants argument to the contrary. *See Motion* [#663] at 21 ("(i) the number of lawsuits; (ii) the names of the officers involved; (iii) whether a weapon was used and what type; (iv) whether an investigation of the incident was performed, and; (v) the district and precinct where the subject incident took place"). However, the Court agrees that the portion of the interrogatory pertaining to three different types of lawsuits are distinct. *See Kline*, 287 F.R.D. at 79. Accordingly, the interrogatory is properly construed as three interrogatories.

(13) Interrogatory No. 16 will not be subdivided solely on the basis that it requires production from more than one agency, but otherwise, there are two discrete subparts here, the first regarding the use of force, and the second regarding search and seizure. *See Kline*, 287 F.R.D. at 79. Each of the other subparts are not discrete and are logical extensions of the two discrete subparts. Accordingly, the interrogatory is properly construed as two interrogatories.

As noted above, Plaintiff is permitted a total of 30 interrogatories with respect to the Denver Defendants. He used 8 interrogatories in his First Set of Written Discovery. *Motion* [#663] at 2 n.3. The Court finds that the foregoing consists of an additional 22

interrogatories to which the Denver Defendants must respond. Therefore, the Denver Defendants need not respond to Interrogatory Nos. 17-21 (on the basis that they exceed the limit of permitted interrogatories). See Kendall, 174 F.R.D. at 687.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#663] is **GRANTED in part and DENIED in part**, as outlined above.

IT IS FURTHER **ORDERED** that the Denver Defendants shall respond to Plaintiff's Second Set of Written Discovery **on or before August 4, 2015**. The discovery deadline is extended to that date for the sole purpose of complying with this Order.

IT IS FURTHER **ORDERED** sua sponte that the deadline for Plaintiff to file Responses to the State Defendants' Motion for Summary Judgment [#694], Defendant Watts' Motion for Summary Judgment [#697], and the Denver Defendants' Motion for Summary Judgment [#700] is extended to **August 25, 2015**.

Dated: July 21, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge