FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 4 2016

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10CV-2862-REB-KLM

DEAN CARBAJAL,
    Plaintiff,

v.

CAROL WARNER, et al.,
    Defendant

---

Plaintiff's Response To Denver Defendants Motion For Attorney Fees Incurred In Responding To Plaintiff's Motions

---

Plaintiff Dean Carbajal, pro se, respectfully contemporaneously objects to the Denver Defendants bad faith motion for attorney fees, and hereby submits this memorandum in response to the Denver Defendants motion for attorney fees.

Introduction

The Defendants have sought attorney fees under the express provisions Rule 11 and Rule 37 of Federal Rules of Civil Procedure, which were not avenues pursued by Mr. Carbajal. In fact, to be specific the Plaintiff specifically sought sanctions for:

> litigation misconduct under its inherent power. Chambers v. NASCO Inc., 501 US 32, 44 (1991), "These powers are not governed by rule or statute, but by the control necessarily vested in Courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id.; see also Barnhill v. United States, 11 F.3d 1360, 1367 (7th Cir. 1993)(the purpose of imposing sanctions is to prevent abuses of judicial process). When seeking the imposition of sanctions, "the key to unlocking a Court's inherent power is

a finding of bad faith." *Barns v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

Plaintiff's Motion For Sanctions And Emergency Hearing [#733] pp 4-5. More, attorney fees are not available under Rule 11 and 37, because First no expenses were incurred by opposing a motion to compel disclosure or discovery; in that, no motion to compel disclosures or discovery were filed here. The only motions filed were:

1. Plaintiff's Motion to Open Discovery [DOC#731];
2. Plaintiff's Motion for Sanctions And Emergency Hearing [DOC#733];
3. Plaintiff's Third Motion For Extension Of Time [DOC#740];
4. Plaintiff's Motion For Stay Of Summary Judgment Proceedings Pending [DOC#741].

None of which are motions to compel under Rule 37; thus, any request for attorney fees under the rubric of Rule 37 of Federal Rules of Civil Procedure for expenses incurred to respond to a none existent motion to compel is bad faith and fraudulent.

To the extent that the Defendant and Court seeks to liberally construe Plaintiff Mr. Carbajal's pleadings as a motion to compel, it is improper to recharacterize Mr. Carbajal's petitions without his authorization, which is unlike "liberal construction" because it requires the Defendants and Court to deliberately override Mr. Carbajal's choice of procedural vehicle for his claims. See *Castro v. United States*, 540 U.S. 375, 386 (2003) ("Recharacterization... requires a court deliberately to override the pro se litigant's choice of procedural vehicle for his claim). Thus, it is unfair to unilaterally recharacterize the Plaintiff's procedural vehicle simply to establish a basis to deny relief and, now, afford a party opponent attorney fees, of which, does nothing but offend due process and its expression of fairness.[1]

---

[1] Each of these pleadings [#731, #733, #740, #741, and Plaintiff's Reply and attached evidence [#747] support a basis to deny attorney fees and are hereby incorporated by reference as if fully set forth herein.

Secondly, attorney fees are not available under Rule 11, for the obvious lack of Fair Notice and Reasonable Opportunity To Respond. In particular, Rule 11 Fed.R.Civ.P. requires that

> "A motion for sanctions must be made seperately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the Court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award the prevailing party the reasonable expenses, including attorney fees, incurred for the motion."

See Fed.R.Civ.P. 11(c)(2). At no time was a seperate pleading filed, nor was Mr. Carbajal apprised that the Denver Defendants were seeking sanctions under Rule 11. Thus, the Court has no legal basis to bypass the Rule 11 notice requirement and seperate pleading requirement for purposes of imposing sanctions in the form of attorney fees.

Regardless, the Plaintiff Mr. Carbajal's actions were justified and objectively reasonable. Thus, attorney fees are not appropriate.

### Argument.

A. The Plaintiff's Pleadings Were Substantially Justified And Good Faith; Thus, Attorney Fees Have No Relevancy Here And Defendants Motion For Fees Is Bad Faith.

The only conduct here that falls within the scope of sanctions and attorney fees is the Denver Defendants bad faith motion for attorney fees; predicate on the notion that the pleadings presented by Mr. Carbajal were justified.

Also, the fact that Anthony Schluck and Gann Were Listed in discovery Secretively, In A Manner That Denied Mr. Carbajal An actual Opportunity To Conduct Additional Discovery Supports Bad Faith. And the record supports that discovery closed on June 6, 2015, and

that this deadline was only extended to August 4, 2015 to allow the Denver Defendants to complete their responses to Mr. Carbajal's Request for Discovery served in April, 2015. [Doc#643][Doc#712]. Thus, despite Mr. Carbajal's requests to extend the general deadline for purposes of conducting additional discovery, no discovery was permitted after June 16, 2015. Based on this fact, it was imperative that Mr. Carbajal obtain an extension of time to respond to summary judgment for purposes of opening discovery because new evidence was disclosed of Anthony Schluck and Gann in July 2015; however this evidence was sent on a CD and confiscated by DOC, and held from Mr. Carbajal until he returned from his Writ to the Federal Courts, which prevented his ability to move with respect to this evidence and investigate it. More, contrary to the Courts findings in its Order [#753] that

> In this supplemental Response [#735-4] the Denver Defendants note that they were providing to Plaintiff a copy of a document titled "Court File of 2009GS136117(Bates No.: Denver 006917-6942)." [#735-4] at 3 ¶nn. This document lists "Schluck, ANTHONY" and his identification number in connection with Plaintiffs Case File for the Court proceedings in Case Number 09GS136117, which stemmed from the April 2009 incident [#735-5]. The Court finds that this information was enough to put Plaintiff on notice of the existance of Officer Schluck as of June 2015.

Court Order [#753], p 10. The Plaintiff was never served with this document and it was hidden from the Court file as evidenced by the bate stamp number, which the Court Over Looked. This document is bate stamped Denver 006914-15[2], which was excluded from the disclosures that ONLY provided Denver 006917-6942. This was an error of the Court and further supports that

---
[2] See Exhibits A and B attached which provide the disclosure and the document that is excluded from this disclosure intentionally as evidenced by the gap in between "mm" and "nn" on page 3 of 3 pages. See Exhibit B.

Mr. Carbajal did not know of Schluck, and could not have because Denver lied about him and concealed him.

Thus, contrary to the Defendants false assertions, the actions here were justified and Mr. Carbajal needed to correct this false and concealed evidence. Moreover, the deliberate concealment and harassment of Kathy Jones, created an additional basis to reopen discovery and properly vet her personal knowledge of the incident and relevant witnesses, that could verify her witnessing of three officers beating Mr. Carbajal. And considering that Ms. Jones' identity had not been revealed until trial on August 14, 2015, good cause existed to reopen discovery that had been closed on June 6, 2015 [#643][#712], to investigate and establish facts known by the Denver Defendants but concealed from Mr. Carbajal.

Furthermore, it is common knowledge that the discovery deadline ended June 6, 2015 - but extended for the limited purpose of allowing the Denver Defendants to respond by August 4, 2015. No discovery was permitted by Mr. Carbajal beyond May 6, 2015, because 30 days is afforded to a party opponent to respond under applicable rules. Thus, it was impossible to make inquiries concerning Schluck, who was not actually disclosed until Mr. Carbajal returned in September, and moreover could not have happened even in mid May or June, let alone July or August without a Motion to open discovery and stay of proceedings under Fed. R. Civ. P. 56(F). Hence, Mr. Carbajal's Motion for Stay of Proceedings, Motion for Extension of Time, Motion To Reopen Discovery, and Motion for Sanctions. Based on this premise, the appropriate action was taken and good cause existed; therefore, Attorney Fees and cost do not exist.

here and no legal basis is present to entertain this request. See *Regge Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) (loosing party acted justifiably in carrying point to Court); See also *EEOC v. St. Louis-San Francisco Ry.*, 743 F.2d 739, 744 (10th Cir. 1984) (reversing award of fees to prevailing defendants because Plaintiff had made out prima facie case).

Equally important here, is the fact that Mr. Carbajal is pro se and in prison, where his ability to litigate is seriously hindered. In circumstances as such, fees against pro se civil rights Plaintiffs are rarely proper, and clearly improper here. See *Hughes v. Rowe*, 449 U.S. 5, 14-16, 101 S.Ct 173 (1980). Thus, the Court should resist temptation to engage in post hoc reasoning, sanctioning the Plaintiff merely because his pleas were denied, in that, "hindsight logic" would discourage all but most airtight pleadings. See *Blue v. United States Dep't of the Army*, 914 F.2d 525, 536-37 (4th Cir. 1990). Besides, these actions were good faith and justified precluding fees and costs.[3]

Furthermore, the Plaintiff respectfully contemperaneously objects to the false assertions presented by the Denver Defendants that these actions were frivolous, because the evidence in Mr. Carbajal's Reply [# 747] supports that Denver lied and hid Schluck, Gann, Mullin, and Jones for nearly 5 years, and never provided the internal affairs records needed to properly respond to summary judgment. And no legal basis existed to deny Mr. Carbajal's request to open discovery, because good cause existed to grant the relief sought because Mr. Carbajal's hands were tied and he could not conduct additional discovery beyond May 6, 2015 without extension.

---

[3] Plaintiff hereby incorporates by reference his pleadings and factual assertion [#'s, 733, 790, 741, and 747] as if fully set forth herein, which certainly support the existence of good cause.

which was timely sought in June 2015 before the deadline lapsed, and denied on July 6, 2015.[4] Only to find out, that the Defendants had concealed witnesses, and presented false information to mislead Mr. Carbajal into believing that Darin Desel was the arresting officer, and then notified after the discovery had closed, that Anthony Schluck was the arresting officer in summary judgment pleadings and affidavits, that were never disclosed in discovery but deliberately concealed, with the intention of violating Mr. Carbajal's First, Seventh, and Fourteenth Amendment rights to redress grievance, a trial, and due process of law. In fact, had the affidavits[5] and Exhibit B - Court Record of Action (showing Anthony Schluck) been provided in April 2015, we would not be here. The Defendants intentionally concealed this evidence until it was to late to question or investigate it without Court intervention, which Mr. Carbajal sought and that was improperly denied. For these reasons, this action was good faith.

Also, the Plaintiff contemporaneously objects to the Denver Defendants bad faith reference to other actions and adverse rulings, including the unconstitutional statements and actions of Judge Robert Blackburn that were the product of a bent rated and bias ruling born of the Denver Defendants fraudulent conduct at trial. This bad faith conduct seeks to vilify Mr. Carbajal and compels the Court to award fees for actions taken in other cases, which is unconstitutional and offensive to our fundamental conception of due process. Under this basis, it is illogical to address these other circumstances, which, lack context and factual pleading to truly expose their lack of relevance and basis.

    B. 36.8 Hours To Respond To A Motion For Sanctions And Other Pleadings Is Certainly Excessive Given The Dynamics.

The Denver Defendants falsely state that it reasonably took 36.8

---

[4] See [Doc. No. 674, and Doc No. 694] great efforts were made by Mr. Carbajal to obtain evidence, but his efforts were thwarted by the Denver Defendants deliberate concealment of documents and material witnesses.

[5] Dixon, Borrett, and Desels Affidavits [#700-4, #700-9, #700-10] were disclosed and served upon Mr. Carbajal in late July 2015, immediately before he left to trial in case no 12cv2257-RBB-KLF1, but he was not permitted to cite these documents until Sept 2015.

cummulatively to prepare responses to Mr. Carbajal's pleadings, which likely took no more that a days work — 10 hrs. More interestingly, their is no distinction between what hours were expended on good faith conduct, and what was the alleged bad conduct in that, there are Four (4) pleadings at issue here. This lack of specificity precludes fees and costs.

## Conclusion

The Plaintiff respectfully contemperaneously objects to the Denver Defendants false assertion of facts and, thus, objects also to the award of attorney fees based on the existence of good cause and justifiable basis for Mr. Carbajal's actions. More, the claim of fees is excessive and not specific as to what time was expended on good faith actions; therefore Mr. Carbajal objects.

Respectfully Submitted this 29th day of December, 2015

Dean Carbajal
12750 Hwy 96 Ln 13
Ordway, Co. 81034

## Certificate Of Service

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed to the following, and that theis original was mailed to all interested parties

- David Cooperstein — david.cooperstein@denvergov.org
- Patrick Sayas — pat.sayas@state.co.us
- Andrew Ringel — ringela@hallevans.com
- Jeffrey Driscoll — jdriscoll@wth-law.com

Dean Carbajal