IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, in her individual capacity,
DAVID ROMERO, in his individual capacity,
JOE QUINTANA, in his individual capacity,
BILL RAILEY, in his individual capacity,
CHRIS WELDON, in his individual capacity,
BENJAMIN SCHROEDER, in his individual capacity,
GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
ADAM BARRETT, in his individual capacity,
JOEL SMITH, in his individual capacity,
JESSE REMBERT, in his individual capacity,
JAY LOPEZ, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity,
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
DARIN DESEL, Police Officer for the Denver Police Department, in his individual capacity,
FRED MCKEE, Sheriff for the Delta Sheriff's Department, in his individual capacity,
PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Denver Defendants' **Motion for Attorney**

**Fees Incurred in Responding to Plaintiff's Motion** [#756][1] (the "Motion"). Plaintiff, who proceeds as an incarcerated pro se litigant,[2] filed a Response [#767] in opposition to the Motion [#756], and the Denver Defendants filed a Reply [#775]. The Court has reviewed these filings, the entire docket, and the applicable law, and is sufficiently advised in the premises.

On November 24, 2015, the Court granted Defendants permission to file a motion seeing an award of attorneys' fees and costs expended in connection with certain frivolous discovery motions filed by Plaintiff. *See Order* [#753] at 16. Although Plaintiff had filed four separate motions for which the Denver Defendants seek attorneys' fees, all four relate to Plaintiff's request to compel production from the Denver Defendants. *See Motion to Open Discovery* [#731]; *Motion for Sanctions and Emergency Hearing* [#733]; *Third Motion for Extension of Time* [#740]; *Motion for Stay of Summary Judgment Proceedings* [#741]. Plaintiff's four motions were denied by the Court after examining the merits of each one in detail. *See Order* [#753].

Pursuant to Fed. R. Civ. P 37(a)(1), "a party may move for an order compelling disclosure or discovery." Pursuant to Fed. R. Civ. P. 37(a)(5)(B), "[i]f the discovery motion

---

[1] "[#756]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

is denied, the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." An exception to this mandate exists "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Incorporating the Court's analysis in its prior Order [#753], the Court cannot find that Plaintiff's discovery motions practice here was substantially justified or that other circumstances (such as unsubstantiated alleged misconduct by Defendants) make an award of expenses unjust.[3]  *Order* [#] at 6.  The Court therefore does not have discretion regarding whether Plaintiff must pay the Denver Defendants' reasonable fees.  *See* Fed. R. Civ. P. 37(a)(5)(B)

The Court next proceeds to determine the amount of fees and costs for which Plaintiff is responsible. Pursuant to D.C.COLO.LCivR 54.3(b), a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed" as well as "a summary of relevant qualifications and experience." The Denver Defendants submitted one affidavit, authored by their attorney David C. Cooperstein ("Cooperstein") [#756-1] on behalf of himself and co-counsel Jennifer Johnson ("Johnson"). The Affidavit [#756-1] includes a detailed description of services rendered, the amount of time expended by Mr. Cooperstein in connection with the discovery motions (11.9 hours), the amount of time expended by Ms. Johnson in connection with the discovery motions (24.9 hours), Mr. Cooperstein's hourly rate ($215.00), Ms. Johnson's hourly rate ($180.00), and the attorneys' respective

---

[3] The Court notes that Plaintiff does not proceed in forma pauperis in this action.

qualifications and experience. Mr. Cooperstein seeks $2,558.50 and Ms. Johnson seeks $4,482.00, for a total of $7,040.50 in fees. The Court finds that the requirements of Local Rule 54.3(b) are satisfied.

Turning to the reasonableness of Mr. Cooperstein and Ms. Johnson's hourly rates, the party seeking attorneys' fees bears the burden of producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Mr. Cooperstein has practiced law since 2006 has worked at the Denver City Attorney's Office on cases concerning civil rights litigation involving Denver's law enforcement agencies since 2014. *Affidavit* [#756-1] ¶¶ 4-6. Ms. Johnson has practiced law since 2008 has worked for the City of Denver on civil rights litigation since 2014. *Id.* ¶¶ 12-13. The Court finds that their respective hourly rates of $215.00 and $180.00 are reasonable in this jurisdiction for counsel with their respective experiences and qualifications. *See Shrader v. Beann*, No. 10-cv-01881-REB-MLW, 2012 WL 527480, at *3 (D. Colo. Feb. 12, 2012) (finding that an hourly rate of $425 for senior attorneys in the Denver area is reasonable); *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, No. 09-cv-00717-CMA-BNB, 2011 WL 3568165, at *8-9 (D. Colo. Aug. 15, 2011) (same); *Carbajal v. O'Niell*, 2015 WL 6446945, at *4 (D. Colo. Oct. 26, 2015) (holding that Mr. Cooperstein's hourly rate was "slightly lower than rates typically charged by other lawyers . . . of similar skill and experience in the Denver metropolitan area").

A party seeking an award of attorneys' fees must demonstrate that the fees it seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007). Therefore, counsel must make a good faith

effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Generally, the starting point for any calculation of reasonable attorneys' fees is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id.* at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37. The Court therefore exercises its "discretion in making this equitable judgment" and need not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).

Based on the undersigned's thirty-one years of combined private and judicial experience and careful consideration of Mr. Cooperstein's Affidavit and the issues underlying this matter, the Court finds that Mr. Cooperstein and Ms. Johnson's claimed fees are reasonable here. *See, e.g.*, *Onesource Commercial Prop. Servs., Inc. v. City & Cty. of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011). Thus, the Court finds: (1) that Mr. Cooperstein's hourly compensation of $215.00 is reasonable; (2) that Ms. Johnson's hourly compensation of $180.00 is reasonable; (3) that the 11.9 hours of attorney time annotated by Mr. Cooperstein are reasonable; and (4) that the 24.9 hours of attorney time annotated by Ms. Johnson are reasonable. Accordingly,

the Court concludes that the Denver Defendants are entitled to an award of $7,040.50 in fees they incurred as a result of Plaintiff's discovery motions.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#756] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Denver Defendants shall file a Notice containing the name and address of the person or entity to whom any check, money order, or other form of payment may be made payable **on or before March 14, 2016**.

Dated:  February 29, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge