IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02862-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

CAROL WARNER, Chief of Probation for the Seventh Judicial District, in her individual capacity, et. al.,

    Defendants.

_____

**MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER
DATED MARCH 29, 2016 FROM DEFENDANT WATTS**
_____

    Defendant, Jeffrey Watts, by and through counsel, Andrew D. Ringel, Esq., and Edmund M. Kennedy, Esq. of Hall & Evans, L.L.C., hereby respectfully submits this Motion for Reconsideration of this Court's Order dated March 29, 2016, as follows:

    1.    On February 17, 2016, a Recommendation was issued recommended the dismissal of Defendant Watts. [ECF No. 783, at 22-29].

    2.    Plaintiff never objected to the recommendation of dismissal of Mr. Watts. This Court nonetheless conducted an independent review of the record to determine if the dismissal of Mr. Watts was appropriate. [ECF No. 804, at 15-16].

    3.    This Court first addressed the Recommendations determination that Plaintiff failure to allege anything more than a *de minimis* injury was a sufficient basis for dismissal and concluded that the *de minimis* injury requirements were limited to handcuffing cases and, thus, was insufficient to grant dismissal on that basis. [*Id.*].

4. This Court further reviewed the arguments contained in Mr. Watts' Motion for Summary Judgment, which included an assertion that Mr. Watts' "actions 'were insufficient to obtain an arrest" and concluded that that the "Court is unaware of any cases that immunizes officers from excessive force claims if the victim of such force is able to evade capture." [*Id.* at 16].

5. The undersigned, while researching case law in anticipation for an interlocutory appeal on the immunity issue, discovered **United States v. Beamon**, 576 Fed.Appx 753 (10th Cir. 2014), an unpublished opinion of the Tenth Circuit. This case is attached hereto as **Exhibit A-1**.

6. The general proposition regarding excessive force cases is that "an excessive force inquiry evaluates the force *used in a given arrest or detention* against the *force reasonably necessary to effect a lawful arrest or detention*." **Cortez v. McCauley**, 478 F.3d 1108 (10th Cir. 2007) (emphasis added). In other words, "an excessive force claim presents a discrete constitutional violation relating to *the manner in which an arrest was carried out*." *Id.* (emphasis added).

7. "In order to recover on an excessive force claim, a plaintiff must show: (1) that the officers used greater force than would have been *reasonably necessary to effect a lawful seizure*; and (2) some actual injury caused by the unreasonable seizure that is not *de minimis*, be it physical or emotional." **United States v. Rodella**, 804 F.3d 1317 (10th Cir. 2015) (citing **Trevor v. City of Edna**, 410 F.3d 745 (5th Cir. 2005)).

8. The ***Beamon*** Court stated:

"Fourth Amendment seizure occurs when an officer either 'by means of physical force or show of authority' restrains a citizen's liberty. ***Terry v.***

2

>*Ohio*, 392 U.S. 1, 19, n.16 (1968). But until a citizen's liberty is actually restrained, there is no seizure. In *California v. Hodari D.*, 499 U.S. 621 (1991), the Supreme Court held that a show of authority with which the suspect does not comply and which consequently does not restrain the suspect is merely an attempted seizure and does not implicate the Fourth Amendment. *Id.* at 628-29. There, the Court held that a police officer's pursuit, even if treated as a show of authority enjoining the suspect to halt, was not a seizure warranting the exclusion of cocaine the suspect abandoned while fleeing, because the suspect did not in fact stop. *Id.* at 629. The Supreme Court held the suspect was not seized until he was tackled by the officer and, therefore, the cocaine abandoned during the suspect's attempted escape was not obtained in violation of the Fourth Amendment.

*Id.* at 757-58.

9. In *Brooks v. Gaenzle*, 614 F.3d 1213 (10th Cir. 2010), a case cited in *Beamon*, an officer shot a fleeing suspect but the suspect managed to escape and evade capture for three days. *Id.* at 1215. After the suspect was caught and convicted, he brought a 1983 action, alleging the officer who shot him violated his Fourth Amendment right against unreasonable seizure by using excessive force. *Id.* at 1214-15. The Court affirmed the grant of summary judgment in favor of the officer, explaining "the mere use of physical force or [a] show of authority alone, without termination of movement or submission is not a seizure. *Id.* at 1221-22. Because the gunshot did not stop the suspect's escape or terminate his movement, there was no seizure that would implicate the Fourth Amendment. *Id.* at 1223-24).

10. This reasoning was further supported by *United States v. Bradley*, 196 F.3d 762, 768 (7th Cir. 1999) ("First, there must be either a show of authority or a use of force; and second, the show of authority or use of force must have caused the fleeing individual to stop attempting to escape."); *Brendlin v. California*, 551 U.S. 249, 254

3

(2007) (A person is seized only "when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement."); and *United States v. Mosley*, 743 F.3d 1317, 1325 (10th Cir. 2013) ("[A] fleeing man is not seized until he is physically overpowered, but one sitting in a chair may submit to authority by not getting up to run away.").

11.   The *Brooks* decision was issued on August 10, 2010, fourteen days prior to the incident that is the basis of Plaintiff's claim, here, against Mr. Watts.  It is Defendant Watts' position that the law, that failure to obtain an arrest or detention can still support a Fourth Amendment excessive force claim, could not have been clearly established at the time of his encounter with Plaintiff.  As such, Mr. Watts respectfully requests this Court reconsider that portion of its March 29, 2016 Order denying summary judgment to Mr. Watts, and dismiss the remaining claim against Mr. Watts.

WHEREFORE, for all of the foregoing reasons, Defendant Watts respectfully requests this Court issue an Order dismissing him from this case, and for all other and further relief as this Court deems just and appropriate.

Dated this 22nd day of April 2016.

Respectfully Submitted,

s/ *Edmund M. Kennedy*
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
HALL & EVANS, L.L.C.
1001 17th St., Suite 300
Denver, Colorado 80202
Phone: (303) 628-3300
Fax:    (303) 628-3368
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANT WATTS**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 22nd day of April 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jennifer Johnson, Esq.
Jennier.johnson2@denvergov.org

Jeffrey L. Driscoll, Esq.
jdriscoll@wth-law.com

Patrick L. Sayas, Esq.
pat.sayas@state.co.us

David C. Cooperstein, Esq.
David.cooperstein@denvergov.org

and hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner indicated by the non-participant's name:

Dean Carbajal, #110955
Arkansas Valley Correctional Facility
12750 Highway 96 at Lane 13
Ordway, CO 81034

s/ *Marlene Wilson, Legal Assistant to*
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
HALL & EVANS, L.L.C.
1001 17th St., Suite 300
Denver, Colorado 80202
Phone: (303) 628-3300
Fax: (303) 628-3368
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANT WATTS**