IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

      Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual
capacity,

      Defendants.

_____

**ORDER**
_____

This matter is before the Court on Defendant Jeffrey Watts' Motion for

Reconsideration of this Court's Order Dated March 29, 2016 [Docket No. 809].

## I. BACKGROUND

Plaintiff originally asserted claims against Mr. Watts for unreasonable search and

seizure, conspiracy, and excessive use of force as violations of the Fourth and

Fourteenth Amendments.  Docket No. 254 at 19-21, ¶¶ 90-95, 100-105.  On July 13,

2015, Mr. Watts moved for summary judgment.  Docket No. 697.  Plaintiff did not file a

response.  Based on Mr. Watts' motion, the magistrate judge recommended the

dismissal of Mr. Watts as to all claims.  Docket No. 783 at 22-30.  Plaintiff did not object

to the magistrate judge's recommendation.  Although plaintiff did not object to the

recommendation, the Court conducted an independent review of the magistrate judge's

recommendation to determine if the dismissal of Mr. Watts was appropriate.  Docket No. 804 at 15-16.  The Court rejected the magistrate judge's recommendation as to plaintiff's excessive force claim regarding the alleged August 24, 2010 incident on two grounds: first, because the recommendation erroneously relied on whether plaintiff has alleged anything more than a *de minimis* injury, *id.*, and, second, because the Court was "unaware of any case that immunizes officers from excessive force claims if the victim of such force is able to evade capture."  *Id.* at 16.

Mr. Watts seeks reconsideration [Docket No. 809] because, in the course of researching a potential interlocutory appeal, he discovered an unpublished opinion of the Tenth Circuit, *United States v. Beamon*, 576 F. App'x 753 (10th Cir. 2014), that addressed the question of whether a "seizure" under the Fourth Amendment can take place where a police officer attempts an arrest, but the plaintiff's liberty is not restrained by such attempt.  *Id.* at 757-58.  *Beamon* held that a show of authority, which does not result in actual restraint, is not a seizure and therefore does not implicate the Fourth Amendment.  *Id.*

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92.

However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).   Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Watts states that counsel "discovered" *Beamon* while researching another matter.  Docket No. 809 at 2.  Mr. Watts filed his summary judgment motion on July 13, 2015.  Docket No. 697.  *Beamon* was decided in 2014.  In his summary judgment motion, Mr. Watts failed to identify *Beamon* or any other case standing for the proposition that the Fourth Amendment does not apply where force is used but a seizure is not effectuated.  *Compare* Docket No. 697 *with* Docket No. 809 at 2-3.  As noted, it is generally inappropriate to reconsider a previous ruling when the grounds for the motion to reconsider were available at the time of the original motion.

3

However, it is appropriate to reconsider an order where the prior ruling was clearly in error.  Mr. Watts' summary judgment motion did not cite *Beamon* and the Court's order did not differentiate between the Fourth and Fourteenth Amendments in addressing plaintiff's excessive force claims.  As a result, the Court will reconsider its prior ruling in light of *Beamon* to determine whether the Court clearly erred in denying summary judgment.

## III.  ANALYSIS

As noted in the Court's prior order [Docket 804 at 3-5], summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001).

The Court must "accept as true all material facts asserted and properly supported in the summary judgment motion" and grant summary judgment if, based on those facts, the moving party is entitled to judgment as a matter of law.  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

According to Mr. Watts' statement of undisputed facts, on or about August 24, 2010, Mr. Watts pursued plaintiff after observing plaintiff violate a no-contact order.  Docket No. 697 at 2-3, ¶¶ 3, 5-9.  While attempting to evade Mr. Watts, plaintiff crashed his bicycle.  *Id.* at 3, ¶¶ 11-12.  In his summary judgment motion, Mr. Watts concedes

that there is a dispute of fact between him and the plaintiff regarding the cause of plaintiff's crash.  Mr. Watts claims "Plaintiff simply crashed his bicycle, got up, back on and continued to flee apprehension.  Plaintiff claims Mr. Watts hit him with his vehicle, knocking Plaintiff off the bicycle, onto the hood of the vehicle and then to the ground." Docket No. 697 at 8.  Thus, although plaintiff did not respond to the summary judgment motion, the Court will assume that the circumstances of the bicycle crash are in dispute. The Court finds that plaintiff was able to successfully flee the scene after falling to the ground and did not receive any treatment for injuries arising from his fall from the bicycle.  *Id.* at 3, ¶¶ 13-14.

Mr. Watts argues that, according to *Beamon* and the authorities cited therein, his alleged violations of the Fourth Amendment were not clearly established law and therefore he is entitled to qualified immunity.  The plaintiff bears the burden of rebutting the presumption of qualified immunity and must demonstrate that (1) the defendant's conduct violated the law; and (2) the law was clearly established when the alleged violation occurred.  *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1225-26 (10th Cir. 2001).

In *Beamon*, the court stated that "there is no Fourth Amendment seizure when officers apply physical force in a brief struggle, if the force is insufficient to physically subdue the suspect."  576 F. App'x at 758*; see also Brooks v. Gaenzle*, 614 F.3d 1213, 1221-22 (10th Cir. 2010) ("none of our holdings suggest the mere use of physical force or show of authority alone, without termination of movement or submission, constitutes a seizure").  The *Beamon* court acknowledged that even a momentary stop falls within

5

the protections of the Fourth Amendment, but stated that submission to police authority or termination of movement must occur. 576 F. App'x at 758. Plaintiff concedes that *Beamon* and the related decisions of the Tenth Circuit foreclose any relief to him under the Fourth Amendment in the context of an attempted seizure. Docket No. 832 at 4 ("Plaintiff agrees with the Defendant to the extent that the 'attempted seizure' of Mr. Carbajal is beyond the scope of the Fourth Amendment.").

However, in response to Mr. Watts' motion for reconsideration, plaintiff argues that he has presented a claim against Mr. Watts under the Fourteenth Amendment.[1] *Id.* Claim three of plaintiff's third amended complaint alleges that Mr. Watts, among others, used unreasonable and excessive force in violation of the Fourth and Fourteenth Amendments. Docket No. 254 at 21. In count two of claim three, plaintiff alleges that Mr. Watts "recklessly, knowingly, intentionally, willfully, and wantonly used an excessive and unreasonable amount of force that was grossly disproportional to the norm and warranted amount of force." *Id.* at 21, ¶ 109.

Mr. Watts responds to plaintiff's invocation of the Fourteenth Amendment by stating that *Graham v. Connor*, 490 U.S. 386 (1989), holds that "all claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop or other seizure should be analyzed under the Fourth Amendment." Docket No 836 at

---

[1] Plaintiff also argues that Mr. Watts' motion is "deceptive" and has been brought in "bad faith." Docket No. 832 at 2. Plaintiff's allegation of bad faith is difficult to reconcile with his concession that the case law cited by defendant bars relief for plaintiff under the Fourth Amendment. There is no basis to find that the motion for reconsideration was filed in bad faith.

3.  The argument, however, begs the question of whether there was a seizure here.

Moreover, the Supreme Court has noted:

> [*Graham*] does not hold that all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eighth Amendments; rather, *Graham* requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.

*United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (*citing Graham*, 490 U.S. at 394).

Applying the criteria used in *Beamon* to determine whether there was a seizure, the Court does not perceive a momentary submission by plaintiff even under the conceded factual dispute regarding the cause of the bicycle crash.  Therefore, both Mr. Watts and plaintiff are correct that the rationale of *Beamon* precludes plaintiff's Fourth Amendment claim of excessive force.

The Court next turns to plaintiff's excessive force claim under the Fourteenth Amendment.  In order to succeed on his Fourteenth Amendment claim, plaintiff must show that Mr. Watts' actions violated his due process rights.  Under the due process standard, the factors relevant to whether the use of force is excessive are: "(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the . . . officer."  *Ellis v. City of Lindsay*, 1998 WL 879818, at *5 (10th Cir. Dec. 17, 1998) (unpublished) (*quoting Latta v. Keryte*, 118 F.3d 693, 702 (10th Cir. 1997)).  "Force inspired by malice or by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience may be redressed by [the Fourteenth Amendment]."  *Id.*  While the extent of the injury inflicted is relevant to the Fourteenth Amendment inquiry, there is no *de minimis* injury

7

requirement to succeed on an excessive force claim under the Fourteenth Amendment. *See Sawyer v. Asbury*, 537 F. App'x 283, 290 n.10 (4th Cir. 2013) (unpublished) (*citing Wilkins v. Gaddy*, 559 U.S. 34, 38-39 (2010)).

Mr. Watts' motion for summary judgment did not discuss plaintiff's claims under the Fourteenth Amendment.  Docket No. 697.  Moreover, Mr. Watts' sole argument in favor of summary judgment on plaintiff's excessive force claim related to plaintiff's *de minimis* injury.  *Id.* at 10-11.  As noted above, there is no *de minimis* injury requirement when bringing an excessive force claim under the Fourteenth Amendment.  Thus, Mr. Watts has not provided any basis to dismiss plaintiff's Fourteenth Amendment claim.

While Mr. Watts has presented case law showing that the Court clearly erred by not granting him summary judgment on plaintiff's claim for excessive force under the Fourth Amendment, he has not demonstrated that the Court clearly erred in not granting summary judgment on plaintiff's claim for excessive force under the Fourteenth Amendment.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Jeffrey Watts' Motion for Reconsideration of this Court's Order Dated March 29, 2016 from Defendant Watts [Docket No. 809] is granted in part and denied in part.  It is further

**ORDERED** that defendant Jeffrey Watts is granted summary judgment on plaintiff's Fourth Amendment claim of excessive force.

8

DATED December 13, 2016.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge