IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on Plaintiff's Contemporaneous Objection to Magistrate Judge's Order Granting Attorney Fees [Docket No. 800] filed by plaintiff Dean Carbajal. In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

On December 8, 2015, defendants Adam Barrett, Darin Desel, James Dixon, Jay Lopez, Gilberto Lucio, Michael O'Neill, Jesse Rembert, Joel Smith, Perry Speelman, and the City and County of Denver (collectively the "Denver defendants") filed a motion for attorney's fees [Docket No. 756] incurred in responding to plaintiff's motion to open discovery [Docket No. 731], motion for sanctions and emergency hearing [Docket No. 733], third motion for extension of time [Docket No. 740], and motion for stay of

summary judgment proceedings.  Docket No. 741.  Plaintiff's motions were denied by the magistrate judge.  Docket No. 753.  On February 29, 2016, the magistrate judge granted the Denver defendants' motion for attorney's fees and ordered plaintiff to pay $7,040.50.  Docket No. 786.  Plaintiff filed an objection to the magistrate judge's order [Docket No. 800] and the Denver defendants filed a response.  Docket No. 807.

Plaintiff argues that the magistrate judge erred by characterizing his four motions as motions to compel.  Docket No. 800 at 1.  He states that the characterization was "indicative of Magistrate [Judge] Mix's extreme hate and bias towards Mr. Carbajal." *Id.* at 2.  Plaintiff also briefly asserts that the magistrate judge ignored the fact that his motions provided "some basis for modification of the scheduling order." *Id.* at 1.

Generally, district courts review magistrate judges' orders regarding nondispositive motions under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently.  *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).  A district court must affirm a magistrate judge's decision unless "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

Pursuant to Fed. R. Civ. P. 37(a)(1), "a party may move for an order compelling disclosure or discovery."  The magistrate judge found that plaintiff's motions, while

couched as motions to re-open discovery, extend time, stay proceedings, and seek sanctions, are properly construed as motions to compel under Rule 37 because all four motions request relief related to defendants' alleged withholding of discovery materials. Docket No. 786 at 2. While it is true that plaintiff's motions relate to the defendants' allegedly wrongful withholding of documents, they do not seek to compel disclosure or production of documents, which is the purpose of Rule 37. *See* Docket No. 731 (seeking to reopen discovery); Docket No. 733 (seeking sanctions for alleged misconduct and an injunction against witness intimidation); Docket No. 740 (seeking a stay of proceedings and an extension of the briefing schedule for summary judgment motions); Docket No. 741 (same). Moreover, the motions were not accompanied by the certification required by Rule 37 for motions to compel, *see* Fed. R. Civ. P. 37(a)(1), or the identification required by Local Rule 37.1, which militates against characterizing them as Rule 37 motions.

Rule 37 states that, if a Rule 37 motion is denied, the court must "require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). If the motion was "substantially justified or other circumstances make an award of expenses unjust," the court must not order the payment of expenses. *Id.*

Neither the magistrate judge nor the Denver defendants cited any authority for characterizing plaintiff's motions as Rule 37 motions. Despite plaintiff specifically complaining about such characterization in his objection, the Denver defendants still have not provided any such authority. *See Streeter v. Soo Line Railroad*, 2008 WL 2937744 at *2 (E.D. Wis. July 23, 2008) (denying motion for attorney's fees based on

Rule 37(a)(5)(B) when plaintiff did not file a motion to compel and where defendant cited no authority to recharacterize a motion for sanctions as a Rule 37 motion). The Denver defendants argue that plaintiff's motions required them to draft responses that were, "in substance, typical of those associated with a Rule 37 motion to compel." Docket No. 756 at 4. Defendants, however, provide no authority to use the nature of the work required to draft a response as the basis to recharacterize motions as Rule 37 motions. Plaintiff did not seek to compel disclosure or discovery and, as such, his motions are not properly construed as Rule 37 motions to compel in order to subject him to Rule 37 sanctions.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Contemporaneous Objection to Magistrate Judge's Order Granting Attorney Fees [Docket No. 800] is **SUSTAINED**. It is further

**ORDERED** that the attorney's fee award, *see* Docket No. 786, is **VACATED**.

DATED December 14, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge