IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on plaintiff's Motion to Reconsider the Court's Abusive and Unfair Denial of Extensions of Time and Improper Grant of Summary Based on the Fraudulent Misrepresentation of Facts and Concealment of Material Evidence Supporting Liability [Docket No. 811]. Plaintiff seeks reconsideration of the Court's order and an evidentiary hearing. Because plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

On February 17, 2016, the magistrate judge entered a recommendation [Docket No. 783] to grant motions for summary judgment of the State defendants [Docket No. 694], defendant Watts [Docket No. 697], and the Delta defendants [Docket No. 714], and to grant in part and deny in part the Denver defendants' motion for summary

judgment. Docket No. 700. The recommendation gave the parties 14 days to file an objection. Docket No. 783 at 56. The Court granted plaintiff one extension of time to file objections to the recommendation. Docket No. 793. Subsequently, the Court denied plaintiff a second extension of time because plaintiff's "filings, including two motions for extension of time, [were] completely inconsistent with the grounds for his request." Docket No. 802 at 2. On March 29, 2016, the Court entered an order accepting and rejecting, in part, the recommendation of the magistrate judge. Docket No. 804. On April 29, 2016, plaintiff filed the instant motion for reconsideration of the court's denial of an extension and grant of summary judgment. Docket No. 811.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the

duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff argues that an extension of time to respond to the magistrate judge's recommendation was appropriate because of his illness. Docket No. 811 at 2-3. The Court rejected these arguments in its order denying plaintiff a second extension of time. Docket No. 802 at 2. Similarly, plaintiff's allegations regarding fraudulent conduct and concealment of evidence, Docket No. 811 at 3-18, have been rejected repeatedly. *See* Docket Nos. 753 at 8-19, 854 at 3-5.

Plaintiff points to no change in the law or newly discovered evidence. Further, he has not shown clear error in the prior rulings.

Accordingly, it is

**ORDERED** that plaintiff Dean Carbajal's Motion to Reconsider the Court's Abusive and Unfair Denial of Extensions of Time and Improper Grant of Summary Based on the Fraudulent Misrepresentation of Facts and Concealment of Material Evidence Supporting Liability [Docket No. 811] is **DENIED**.

DATED December 14, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge