IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

      Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual
capacity,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on defendants James Dixon, Gilberto Lucio, and

Michael O'Neill's (collectively the "Denver Defendants") Motion to Strike Untimely

Expert Designations [Docket No. 855] and the Denver defendants' Motion in *Limine*

[Docket No. 868].

      While plaintiff originally alleged a multitude of claims against numerous parties,

the only claims that remain for trial are plaintiff's claims that Sergeant James Dixon,

Detectives Michael O'Neill and Gilberto Lucio used excessive force against him in

violation of the Fourth or Fourteenth Amendments, and Denver District Attorney's Office

Investigator Jeffrey Watts used excessive force against him in violation of the

Fourteenth Amendment.  Docket No. 804 at 16-17.

## I.  MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS

The Denver defendants seek to preclude each of plaintiff's expert witnesses from testifying, with the exception of Stephen Swan.  Docket No. 855 at 1.  On May 11, 2016, the parties submitted their proposed final pretrial order.  Docket No. 818.  In the proposed order, plaintiff identified 13 expert witnesses to be called at trial.  *Id.* at 8.  On May 18, 2016, the magistrate judge ordered plaintiff to amend his witness list and state the expected testimony for each of his expert witnesses.  Docket No. 822.  On August 4, 2016, plaintiff filed a supplement to the final pretrial order, identifying five expert witnesses: Dan Montgomery, Charlie Garcia, Al LaCabe, Perry Speelman, and Stephen Swan.  Docket No. 853 at 13-14.  That supplement was incorporated by reference into the final pretrial order.  Docket No. 873 at 4.

The Denver defendants state that plaintiff has failed to timely disclose his experts, without a showing of excusable neglect, and that plaintiff's failure to timely disclose has severely prejudiced them.  Docket No. 855 at 3-7.  In particular, the Denver defendants argue that plaintiff has failed to disclose adequately the facts and opinions to which each witness is expected to testify.  *Id.* at 6.  The Denver defendants also argue that the expert witnesses should be precluded from testifying because their testimony will not help the trier of fact to understand the evidence or determine a fact in issue as required by Fed. R. Evid. 702.  Docket No. 855 at 8-10.  Plaintiff responds that he disclosed his expert witnesses on December 20, 2012.[1]  Docket No. 861 at 1.  As

---

[1] Because plaintiff is proceeding *pro se*, the Court construes his filings liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)

support, plaintiff attaches a copy of his expert disclosure to his response, which lists ten

expert witnesses and includes a certificate of service stating that it was mailed to the

clerk of court and served on counsel via electronic mail.  Docket No. 861 at 4-10.  The

Denver defendants reply that neither the Denver defendants nor defendant Watts have

any record of receiving plaintiff's expert disclosures.  Docket No. 865 at 2-3.  Moreover,

the Court notes that plaintiff's expert disclosure was not received and docketed by the

Court.  It is not necessary, however, to resolve the dispute over whether plaintiff, in fact,

served his expert disclosure in 2012 for the reasons explained below.

Federal Rule of Civil Procedure 26(a)(2)(C) specifies the disclosure requirements

for expert witnesses who are not required to file a written report.  The party calling such

an expert must disclose to the other side: (1) the subject matter on which the witness is

expected to present evidence under Fed. R. Evid. 702, 703, or 705; and (2) a summary

of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P.

26(a)(2)(C)(i) and (ii).  "The purpose of Rule 26(a)(2)'s expert disclosure requirements is

to eliminate surprise and provide the opposing party with enough information regarding

the expert's opinions and methodology to prepare efficiently for deposition, any pretrial

motions and trial."  *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D. Colo.

2006).   If the disclosed expert is a non-retained expert, citations to the record,

deposition testimony, or other materials without a "clear indication of what sections will

be used or how the facts or opinions will be framed and presented in testimony does

not constitute a 'summary of the facts and opinions to which the witness is expected to

testify' within the meaning and requirements of Rule 26(a)(2)(C)(ii)."  *A.R. by Pacetti v.*

*Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No.

3

12-cv-02197-RM-KLM, 2013 WL 5462277, at *3 (D. Colo. Sept. 30, 2013).

Plaintiff's expert disclosures fail to describe the facts that his proffered experts will rely upon.  Docket No. 861 at 5-6, 8-9.  For example, plaintiff states that Charlie Garcia will testify to various training failures by the Denver Police Department and testify about "formal law enforcement practices and standards."  *Id.* at 5, ¶ 3.  This disclosure fails to identify any specific omission in the training of Denver Police Department officers or specific practice or policy.  *Id.*  Plaintiff's disclosures regarding the other experts are equally devoid of any facts on which they rely.  Failing to disclose the facts upon which the experts' opinions rely does not provide the defendants with sufficient information to prepare for trial in this case.

Similarly, plaintiff's expert disclosures fail to describe in sufficient detail the opinions that his experts will offer.  Docket No. 861 at 5-6, 8-9.  Plaintiff states that Perry Speelman, a Sergeant for the Denver Police Department, "has expert knowledge of the correct techniques incorporated by the DPD, training with respect to search and seizures under the 4th Amend. and use of force, and the cultures maintained by him and Fellow officers."  *Id*. at 9, ¶ 10.  This expert disclosure does not state what Sgt. Speelman's opinions are, but rather generally identifies the subject of his testimony. Plaintiff's disclosures regarding the other experts are similarly deficient.  The disclosure of specific opinions is necessary to provide defendants with sufficient notice to prepare for trial.

Federal Rule of Civil Procedure 37(c) allows a district court to admit expert witness testimony despite the failure to comply with Rule 26, but only so long as the violation is "justified or harmless."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-

4

53 (10th Cir. 2002) (citing Fed. R. Civ. P. 37).  In determining whether the violation of

Rule 26 was justified or harmless the Court should consider the following factors: "(1)

the prejudice or surprise to the party against whom the testimony is offered; (2) the

ability of the party to cure the prejudice; (3) the extent to which introducing such

testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *Id.*

at 953 (citation omitted).  The burden to demonstrate substantial justification and the

lack of harm is on the party who failed to make the required disclosure.  *A. H., ex rel.*

*Hohe v. Knowledge Learning Corp.*, 2010 WL 4272844, at *5 (D. Kan. Oct. 25, 2010).

While plaintiff responds to defendants' motion by stating that his expert

disclosure was timely, he provides no justification for the inadequacy of his expert

disclosures.  Docket No. 861 at 2.  The Court finds that the Denver defendants have

been significantly prejudiced and are unable to adequately prepare to rebut plaintiff's

proffered experts.

Even if plaintiff's disclosure met the requirements of Rule 26(a)(2)(C), plaintiff

fails to demonstrate that the experts' testimony will assist the trier of fact.  Expert

testimony is appropriate if "the expert's scientific, technical, or other specialized

knowledge will help the trier of fact to understand the evidence or to determine a fact in

issue."  Fed. R. Evid. 702(a).

According to plaintiff's expert disclosure, Dan Montgomery is a former Chief of

Police for the Westminster Police Department and will testify about the "practices,

policies, and customs of the Denver Police Department."  Docket No. 853 at 13.

Charlie Garcia, a former Manager of the Department of Safety, which oversees the

Police Department, is identified as "an expert in constitutional law and the practices and

policies of Denver Police Department." *Id.* Al LaCabe, also a former Manager of the

Department of Safety, has "expert knowledge concerning the unconstitutional policies,

practices and customs of the Denver Police Department." *Id.* at 13-14. Perry

Speelman, a Sergeant in the Denver Police Department,  "will testify . . . concerning the

practices and policies of the Denver Police Department." *Id.* at 14.

Plaintiff apparently seeks to introduce evidence of unconstitutional police policies

and practices to show that the Denver defendants acted in accordance with those

policies.[2] Docket No. 853 at 13-14. However, the City and County of Denver was

dismissed from this lawsuit because the magistrate judge found that "there is no

evidence of any specific policy, custom, or act which could support [plaintiff's *Monell*

claims]." Docket No. 783 at 55-56 (discussing municipal liability under *Monell v. Dep't*

*of Social Servs.*, 436 U.S. 658 (1978)); *see also* Docket No. 804 at 17. Plaintiff cannot

introduce evidence of allegedly unconstitutional policies on which the Court has already

granted summary judgment to defendants. Even if such evidence was not precluded by

the dismissal of plaintiff's *Monell* claim, plaintiff fails to show that such evidence is

relevant to an excessive force claim. See *Meredith v. Lake Cty. Sheriff*, 2016 WL

4751198, at *3 (N.D. Ind. Sept. 13, 2016) (bifurcating a trial where plaintiff alleged that

"unconstitutional/constitutionally deficient policies, practices, procedures, and/or

customs in effect . . . resulted in the excessive and unreasonable force" because "[i]f a

---

[2] In both the motion to strike and the motion in *limine,* the Denver defendants cite to cases where the Tenth Circuit has held that a violation of department rules may not be used to prove a constitutional violation. Docket Nos. 855 at 9-10, 868 at 7-8. These cases are irrelevant because plaintiff does not seek to prove that defendants *violated* internal policies; rather, plaintiff seeks to demonstrate that the defendants in this case *complied* with unconstitutional policies.

person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point") (*quoting City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (emphasis in original).  As a result, the Court will preclude plaintiff from calling Dan Montgomery, Charlie Garcia, Al LaCabe, and Perry Speelman as expert witnesses.

## II.  MOTION IN *LIMINE*

In their motion in *limine*, the Denver defendants seek to preclude plaintiff from calling certain witnesses, to quash subpoenas issued to those witnesses, and to exclude certain exhibits.  Docket No. 868 at 1.

### A.  Standard of Review

The Federal Rules of Evidence permit the admission of all relevant evidence subject to the limitations provided by the Rules of Evidence and other laws.  *See* Fed. R. Evid. 402.  Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Even relevant evidence may be excluded if "its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The Federal Rules of Evidence also limit the testimony of a lay witness to matters of which the witness has personal knowledge. Fed. R. Evid. 602.

In analyzing an excessive use of force claim under the Fourth Amendment, the

fact finder must "analyze whether the force used to effectuate an arrest violates an individual's Fourth Amendment Rights under the 'objective reasonableness' standard of the Fourth Amendment." *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1220 (10th Cir. 2005) (*citing Graham v. Connor*, 490 U.S. 386, 388 (1989)).  "Reasonableness is evaluated under a totality of the circumstances approach which requires that we consider the following factors: the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Weigel v. Broad*, 544 F.3d 1143, 1151-52 (10th Cir. 2008) (*quoting Graham*, 490 U.S. at 396) (internal quotations omitted).

The due process clause of the Fourteenth Amendment, in contrast, is only violated in the context of an excessive force claim when the actions of the individual "can properly be characterized as arbitrary, or conscience shocking. . . . [C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847-48 (1998).  Under the due process standard, the factors relevant to whether the use of force is excessive are: "(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the . . . officer." *Ellis v. City of Lindsay*, 1998 WL 879818, at *5 (10th Cir. Dec. 17, 1998) (unpublished) (*quoting Latta v. Keryte*, 118 F.3d 693, 702 (10th Cir. 1997)).

8

## B.  Witnesses to be Excluded

The Denver defendants seek to exclude a number of witnesses.  The Court considers only those witnesses about whom sufficient information is available to make a ruling at this time.

### 1.  Angela Hunt

Plaintiff seeks to call Angela Hunt, a Denver City Attorney, to testify that she confessed Mr. Carbajal's motion to dismiss the charges brought against him arising out of the April 29, 2009 arrest.  Docket No. 853 at 7-8, ¶ 6.  Plaintiff states that Ms. Hunt will testify that there was no probable cause to charge Mr. Carbajal on that occasion. *Id.*  The Denver defendants concede that the April 29, 2009 charges against plaintiff were dropped, but state that Ms. Hunt's testimony will be both irrelevant and confusing. Docket No. 868 at 5.  Where there is no claim for unlawful arrest or detention, the presence of probable cause is irrelevant.  *See Scott v. City of Wichita*, 109 F. App'x 201, 205 (10th Cir. 2004) (unpublished) (affirming the trial court's decision to "exclude as irrelevant evidence of dismissal of [] assault charges").  The Court finds that the proposed testimony of Ms. Hunt is irrelevant and plaintiff shall be precluded from calling Ms. Hunt.

### 2.  David Cooperstein

Plaintiff seeks to call David Cooperstein, the Denver defendants' counsel of record, because he was "personally involved in the intimidation and harassment of Kathy Jones and Victoria Carbajal in an effort to coerce them to not testify."  Docket No. 853 at 6, ¶ 17.  Plaintiff also states that Mr. Cooperstein has knowledge concerning the

9

concealment of the identities of Ms. Jones and Anthony Schluck.  *Id.*  The magistrate judge has already addressed and rejected plaintiff's allegations regarding witness intimidation and the concealment of evidence.  Docket Nos. 753 at 8-19, 854 at 3-5. The Court finds that the proposed testimony of Mr. Cooperstein is irrelevant and unduly prejudicial to the Denver defendants.  Plaintiff shall be precluded from calling Mr. Cooperstein.

### 3.  Darin Desel

Plaintiff states that Darin Desel, a former defendant in this case, will testify about "the cover up of this alleged use of excessive force" and the "standard practices concerning . . . civil suits brought against police officers."  Docket No. 853 at 3, ¶ 5.  Mr. Desel was dismissed from this case due to his lack of participation in the relevant events.  Docket No. 783 at 34, 38; Docket No. 804 at 17.  In his declaration in support of summary judgment, Mr. Desel stated that plaintiff's allegation that Mr. Desel participated in his arrest "appears to be based on a typographical error" and that he has "never arrested Plaintiff Dean Carbajal and did not personally participate in his arrest on April 28-29, 2009."  Docket No. 700-10 at 1-2.  Plaintiff does not offer any evidence to contradict Mr. Desel's declaration other than by referencing the apparent typo in the Arrest Hardcopy.  Docket No. 853 at 3, ¶ 5.  The Court finds that the proposed testimony of Mr. Desel should be excluded due to his lack of personal participation and because the standard practices of the Denver Police Department in addressing civil suits brought against police officers is irrelevant to the excessive force claims.  Plaintiff shall be precluded from calling Mr. Desel.

### 4.  Charlie Garcia, Robert White, Gerald Whitman, and Dan Montgomery

Plaintiff seeks to call several former and current Denver officials at trial.  Plaintiff states that Charlie Garcia will testify about the "policies, customs and cultures in the Denver Police Department,"  Docket No. 853 at 7, ¶ 5; Robert White, the current Denver Chief of Police, will testify about the investigation into the excessive use of force in this matter and "training and discipline of officers for using improper force," *id.* at 8-9, ¶ 8; Gerald Whitman, a former Denver Chief of Police, "may testify concerning the Denver Police Departments Operational Manual in place during the 2009" arrest, *id.* at 9, ¶ 9; and Dan Montgomery of "Professional Police Consulting" will testify about his investigations into the "culture of violence and deceptive conduct that has been maintained in the Denver Police Department."  *Id.* at 11, ¶ 14.

As noted above, the existence of unconstitutional policies that authorize or allow officers to use excessive force, while relevant to an inquiry into *Monell* liability against the entity that authorized those policies, is not relevant to whether the remaining defendants in this case used excessive force against plaintiff.  Plaintiff has not indicated, other than by a general assertion, that Chief of Police White has any personal knowledge about the facts of this case.

Plaintiff will be precluded from calling Charlie Garcia, Robert White, Gerald Whitman, and Dan Montgomery in this matter.

### 5.  Andrew Keefer

Plaintiff states that Mr. Keefer, a Deputy Sheriff for the Denver Sheriff's Department, attacked plaintiff, apparently sometime after the incidents involved in this

case, in "retaliation for his civil actions against Denver Police Officers and the City of Denver." Docket No. 853 at 6, ¶ 18. The Court finds that the proposed testimony of Mr. Keefer is irrelevant to the claims in this case, and plaintiff shall be precluded from calling Deputy Keefer.

Accordingly, it is

**ORDERED** that the Denver defendants' Motion to Strike Untimely Expert Designations [Docket No. 855] is granted. It is further

**ORDERED** that Dan Montgomery, Charlie Garcia, Al LaCabe, and Perry Speelman are struck from plaintiff's list of expert witnesses, *see* Docket Nos. 853, 873, and plaintiff is precluded from calling them as experts. It is further

**ORDERED** that the Denver defendants' Motion in *Limine* [Docket No. 868] is granted in part. It is further

**ORDERED** that plaintiff is precluded from calling Angela Hunt, David Cooperstein, Darin Desel, Charlie Garcia, Robert White, Gerald Whitman, Dan Montgomery, and Andrew Keefer.


DATED December 16, 2016.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge