IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion for Reconsideration and Contemporaneous Objection to the Court's Intentional Violation of his First and Fourteenth Amendment Rights [Docket No. 899] and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Docket No. 900]. Because plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff previously filed subpoenas with the Court and requested that the Court direct the Clerk of Court to stamp the subpoenas and order the U.S. Marshals Service to effectuate service. Docket No. 869. The Court denied plaintiff's motion without prejudice, pointing out that plaintiff has not been granted leave to proceed *in forma pauperis* and that the Court does not have the authority to waive payment of witness fees and mileage. Docket No. 894. In response, plaintiff filed the motions referred to

above. Docket Nos. 899, 900.

In his motion for reconsideration, plaintiff argues that the Court erred in finding that plaintiff has not been granted such leave in this case. Docket No. 899 at 2. Plaintiff identifies an order of the Tenth Circuit Court of Appeals granting him *in forma pauperis* status. See Docket No. 569. That order deferred ruling on the substance of plaintiff's request until a later time.[1] *Id.* at 1. The Tenth Circuit later denied plaintiff's request to proceed *in forma pauperis* when it considered the substance of plaintiff's appeal. Docket No. 606 at 12. Mr. Carbajal does not point to any other order in this case granting him the ability to proceed *in forma pauperis*.

Plaintiff also notes that he has been granted leave to proceed *in forma pauperis* in a number of other cases. Docket No. 899 at 2. Plaintiff, however, cannot rely on his status from other cases; he is required to request leave to proceed *in forma pauperis* in this case. See 28 U.S.C. § 1915(a) (requiring an affidavit describing the "nature of the action, defense or appeal" for which a party requests leave to proceed *in forma pauperis*).

As a fallback to his motion for reconsideration, plaintiff requests leave to proceed *in forma pauperis*. Docket No. 900. Under 28 U.S.C. § 1915, "any court of the United States may authorize the [] prosecution . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor," if the requesting prisoner submits an affidavit stating all of the prisoner's assets, confirms his inability to pay court fees, and states the

---

[1] On April 8, 2013, plaintiff filed a motion in the district court for leave to proceed *in forma pauperis* on appeal. Docket No. 473. The Court denied the motion because it was not filed on the proper form. See Docket No. 476. The Court stated that a new motion could be filed in the Tenth Circuit. *Id.*

nature of the action and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915. In addition, the prisoner must "submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." *Id.* The Court finds that plaintiff's motion complies with all of the requirements of 28 U.S.C. § 1915. Plaintiff will therefore be granted leave to proceed *in forma pauperis* in this case.[2]

Because plaintiff will be proceeding *in forma pauperis*, it is proper for the U.S. Marshals to effectuate service on behalf of plaintiff. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915"); 28 U.S.C. § 1915(a) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Thus, because plaintiff is now proceeding *in forma pauperis*, the Court will order the U.S. Marshals Service to effectuate service of the subpoenas identified in this order on plaintiff's behalf.

However, as the Court noted in its prior order, plaintiff's *in forma pauperis* status does not authorize the Court to waive or order payment of witness fees and mileage. Docket No. 894 at 2 (*citing Hooper v. Tulsa Cty. Sheriff Dep't*, 1997 WL 295424 at *2 (10th Cir. Jun. 4, 1997) (unpublished) ("Every circuit considering this issue has held that § 1915(a)'s waiver of prepayment of 'fees or costs' does not authorize the federal

---

[2] Because plaintiff has already paid the filing fee in this case, Docket No. 1, the Court does not address the requirements of 28 U.S.C. § 1915(b), which discuss how filing fees are to be paid.

3

courts to waive or order payment of witness fees for a civil litigant proceeding *in forma pauperis*.") (citations omitted)). Plaintiff argues that 28 U.S.C. §§ 1825(c) and 1920(3) allow the Court to compel material witnesses to attend trial. Docket No. 899 at 4. Section § 1825(c) authorizes service of subpoenas without prepayment on behalf of an *in forma pauperis* party in proceedings where "the United States or an officer or agency of the United States is a party," in 28 U.S.C. § 2255 proceedings, or habeas corpus proceedings. 28 U.S.C. § 1825(c). None of those circumstances is present in this case. Section 1920(3) addresses the taxation of costs and confers no authority on the Court to waive plaintiff's witness fees and mileage. As a result, plaintiff will need to tender witness fees and mileage to his witnesses independently of the Marshals' service of the subpoenas.[3] *See* Wright & Miller, *Federal Practice and Procedure* (Civil 2d) § 2454 *("*Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena."). Plaintiff is obligated to ensure that each subpoenaed witness receives the appropriate sum.

    Plaintiff's trial is set to commence on January 9, 2017. A criminal trial set that date, however, has priority over this matter. As such, this trial will be reset and plaintiff will have additional time to serve his witnesses.

---

[3] Fed. R. Civ. P. 45(b)(1) states that "if the subpoena requires [a] person's attendance, [serving the subpoena requires] tendering the fees for 1 day's attendance and the mileage allowed by law." Each witness must be paid an attendance fee of $40 per day for each day's attendance. 28 U.S.C. § 1821(b). Each witness must also be paid a mileage allowance based on the rate the Administrator of General Services prescribes for employees of the Federal Government, with distance to be computed by reference to the uniform table of distances adopted by the Administrator. *See* 18 U.S.C. § 1821(c)(2). The General Services Administration website currently indicates that the mileage allowance is $0.535 per mile. *See* www.gsa.gov.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Reconsideration and Contemporaneous Objection to the Court's Intentional Violation of his First and Fourteenth Amendment Rights [Docket No. 899] is granted. It is further

**ORDERED** that plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Docket No. 900] is granted. It is further

**ORDERED** that the Clerk of the Court shall issue trial subpoenas for the following witnesses for the date the trial is reset:

Adam Barrett, Former Denver Police Officer
1331 Cherokee St.
Denver, CO  80204

Jay Lopez, Denver Police Officer
1331 Cherokee St.
Denver, CO  80204

Larry Black, Denver Police Officer
1331 Cherokee St.
Denver, CO 80204

Steve Carter, Denver Police Officer
1331 Cherokee St.
Denver, CO  80204

James Mullins, Former Denver Police Officer
1331 Cherokee St.
Denver, CO  80204

Ron Thomas
1331 Cherokee St.
Denver, CO  80204

Benjamin Kaufman, Denver Health Medical Center
660 Bannock St.
Denver, CO 80204

Perry Speelman, Denver Police Officer
1331 Cherokee St.
Denver, CO  80204

Stephan Swan
13102 Elizabeth Pl.
Thornton, CO  80233

Anthony Schluck, Former Denver Police Officer
1331 Cherokee St.
Denver, CO  80204

It is further **ORDERED** that the United States Marshals Service for the District of Colorado shall serve the subpoenas issued herein.  It is further

**ORDERED** that the witness fees, mileage and subsistence of said witnesses shall be paid by plaintiff Dean Carbajal.


DATED January 4, 2017.

            BY THE COURT:

            s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge