IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

This matter comes before me on Plaintiff Dean Carbajal's Motion for Change of Judge Based on the Recent Discovery of Judge Philip Brimmer's Extrajudicial Bias [Docket No. 904], wherein plaintiff Dean Carbajal seeks my recusal pursuant to 28 U.S.C. §§ 144 and 455. I will address Mr. Carbajal's arguments under § 144 first and then address his arguments under § 455.

    **A.  28 U.S.C. § 144**

Section 144 of Title 28 of the United States Code provides that, when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." An affidavit of bias and prejudice must be timely, sufficient, made by

a party, and accompanied by a certificate of good faith of counsel or of the pro se party. *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir.1987) (per curiam); *United States v. Boyd*, 208 F.3d 638, 645 (7th Cir. 2000) (pro se party does not need certificate of counsel), reversed on other grounds, *Boyd v. United States*, 531 U.S. 1135 (2001). Although a court must accept the truth of the facts alleged in the affidavit under § 144, *United States v. Ritter*, 540 F.2d 459, 462 (10th Cir. 1976) (per curiam), the court construes that affidavit strictly against the party seeking recusal. *Weatherhead v. Globe International, Inc.*, 832 F.2d 1226, 1227 (10th Cir.1987).

Mr. Carbajal's declaration correctly indicates that I used to work for the Denver District Attorney's Office and that, as a result, I know former Denver District Attorney Mitchell Morrissey and defendant Jeffrey Watts, who once worked as an investigator for the DA's Office.[1] However, I left that office in 2001 and being acquainted with someone is not a sufficient grounds for disqualification. "Judges are not required to recuse when they have merely a casual relationship with a victim, attorney, witness, or litigant appearing before the court; occupying the bench does not require withdrawal from society." *Bragg v. Chavez*, No. CIV 07–0343 JB/WDS, 2007 WL 5685116, at *3 (D.N.M. Nov. 9, 2007) (citing *Sexson v. Servaas*, 830 F. Supp. 475, 482 (S.D. Ind. 1993)).

As evidence of bias, Mr. Carbajal notes that I did not authorize the issuance of a trial subpoena for Mr. Morrissey. Docket No. 904 at 19. The reason that I did not allow Mr. Carbajal to call Mr. Morrissey as a trial witness, as the transcript of the December

---

[1] Other than Mr. Watts, I do not recall Joe Quintana and the other persons that plaintiff refers to on page 7 of his motion.

16, 2016 trial preparation conference will reflect, is that Mr. Carbajal was not able to identify any relevant testimony that Mr. Morrissey would have other than that based on Mr. Carbajal's unfounded speculation. Mr. Carbajal claimed that Mr. Morrissey was necessary to attack collaterally certain convictions of Mr. Carbajal, which testimony, assuming Mr. Morrissey had personal knowledge of such convictions, would nevertheless be improper. Mr. Carbajal also suspected that Mr. Morrissey had conducted an investigation of the Watts incident, but that assumption is speculative and was denied by counsel for Mr. Watts, who had spoken with Mr. Morrissey about that subject. Mr. Carbajal further assumed that Mr. Morrissey would be familiar with the DA's policy on use of investigator cars, which testimony would be irrelevant even if true since Mr. Carbajal could not predicate his excessive force claim on Mr. Watts not following internal policies regarding investigators' use of office cars. Plaintiff also believed that Mr. Morrissey would know the reasons that Mr. Watts eventually left the DA's office, which was speculative and irrelevant to what happened during the incident that Mr. Carbajal bases his claim upon. Given these circumstances, a reasonable person would not perceive bias in my having refused to issue a trial subpoena for Mr. Morrissey. *See Bryce v. Episcopal Church in Diocese of Colo.*, 289 F.3d 648, 659-60 (10th Cir.2002) ("The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice.").

    Mr. Carbajal's declaration states that I have "overlooked the fraudulent conduct of the Denver Defendants and State Defendants." Docket No. 904 at 19. It is not clear what plaintiff refers to, but disqualification cannot be based on the mere fact of an

unfavorable ruling, *Liteky v. United States*, 510 U.S. 540, 555 (1994), especially if that ruling was accepting a magistrate judge's recommendation.

Mr. Carbajal's declaration states that he has sued an attorney that works for the law firm of Holland & Hart, where my sister is a partner, and therefore this case and "upcoming civil actions" will directly impact my sister's finances and reputation. Docket No. 904 at 19. Plaintiff's declaration does not identify the attorney who he has sued, but his motion identifies that attorney as Michael Carrigan. *Id*. at 2. Mr. Carbajal did not sue Mr. Carrigan in this case, the case in which he did sue Mr. Carrigan is not related to this one, and therefore there is no basis for me to recuse.[2]

The remainder of Mr. Carbajal's declaration is based on his assumptions that I will be unfair. An affidavit, or in this case a declaration, is insufficient if it merely states conclusions, rumors, beliefs, and opinions; it must "state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman*, 831 F.2d at 939. The procedural requirements of this provision are strictly construed. *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982).[3] For the reasons stated above, I find that neither Mr. Carbajal's declaration nor the arguments in his motion are sufficient under 28 U.S.C. § 144 to justify my recusal.

---

[2] Mr. Carbajal sued Mr. Carrigan in Case Number 12-cv-03231-PAB-KLM. Judge Robert Blackburn dismissed plaintiff's claims against Mr. Carrigan on March 31, 2014. *See* Docket No. 198 at 10 (12-cv-03231-PAB-KLM ).

[3] Plaintiff attaches declarations of Luis Leal and John Shull, two of plaintiff's witnesses. Given that these declarations were not made by a party and are not affidavits, it is unclear what weight, if any, I need to give them under Section 144. Nevertheless, I have considered the information in each of them in my analysis of Sections 144 and 455(a).

### B.  28 U.S.C. § 455(a)

Mr. Carbajal also moves under 28 U.S.C. § 455 for me to recuse.  Section 455(a) states: "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 455(b) states: "He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party. . . ."  Under Section 455, a judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias.  *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995).  "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *Hinman*, 831 F.2d at 939 (citation omitted).  If the issue of whether § 455 requires disqualification is a close one, the judge must be recused.  *Nichols*, 71 F.3d at 352.

On the other hand, the Tenth Circuit has noted that a judge also has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."  *Id*. at 351.  "[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestions of personal bias or prejudice."  *Franks v. Nimmo,* 796 F.2d 1230 (10th Cir.1986) (quoting *Hines*, 696 F.2d at 729); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.").

Mr. Carbajal does not separate his § 455 arguments from his § 144 arguments in his motion.  As a result, it is not clear how his arguments under § 455 differ.  However,

the above-mentioned arguments about my knowing Mr. Morrissey and Mr. Watts from my employment with the Denver DA's Office would not cause a reasonable person, knowing all the relevant facts, to consider me to be biased. *See Nichols*, 71 F.3d at 351 ("mere familiarity with the defendants" not ordinarily grounds for recusal). This is especially true in light of my rulings in this case. The case was assigned to me on January 27, 2016. Docket No. 780. On March 29, 2016, I ruled on the magistrate judge's recommendation that the Court grant Mr. Watts' Motion for Summary Judgment [Docket No. 697]. Docket No. 804. As I noted at the time, Mr. Carbajal did not object to Mr. Watts' summary judgment motion. He also did not object to the magistrate judge's recommendation to grant the motion. Had I accepted the recommendation, Mr. Watts would have been dismissed as a party and the claim that involved Mr. Morrissey as a witness would have been dismissed. However, based on my own review of the law, I determined that Mr. Watts was not entitled to summary judgment on plaintiff's excessive force claim. *Id*. at 16. A reasonable person, knowing all the relevant facts, would not consider my decision to rule against Mr. Watts to be evidence of bias in favor of Mr. Watts, especially when Mr. Carbajal failed to oppose the motion or object to the recommendation.

Similarly, a reasonable person, knowing all the relevant facts, would not perceive bias on my part based on Mr. Carbajal having named Mr. Carrigan as a defendant in an unrelated lawsuit, especially given that Mr. Carrigan was dismissed as a defendant years ago by a different judge. Mr. Carbajal's suggestion that he plans on suing Mr. Carrigan in the future provides no additional grounds for recusal.

Wherefore, Plaintiff Dean Carbajal's Motion for Change of Judge Based on the Recent Discovery of Judge Philip Brimmer's Extrajudicial Bias [Docket No. 904] is denied.

DATED February 1, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge