IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

      Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual
capacity,

      Defendants.

_____

### ORDER
_____

      This matter is before the Court on the Denver Defendants' Motion to Exclude

Undisclosed Trial Witness Chris Maurez [Docket No. 896].  Because plaintiff is

proceeding *pro se*, the Court construes his filings liberally.  *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

      On May 11, 2016, the parties submitted their joint proposed final pretrial order.

Docket No. 818.  Plaintiff listed a number of witnesses, but did not provide identifying

information about each witness or a description of each witness' testimony.  *Id.* at 4-8.

The initial order listed Chris Maurez as a "may call" witness.  *Id.* at 5.  On May 18, 2016,

the magistrate judge ordered plaintiff to file an amendment to the final pretrial order

stating the testimony that each witness would provide.  Docket No. 822.  On August 4,

2016, plaintiff filed his supplement to the final pretrial order.  Docket No. 853.  The

supplement made no mention of Chris Maurez.  *Id.*  On December 6, 2016, the

magistrate judge entered the final pretrial order in this case and incorporated plaintiff's supplement by reference.  Docket No. 873 at 4.  Plaintiff included Mr. Maurez as a "may call" witness in the witness list for trial he filed on December 14, 2016.  Docket No. 885 at 4.

In addition to omitting Mr. Maurez from the witness list in the final pretrial order, plaintiff failed to identify Mr. Maurez during discovery.  Plaintiff did not mention Mr. Maurez in his initial disclosures, Docket No. 896-1, in his responses to the Denver Defendants' interrogatory requesting the identities of all individuals with discoverable information, Docket No. 896-2 at 15-16, or in his supplemental response to the Denver defendants' interrogatory.  Docket No. 896-3.

At the trial preparation conference held on December 16, 2016, plaintiff stated that Mr. Maurez was his roommate on April 28, 2009, the date that plaintiff accuses defendant Dixon of using excessive force against him.  Plaintiff stated that he sent Mr. Maurez text messages that evening regarding the incident and that Mr. Maurez was a witness to the officers' search of his residence.

Federal Rule of Civil Procedure 26(a)(3) requires that, for all witnesses who are intended to be called not solely for impeachment, "the name and, if not previously provided, the address and telephone number of each witness" must be disclosed at least 30 days before trial.  Fed. R. Civ. P. 26(a)(3)(A)(i).  Where a party fails to disclose witness information as required by Rule 26(a), the "party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

Plaintiff argues that Mr. Maurez will be called for rebuttal and impeachment

2

purposes and that Fed. R. Civ. P. 26(a)(3) therefore does not apply.  Docket No. 907 at

2-3.  In addition, plaintiff states that he did not know Mr. Maurez's last name until 2016

and still does not have Mr. Maurez's contact information.  *Id.* at 3.

While plaintiff is correct that Fed. R. Civ. P. 26(a)(3) does not apply to

impeachment witnesses, plaintiff fails to provide any information about how Mr. Maurez

would impeach the testimony of defendants' witnesses other than to state that Mr.

Maurez's testimony will be used to "impeach[] [] falsities" offered by the Denver

defendants.  Docket No. 907 at 2.  It therefore appears that Mr. Maurez's testimony is

rebuttal testimony, not impeachment testimony.

Plaintiff has listed Mr. Maurez as a "may call" witness and the Denver defendants

are correct that they would be substantially prejudiced if forced to address the testimony

of Mr. Maurez during plaintiff's case.  Plaintiff's argument that he did not know his

roommate's last name and that Mr. Maurez's contact information was unavailable does

not justify the complete lack of disclosure regarding Mr. Maurez.  Notwithstanding those

concerns, there is ample time to cure the prejudice.  While the trial in this matter was

set for January 9, 2017, it has since been continued to July 10, 2017.  Docket No. 909.

If plaintiff plans to call Mr. Maurez, either in his case in chief or as a rebuttal witness,

plaintiff must, on or before March 10, 2017, provide to defendants Mr. Maurez's contact

information in accordance with Rule 26(a) and detail Mr. Maurez's expected testimony,

including copies (or the content of) any text messages exchanged between Mr. Maurez

and plaintiff.

It is therefore

**ORDERED** that the Denver Defendants' Motion to Exclude Undisclosed Trial

3

Witness Chris Maurez [Docket No. 896] is denied without prejudice.

DATED February 8, 2017.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge