IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Mr. Carbajal's Contemporaneous Objection to the Court's Order [# 902] Denying Advancement of Witness Fees Without the Proper Consideration for its Inherent Authority and Rule 614(a) and 706(b) Fed. R. Evid. [Docket No. 920]. Because plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff previously filed subpoenas with the Court and requested that the Court direct the Clerk of Court to stamp the subpoenas and order the U.S. Marshals Service to effectuate service. Docket No. 869. The Court denied plaintiff's motion without prejudice, pointing out that plaintiff has not been granted leave to proceed *in forma pauperis* and that the Court does not have the authority to waive payment of witness fees and mileage. Docket No. 894. In response, plaintiff filed a motion for

reconsideration and a motion for leave to proceed *in forma pauperis*. Docket Nos. 899, 900. On January 4, 2017, the Court granted plaintiff leave to proceed *in forma pauperis* and ordered the U.S. Marshals Service to effectuate service of plaintiff's subpoenas. Docket No. 902 at 3. However, the Court noted that 28 U.S.C. § 1915 does not authorize the Court to waive or order payment of witness fees and mileage. *Id.* Accordingly, the Court ordered plaintiff to ensure that the subpoenaed witnesses receive the appropriate witness fees and mileage. *Id.* at 4. On February 13, 2017, plaintiff filed his objection to the portion of the Court's order requiring him to pay witness fees. Docket No. 920. Because plaintiff's objection attacks the legal basis for the Court's prior ruling, the Court will construe his objection as a motion for reconsideration.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the

duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In his objection, construed as a motion for reconsideration, plaintiff presents two arguments: first, that the Court "narrowly construed the language in Title 28 U.S.C. § 1915 as a basis to prohibit *IFP* civil rights litigants from subpoenaing material witnesses"; and, second, that the Court overlooked its "inherent authority to compel witnesses to appear." Docket No. 920 at 2. As to the first argument, plaintiff does not offer new legal authority to show that the Court's reading of § 1915 was incorrect. *Compare* Docket No. 920 at 2 (citing *Guy v. Maio*, 227 F.R.D. 498, 501 (E.D. Wis. 2005); *Coleman v. St. Vincent De Paul Soc.*, 144 F.R.D. 92, 95-96 (E.D. Wis. 1992); *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1057-58 (8th Cir. 1984)) *with* Docket No. 899 at 2, 4 (same). Moreover, each of the authorities offered by plaintiff acknowledges that the weight of authority does not allow a court to advance or pay witness fees on behalf of indigent plaintiffs. *See Guy*, 227 F.R.D. at 501-02 (citing cases from the Seventh, Second, Third and First Circuits); *Coleman*, 144 F.R.D. at 94; *Means*, 741 F.2d at 1056. Nothing in plaintiff's objection undermines the Court's interpretation of § 1915 or suggests that the Tenth Circuit would go against the weight of legal authority. *See also Hooper v. Tulsa County Sheriff Department,* 1997 WL 295424 at *2 (10th Cir. Jun. 4, 1997) ("Every circuit considering this issue has held that § 1915(a)'s waiver of

prepayment of 'fees or costs' does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding in forma pauperis.").

As to plaintiff's second argument, that the Court has inherent authority to compel the appearance of witnesses, plaintiff offers no legal authority to support his contention, *see* Docket No. 920 at 2-3, nor does he present any new arguments in support of his claim. *See* Docket No. 899 at 4 (arguing that the Court has the inherent power to compel witnesses to appear). "The established rule is that the expenditure of public funds is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.S. 317, 321 (1976). The Court does not have the authority to use public funds to pay for plaintiff's witnesses in the absence of statutory authorization. While plaintiff briefly points to Fed. R. Evid. 614 and 706, Docket No. 920 at 2, neither rule discusses the payment of witness fees on behalf of an indigent plaintiff in a civil matter. *See* Fed. R. Evid. 614 (discussing the court's authority to call witnesses); Fed. R. Evid. 706 (discussing the appointment of expert witnesses).

Plaintiff's objection presents no valid grounds for reconsidering the Court's prior decision. Accordingly, it is

**ORDERED** that Mr. Carbajal's Contemporaneous Objection to the Court's Order [# 902] Denying Advancement of Witness Fees Without the Proper Consideration for its Inherent Authority and Rule 614(a) and 706(b) Fed. R. Evid. [Docket No. 920], construed as a motion for reconsideration, is denied.

DATED June 19, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge