IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on plaintiff's Motion for Leave to Present Telephonic or Video Testimony of Martin Carbajal at Trial [Docket No. 908].[1] Defendants did not respond to plaintiff's motion.

Trial in this matter is currently set for seven days, starting on July 10, 2017.[2] Docket No. 909. Plaintiff intends to call Martin Carbajal to testify as part of his case. Docket No. 885 at 3. According to the final pretrial order,

---

[1] Because plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] At the time plaintiff's motion was written, trial was set to begin on January 9, 2016. Docket No. 908 at 1; *see also* Docket No. 903. None of plaintiff's arguments relates to the specific timing of the trial in this case. *See generally* Docket No. 908. Accordingly, the Court considers the substance of plaintiff's motion as it relates to the July 10, 2017 trial date.

> Martin Carbajal . . . is the Plaintiff's brother and will testify in person
> concerning his personal recollection of the August 24, 2016 assault and
> battery by Jeff Watts on Mr. Carbajal and incidents related to this attack,
> including the emotional trauma and suffering endured by Mr. Carbajal due
> to the repeated attacks by Watts and the Denver Defendants.

Docket No. 853 at 2; *see also* Docket No. 873 at 4 (incorporating Docket No. 853 into the final pretrial order).

Plaintiff requests that the Court allow Martin Carbajal to testify via telephone or video. Docket No. 908 at 2. In support, plaintiff states that, because of Martin Carbajal's "employment for the [Federal Aviation Administration], he is constantly traveling from various states to meet the demands of his employment." *Id.* at 1. Plaintiff states that Martin Carbajal, who lives in California, is "out of reach of a subpoena" and that it would be an "extreme hardship" for Martin Carbajal to travel to Colorado for trial. *Id.* at 2.

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The Advisory Committee note to Rule 43(a) provides that "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.*

Plaintiff's proffered grounds for the telephonic or video transmission of Martin Carbajal's testimony are not "'unexpected reasons,' as is typically required in a showing

2

of good cause for telephonic testimony." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). Plaintiff does not allege that Martin Carbajal's residence or employment has recently changed or that plaintiff was previously unaware of the hardship described in the motion. *Avalanche Equipment, LLC, v. Williams-Southern Company, LLC*, No. 13-cv-2827-BNB-MJW, 2014 WL 12676225, at *2 (D. Colo. Oct. 28, 2014) (denying a motion to allow remote testimony under similar circumstances). While Martin Carbajal is beyond the reach of a trial subpoena in this case, *see* Fed. R. Civ. P. 45(c), plaintiff cites no authority for allowing video testimony merely because a witness cannot be procured by subpoena. *See* Fed. R. Civ. P. 43(a) advisory committee note to 1996 amendment (stating that other justifications for "remote transmission must be approached cautiously" and that "depositions . . . provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena").

Plaintiff has not shown good cause for allowing Martin Carbajal to testify by telephone or video. Therefore, it is

**ORDERED** that plaintiff's Motion for Leave to Present Telephonic or Video Testimony of Martin Carbajal at Trial [Docket No. 908] is denied.

DATED June 28, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge