IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

GILBERTO LUCIO, in his individual capacity,
JAMES DIXON, in his individual capacity,
MICHAEL O'NEILL, in his individual capacity, and
JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's Notice to Court of Fraud and Motion to Reopen Case Against State Defendants [Docket No. 905].[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

# I. BACKGROUND

On November 23, 2010, plaintiff filed his complaint in this case seeking relief under 42 U.S.C. § 1983. Docket No. 1. On January 6, 2012, plaintiff filed his third amended complaint, Docket No. 254, which alleged claims against defendants Carrol Warner, David Romero, and Joe Quintana (the "State defendants") for malicious prosecution and conspiracy to commit malicious prosecution. *Id.* at 16-17, ¶¶ 78-82.

---

[1]Because plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

During the time period discussed in plaintiff's complaint, defendants Warner, Romero, and Quintana were employees of the probation department for the Seventh Judicial District of Colorado. See Docket No. 694-1 at 1-2, ¶ 1; Docket No. 694-5 at 1-2, ¶ 1; Docket No. 694-8 at 2, ¶ 1. Plaintiff additionally alleged claims against defendant Quintana for unreasonable search and seizure and conspiracy to commit unreasonable search and seizure. Docket No. 254 at 19-20, ¶¶ 91-95.

On July 6, 2015, the State defendants filed a motion for summary judgment. Docket No. 694. On February 17, 2016, the magistrate judge recommended that the Court grant the State defendants' motion for summary judgment. Docket No. 783. On March 29, 2016, the Court accepted the relevant portion of the magistrate judge's recommendation and dismissed the State defendants from this case. Docket No. 804.

On January 6, 2017, plaintiff filed the instant motion seeking to "[r]eopen his claims against the Carol Warner, Joe Quintana, and David Romero" and to add two Colorado Department of Corrections ("CDOC") parole officers to this case. Docket No. 905 at 1. In support of his request, plaintiff states that CDOC responded to a subpoena in an unrelated action and disclosed a "Chronlog," which "revealed the identity of the two unknown parole officers that had illegaly [sic] invaded [plaintiff's] home" and "revealed evidence of a conspiracy between Joe Quintana and his parole officer Gary Fear."[2] Id. In addition, plaintiff attaches two documents to his motion allegedly showing that defendant Warner was involved in his probation supervision in

---

[2]CDOC was originally a defendant in this case. See Docket No. 1. On October 19, 2011, Judge Blackburn dismissed CDOC due to a lack of subject matter jurisdiction. See Docket No. 229 at 8, ¶ 10; see also Docket No. 198 at 15-16. As a result of its dismissal, CDOC does not appear to have participated in discovery in this matter.

2

2004 and 2005. *Id.* at 4. Plaintiff states that all of this information was "fraudulently concealed" and therefore seeks relief under Fed. R. Civ. P. 60(b)(3). *Id.* at 4-5.

## II. STANDARD OF REVIEW

Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). To prevail on a Rule 60(b) motion, a party must show, among other things, that he "discovered [new] evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," there is evidence of "fraud . . . misrepresentation, or misconduct by an opposing party," or he is entitled to relief for "any other reason." Fed. R. Civ. P. 60(b)(2), (3), (6). Plaintiff's arguments fall under Rule 60(b)(3), which allows a court to relieve a party from a final judgment based on "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).[3]

The party relying on Rule 60(b)(3) "must show 'clear and convincing proof' of fraud, misrepresentation, or misconduct." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (citation omitted). "Intent to defraud is an 'absolute prerequisite' to a finding of fraud on the court." *Id.* at 1291 (citing *Robinson v. Audi*

---

[3]Plaintiff states that "[a] party may also obtain relief from a judgment which is void . . . for any other reason justifying relief from the operation of the judgment." Docket No. 905 at 5. Plaintiff is correct that Rule 60(b)(6) provides that a court may relieve a party from final judgment or an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, "[t]he clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses." *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). Because plaintiff's claim falls within Rule 60(b)(3), he cannot proceed under Rule 60(b)(6). Docket No. 905 at 5.

3

*Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995)). In addition, "the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id*. at 1290 (citation omitted; emphasis in original). Rule 60(b)(3) "is aimed at judgments which are unfairly obtained, not at those which are factually incorrect." *Id*.

### III. DISCUSSION

Plaintiff argues that he is entitled to relief pursuant to Rule 60(b)(3) because defendant Jeffrey Watts, Watts' counsel, the State defendants, or the CDOC fraudulently concealed materials pertinent to his claims. Docket No. 905 at 2. According to plaintiff, several defendants, including defendant Watts, subpoenaed plaintiff's CDOC file and produced a bates stamped copy of that file to plaintiff. Docket No. 931 at 1. The file that these defendants produced to plaintiff did not contain a Chronlog. *Id.* In a separate proceeding, CDOC responded to a subpoena issued by plaintiff and "disclosed its Notes and Narratives in its CHRONLOG" and other materials that were not part of the file produced to plaintiff in this case. Docket No. 905 at 1. According to plaintiff, the Chronlog produced in the separate proceeding provides the identities of two parole officers who illegally searched plaintiff's home and contradicts defendant Quintana's affidavit in support of summary judgment. *Id.* at 2-3. In pertinent part, the Chronlog describes the following incident on October 23, 2009:

> In discussing this case at the office, it appears that CPO Burch and Bogner were at this residence searching for ISP escapee []. CPOs were allowed in by 3 females who allowed search. Escapee [] was not located. Residence was chosen due to [], cousin of [] who returned S ISP equipment. She found it and returned as she thought there was a reward for the return. Search of residence was consentual, and parties in residence stated to CPOs that escapee [] stayed at thisresidence [sic] the

4

weekend of October 17th, 2009.

Docket No. 905 at 12 (capitalization modified).  Plaintiff states that, had counsel for defendant Watts or the CDOC produced the Chronlog, plaintiff "would have named Parole Officer[s] Burch and Bogner, and his claims against these parties would never had [sic] been dismissed."  Docket No. 905 at 3.

In addition, the Chronlog states that, on September 23, 2005, "Gary Fear–Received call from Joe Quintanna [] O. is on duel [sic] supervision-asked about how client is doing-will have O. call his PO & send release to Progressive Therapy."  Docket No. 905 at 13.  Plaintiff argues that this Chronlog entry contradicts the declaration submitted by defendant Quintana in support of summary judgment, which stated:

> Probation supervision of Mr. Carbajal was transferred to me on or about July 18, 2006. At that time, Mr. Carbajal was in jail. He was not released from custody until February 2007. I did not play any role in Mr. Carbajal's supervision prior to that time. I did not know Mr. Carbajal before I began supervising his probation.

Docket No. 694-1 at 1-2, ¶ 1.

Last, plaintiff points to "two other documents [] produced in this separate civil proceeding that had also been concealed," which plaintiff claims show that defendant Carrol Warner was involved in the supervision of plaintiff from 2004 to 2005.  Docket No. 905 at 4.  In support of summary judgment, defendant Warner stated that she "never supervised Mr. Carbajal."  Docket No. 694-8 at 2, ¶ 3.

Plaintiff does not allege, let alone show by clear and convincing evidence, that defendant Watts or his counsel had possession of the Chronlog or other documents he claims were fraudulently concealed.  Plaintiff only alleges that the materials were not

5

contained in the copy of the CDOC materials produced to him by defendant Watts' counsel. Docket No. 905 at 7-8 ("no CHRONLOG was ever turned over . . . [t]his is evidenced by the discovery CD's and disclosures provide by the Denver Defendants"). Defendant Watts acknowledges this, stating that his counsel "reviewed the documents obtained during discovery and Plaintiff is correct that no 'Chronlogs' were contained within the information obtained from CDOC." Docket No. 916 at 2, ¶ 3. According to defendant Watts' understanding, "'Chronlogs' are not kept in an inmate's working file, but, rather, 'Chronlogs' are maintained electronically. . . . [A] separate request is necessary for such documents and counsel did not make any such request to CDOC in this action." *Id.* Thus, according to defendant Watts, he was never in possession of the Chronlog. Because plaintiff has not presented any evidence that defendant Watts or his counsel possessed the Chronlog or the materials related to defendant Warner, plaintiff cannot claim that they fraudulently concealed such materials.

Plaintiff similarly claims that the State defendants concealed the Chronlog and other materials. Docket No. 905 at 3-4. Plaintiff, however, has not shown that the State defendants possessed of any of the documents at issue, communicated about the materials with the other parties, or otherwise acted in a manner suggesting fraudulent intent. Accordingly, plaintiff has not provided clear and convincing evidence that the State defendants fraudulently concealed the documents at issue.

Based on the parties' submissions, CDOC was the only entity that possessed the Chronlog and other materials attached to plaintiff's motion. Plaintiff does not provide

6

clear and convincing evidence of either concealment or deceptive intent by CDOC.[4]
Plaintiff never subpoenaed materials from CDOC in this case, Docket No. 931 at 1, and the materials that CDOC produced to defendant Watts apparently complied with Watts' request for plaintiff's file. Docket No. 916 at 2, ¶ 3. Plaintiff has not presented evidence that CDOC was obligated to provide the Chronlog pursuant to any discovery request in this case. *See Zurich*, 426 F.3d at 1292 ("[A] failure to disclose requested information during discovery may constitute misconduct under Rule 60(b)(3). . . . However, this usually requires the violation of a specific discovery request or order."). Moreover, despite its alleged deceptive intent, CDOC produced the Chronlog and other materials to plaintiff in a separate proceeding. Docket No. 905 at 1. While plaintiff states that the "State Defendants concealed these documents with the assistance of Hall & Evans and/or The Colorado Department of Corrections," Docket No. 905 at 3, plaintiff does not explain what supposedly led CDOC to fraudulently conceal these materials in one proceeding and disclose them in another.

In his reply, plaintiff states that CDOC "had a legal duty to disclose these documents; and provide the identity of officers upon request under the Open Records Act." Docket No. 931 at 6. However, Rule 60(b)(3) requires more than just a refusal to produce documents; instead, the rule requires that a plaintiff demonstrate by clear and

---

[4]Plaintiff seeks to add claims against "Parole Officer[s] Burch and Bogner" in connection with an incident "when they illegally invade [sic] [plaintiff's] home in an effort to intimidate and harass hims [sic]." Docket No. 905 at 6-7. Plaintiff states that he "relied to his detriment on the misrepresentations and false information provide [sic] to him by the [CDOC]," Docket No. 905 at 7, but plaintiff does not provide documentation or other materials showing the alleged misrepresentations. Because there is no evidence in the record supporting plaintiff's claims, CDOC's prior representations do not provide grounds for plaintiff's requested relief.

7

convincing evidence that defendant had "an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). CDOC's alleged failure to provide these materials in response to plaintiff's open records request does not demonstrate the requisite intent to deceive.

Plaintiff has not presented clear and convincing evidence that CDOC – or another party to this case in possession of the Chronlog and the other materials – conspired to deceive or defraud the Court by concealing materials pertinent to plaintiff's claims.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Notice to Court of Fraud and Motion to Reopen Case Against State Defendants [Docket No. 905] is denied.

DATED June 28, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge