IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 10-cv-02862-PAB-KLM

DEAN CARBAJAL,

     Plaintiff,

v.

GILBERTO LUCIO,
JAMES DIXON,
MICHAEL O'NEILL, and
JEFFREY WATTS,

     Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion to Revive Motion for Transcripts (Docket No. 995) and Request for Transcripts [Docket No. 1016]. The Court held a seven-day jury trial on plaintiff's claims in July 2017. Docket Nos. 946, 947, 948, 950, 953, 954, 955. At the conclusion of the trial, the jury returned a verdict in favor of defendants. Docket No. 959. Plaintiff filed a notice of appeal to the Tenth Circuit and concurrently moved for a new trial under Fed. R. Civ. 59. *See* Docket Nos. 964, 967. On April 12, 2018, plaintiff filed a motion requesting a free copy of the trial transcripts under 28 U.S.C. § 1915 and Fed. R. App. P. 24. Docket No. 995. The Court denied the motion as premature, noting that the Tenth Circuit had abated plaintiff's appeal pending resolution of the motion for a new trial. *See* Docket No. 998 at 2. On January 9, 2019, the Court denied plaintiff's motion for a new trial. Docket No. 1008. Thereafter, plaintiff filed an amended notice of appeal, Docket No. 1011, and a motion for leave to proceed

*in forma pauperis* under 28 U.S.C. § 1915 and Fed. R. App. P. 24. Docket No. 1014. The Court granted plaintiff's motion on March 6, 2019. Docket No. 1015. On May 31, 2019, plaintiff moved for a copy of the trial transcripts at government expense pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 753(f). Docket No. 1016.

Section 753(f) of Title 28 provides in relevant part that "[f]ees for transcripts furnished in [non-criminal and non-habeas] proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." A substantial question is a significant issue that is unique, unusual, or reasonably debatable. *See Evans v. City of Tulsa*, 951 F.2d 1258, 1992 WL 2882, at *3 (10th Cir. Jan. 7, 1992) (unpublished table decision). Thus, plaintiff is not entitled to free transcripts unless he has been allowed to proceed *in forma pauperis* on appeal and the appeal presents a significant issue that is unique, unusual, or reasonably debatable.

As noted above, plaintiff has been granted leave to proceed *in forma pauperis* on appeal. *See* Docket No. 1015. In addition, plaintiff has demonstrated the existence of a significant issue that is reasonably debatable. *See* Docket No. 967; Docket No. 975; Docket No. 1016; *see also* Docket No. 1008 at 32 (acknowledging "potential error" in admission of evidence regarding plaintiff's prior lawsuits). It is therefore

**ORDERED** that Plaintiff's Motion to Revive Motion for Transcripts (Docket No. 995) and Request for Transcripts [Docket No. 1016] is **GRANTED**. It is further

**ORDERED** that plaintiff shall be provided copies of the trial transcripts at government expense pursuant to 28 U.S.C. § 753(f).

DATED June 6, 2019.

BY THE COURT:

 s/Philip A. Brimmer                       
PHILIP A. BRIMMER
United States District Judge